ERIK K. SWANHOLT, CA Bar No. 198042
 eswanholt@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

Attorney for Defendant Barilla America,
Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 4:22-CV-03460-DMR<br><br>**DEFENDANT BARILLA AMERICA, INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*(Filed concurrently with 1) Request for Judicial Notice; 2) Declaration of Erik K. Swanholt; 3) Proposed Order Granting Motion to Dismiss; 4) Proposed Order Granting Request for Judicial Notice)*<br><br>DATE:  October 13, 2022<br>TIME:   1:00 p.m.<br><br>Complaint Filed: June 11, 2022<br>FAC Filed: July 20, 2022<br><br>Hon. Donna M. Ryu<br>Oakland Courthouse - Courtroom 4<br>3rd Floor |

DEFENDANT BARILLA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 4:22-CV-03460-DMR

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 9

II.   STATEMENT OF THE ISSUES ............................................................................ 10

III.  THE REGISTERED TRADEMARK & PLAINTIFFS' ALLEGATIONS ............................. 10

IV.   LEGAL STANDARD ............................................................................................. 12

      A.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ................................. 12

      B.    MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ...... 12

V.    ARGUMENT ........................................................................................................ 13

      A.    THE FAC FAILS TO STATE A CLAIM PURSUANT TO RULE 12(B)(6) ............. 13

            1.    The Products' Packaging Is Not Materially Deceptive to a
                  Reasonable Consumer ........................................................................ 13

            2.    Plaintiffs' Express Warranty Claims Fail Because the Registered
                  Trademark on the Purchased Products' Does Not Create a
                  Warranty ............................................................................................. 16

      B.    PLAINTIFFS LACK ARTICLE III STANDING ................................................. 17

            1.    Plaintiffs Do Not Allege a Plausible Economic Injury ................................... 17

            2.    Plaintiffs Have Not Sufficiently Pled A Risk of Future Harm ...................... 18

            3.    Plaintiffs Cannot Show Barilla's Conduct *Caused* Any Injury ..................... 19

            4.    Plaintiffs Do Not Have Standing to Allege a Nationwide Class ................... 20

            5.    Plaintiffs Do Not Have Standing as to Products They Did Not
                  Purchase .............................................................................................. 20

      C.    PLAINTIFFS' CONSUMER PROTECTION CLAIMS FAIL UNDER RULE
            9(B) ........................................................................................................... 21

      D.    PLAINTIFFS' CLAIMS ARE EXPRESSLY PREEMPTED BY FEDERAL
            TRADEMARK LAW. .................................................................................... 22

      E.    PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND THEREFORE
            CANNOT RECOVER IN EQUITY ................................................................. 23

VI.   CONCLUSION ...................................................................................................... 24

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................12

5

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
6   No. C-11-2910 EMC, 2012 WL 2990766 (N.D. Cal. July 20, 2012)............................16

7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................12

8

*Bobo v. Optimum Nutrition, Inc.*,
9   No. 14CV2408 BEN (KSC), 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015)..............15

10

*Brazil v. Dole Food Co., Inc.*,
   No. 12-CV-01831-LHK, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013)......................19

11

*Campen v. Frito-Lay N. Am., Inc.*,
12   No. 12-1586 SC, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ...............................16, 17

13

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
   475 F. App'x 113 (9th Cir. 2012) .......................................................................13

14

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
15   598 F.3d 1115 (9th Cir. 2010) .........................................................................12

16

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)........................................................................................12

17

*Culver v. Unilever United States, Inc.*,
18   No. CV 19-9263-GW-RAOX, 2021 WL 2943937 (C.D. Cal. June 14, 2021),
   *appeal dismissed*, No. 21-55732, 2021 WL 6424469 (9th Cir. Dec. 29, 2021) ...........14

19

*Davidson v. Kimberly-Clark Corp.*,
20   889 F.3d 956 (9th Cir. 2018) ...........................................................................18

21

*Dinan v. SanDisk LLC*,
   No. 18-CV-05420-BLF, 2020 WL 364277 (N.D. Cal. Jan. 22, 2020), *aff'd*,
22   844 F. App'x 978 (9th Cir. 2021).......................................................................15

23

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ...........................................................................13

24

*Erickson v. Pardus*,
25   551 U.S. 89 (2007)........................................................................................12

26

*Govea v. Gruma Corp.*,
   No. CV 20-8585-MWF (JCX), 2021 WL 1557748 (C.D. Cal. Mar. 1, 2021) ...............14

27

*Ham v. Hain Celestial Grp., Inc.*,
28   70 F.Supp.3d 1188 (N.D. Cal. 2014) (Orrick, J.) .................................................18

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
  No. 18-CV-06664-BLF, 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ...........................13

*Hodges v. King's Hawaiian Bakery W., Inc.*,
  No. 21-CV-04541-PJH, 2021 WL 5178826 (N.D. Cal. Nov. 8, 2021) ......................14, 15

*IntegrityMessageBoards.com v. Facebook, Inc.*,
  No. 18-CV-05286-PJH, 2020 WL 6544411 (N.D. Cal. Nov. 6, 2020) ............................23

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*,
  903 F.3d 278 (3d Cir. 2018)......................................................................................17, 18

*Kane v. Chobani, Inc.*,
  No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013)........................20

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................................21, 22

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................................12

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale*
  *Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, 2022 WL
  1053459 (9th Cir. Apr. 8, 2022) ...........................................................................11, 20

*McGee v. S-L Snacks Nat'l*,
  982 F.3d 700 (9th Cir. 2020) ...................................................................................17, 18

*Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*,
  404 F.Supp.2d 1214 (E.D. Cal. 2005).........................................................................21

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) ......................................................................................21

*Nacarino v. Chobani, LLC*,
  No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ........................13

*Naimi v. Starbucks Corp.*,
  798 F. App'x 67 (9th Cir. 2019) .................................................................................20

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016).........................................................................................18

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) .....................................................................................12

*Romero v. Tropicale Foods, LLC*,
  No. EDCV211165JGBSHKX, 2021 WL 6751908 (C.D. Cal. Dec. 22, 2021) .......................14, 15

*Salmon Spawning & Recovery All. v. Gutierrez*,
  545 F.3d 1220 (9th Cir. 2008) ....................................................................................19

*Schmier v. U.S. Ct. of Appeals for Ninth Cir.*,
  279 F.3d 817 (9th Cir. 2002) ......................................................................................19

*Shaker v. Nature's Path Foods, Inc.*,
    No. 13-cv-1138-GW(OPx), 2013 WL 6729802 (C.D. Cal. Dec. 16, 2013) ................................... 13

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................................................... 23, 24

*Vess v. Ciba-Geigy Corp*.
    USA, 317 F.3d 1097 (9th Cir. 2003) ............................................................................................. 21

*Warren v. Whole Foods Mkt. Grp., Inc.*,
    No. 19-CV-6448-RPK-LB, 2021 WL 5759702 (E.D.N.Y. Dec. 3, 2021) .................................... 16

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ...................................................................................................................... 13

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F.Supp.2d 1134 (N.D. Cal. 2013) ..................................................................................... 17, 20

**State Cases**

*Dumas v. Diageo PLC*,
    No. 15CV1681 ............................................................................................................................... 15

*Jogan v. Superior Court*,
    165 Cal. App. 4th 901 (2008) ...................................................................................................... 23

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ...................................................................................................... 23

*In re Tobacco II Cases*,
    46 Cal.4th 298 (2009) ................................................................................................................... 21

**Federal Statutes**

21 C.F.R.
    § 101.18(c)(2)(i) .......................................................................................................................... 22

*15 U.S.C.*
    *§ 1065(3)* .................................................................................................................................... 22
    § 1115(b) ...................................................................................................................................... 22

California's Legal Remedies Act ............................................................................................................ 7

California's Legal Remedies Act ................................................................................................... 13, 21

False Advertising Law ........................................................................................................................... 7

False Advertising Law .................................................................................................................. 13, 21, 24

Federal Rule of Civil Procedure 12(b)(1) .................................................................................... 12, 17

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ........................................................................ 7

Federal Trademark Law .................................................................................................................. 7, 22

Registered Trademark. Under the Lanham Act ................................................................................... 22

U.S. Patent & Trademark Office or via a Lanham Act ............................................................ 9

Unfair Competition Law ...................................................................................................... 7

Unfair Competition Law .................................................................................. 13, 21, 24

**State Statutes**

Cal. Com. Code
    § 2313(1)(b) .............................................................................................................. 16

Cal. Health & Safety Code
    § 111185 ..................................................................................................................... 23

Federal Rule of Civil Procedure Rule 9(b) ................................................................... 7, 21

Federal Rule of Civil Procedure Rule 9(b) ....................................................................... 21

Federal Rule of Civil Procedure Rule 12 ......................................................................... 13

Federal Rule of Civil Procedure Rule 12(b)(6) ......................................................... 7, 12, 13

Report on Unfair and Deceptive Act And Practices Statutes, 1-29
    (Nat'l Consumer L. Ctr., ed., 2009) .......................................................................... 14

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 13, 2022, at 1:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 4, of the above-captioned Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Barilla America, Inc. ("Barilla") will, and hereby does, move this Court for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiffs Matthew Sinatro and Jessica Prost (together, "Plaintiffs") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons:

1. Barilla's use of the registered trademark, "Italy's #1 Brand of Pasta", is not deceptive to a reasonable consumer and the FAC is subject to dismissal under Rule 12(b)(6) as a matter of law (Counts I-III);

2. Plaintiffs' express warranty claim fails because Plaintiffs used Barilla's Products as intended, and received the intended result (Count IV);

3. Plaintiffs lack Article III standing because they have not alleged, and cannot allege, that Barilla caused them harm, including a failure to plausibly allege they have suffered a plausible economic injury, they were physically harmed, or there is a risk of future harm (Counts I-V). As such, the Court lacks subject matter jurisdiction over the action;

4. Plaintiffs lack standing to bring claims relating to Barilla Products they did not purchase (Counts I-V);

5. Plaintiffs' claims under state consumer statutes, including Unfair Competition Law ("UCL") (Count I); False Advertising Law ("FAL") (Count II); and California's Legal Remedies Act ("CLRA") (Count III)–all which are grounded in fraud—fail because they do not meet the heightened pleading requirement of Rule 9(b);

6. Plaintiffs' claims are preempted by Federal Trademark Law (Counts I-V); and

7. Plaintiffs' claim for unjust enrichment (Count V), request for an injunction and other equitable relief (Counts I-IV) fails as a matter of law because there are adequate legal remedies and Plaintiffs cannot allege a certainly impending injury, particularly where they should have been and now clearly are on notice regarding the Purchased Products'

manufacture location.

Barilla's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Erik K. Swanholt, the Proposed Order, accompanying materials, the pleadings and records on file in this action and such additional authority and argument as may be presented at the hearing on this Motion.

DATED: August 19, 2022                          **FOLEY & LARDNER LLP**
                                                Erik K. Swanholt



                                                /s/ Erik K. Swanholt
                                                Erik K. Swanholt
                                                Attorney for Defendant Barilla
                                                America, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs assert that Defendant Barilla America, Inc.'s ("Barilla") pasta packaging misled them into believing the products were made in Italy despite the packaging's conspicuous statement that the products were made in the United States, *not Italy*.  Plaintiffs' First Amended Putative Class Action Complaint ("FAC") should be dismissed.

Plaintiffs' FAC challenges Barilla's use of a federally registered and incontestable trademark— "Italy's #1 Brand of Pasta" (referred to herein as the "Registered Trademark")[1]—on pasta boxes claiming that it is deceptive. A trademark is by definition, a "source identifier" that identifies and distinguishes a particular manufacturer (here, Barilla) and its products in the marketplace from those of its competitors. A federally registered trademark creates nationwide rights for an entity to use that trademark on its products. Here, Barilla's registered trademark cannot be misleading as a matter of law, particularly where the U.S. Patent & Trademark Office ("USPTO") considered any merely descriptive or mis-descriptive aspects of the trademark and found that the mark was neither.

In this case, Plaintiff Matthew Sinatro asserts that he bought one box of the Classic Barilla Blue Box Pasta (Angel Hair) with the Registered Trademark for $2.00 at a San Francisco area grocery store in the winter of 2021, and Plaintiff Jessica Prost (collectively, "Plaintiffs") asserts she bought two boxes of the Classic Barilla Blue Box Pasta (Spaghetti) with the Registered Trademark for $2.00 each at a Los Angeles area grocery store in the fall of 2021 (collectively, the "Purchased Products"). They claim that the Registered Trademark misled them into believing that the Purchased Products were made in Italy. Plaintiffs deny reading the side label providing that the Purchased Products are "Made in the U.S.A. with U.S.A. and imported ingredients." Ignoring the legal definition of a registered trademark as well as the statement of manufacture on the side label, Plaintiffs brought suit alleging that the Registered Trademark on 54 pasta products deceives consumers into assuming that Barilla made the Purchased Products, as well

---

[1] The Registered Trademark became incontestable on May 19, 2016. An incontestable trademark cannot be challenged at the U.S. Patent & Trademark Office or via a Lanham Act action as being geographically mis-descriptive given its incontestable nature. *See* Declaration of Erik Swanholt in Support of Request for Judicial Notice and Motion to Dismiss ("Swanholt Decl."), ¶ 5, Ex. F (Notice of Acceptance Acknowledgement dated May 19, 2016 for U.S. Trademark Application No. 77/625331)

as the other 52 products, in Italy. However, as discussed below, a reasonable consumer could not be misled here as a matter of law both because the Registered Trademark cannot be misleading as a matter of law and because the origin statement on the side of the box eliminates any possible confusion.

## II.   STATEMENT OF THE ISSUES

A statement of the key issues to be decided by this Motion include:

      i.   Would Barilla's Registered Trademark be materially deceptive to a reasonable consumer?

      ii.   Have Plaintiffs alleged the requisite elements for establishing that the Registered Trademark is a warranty that could materially deceive a reasonable consumer?

      iii.   Do Plaintiffs have a requisite actual, concrete, or imminent injury fairly traceable to the Registered Trademark?

      iv.   Do Plaintiffs have standing to allege claims relating to *any* Barilla product bearing the Registered Trademark?

      v.   Do Plaintiffs meet the heightened pleading requirements for their consumer statutory claims?

      vi.   Does federal trademark law preempt Plaintiffs' state consumer statutory claims?

      vii.   Are Plaintiffs entitled to equitable relief, including an injunction, when they have legal remedies available and are now aware of Barilla's disclaimers?

## III.   THE REGISTERED TRADEMARK & PLAINTIFFS' ALLEGATIONS

Barilla (through an affiliated company) has enjoyed "exclusive and continuous use since January of 2005" of "ITALY'S #1 BRAND OF PASTA®"—the "Registered Trademark". Declaration of Erik Swanholt in Support of Request for Judicial Notice and Motion to Dismiss ("Swanholt Decl."), ¶ 5, Ex. C (Response to Office Action dated September 1, 2009 for U.S. Trademark Application No. 77/625331). Because trademarks are not allowed to be geographically descriptive (i.e., a company may not obtain a trademark that merely indicates the Country of Manufacture), or mis-descriptive (i.e. falsely suggesting a place or origin), Barilla presented evidence, during the application process, to the USPTO that (1) the Registered Trademark had become "distinctive of the goods and/or services through [Barilla's] substantially exclusive and continuous use in commerce of [the Registered Trademark] and of its

companion mark; and (2) the Registered Trademark's "exclusive and continuous use has been on-going since January 2005." *Id.* Barilla also subsequently provided additional evidence in the form of gross sales and internet searches of the Registered Trademark's distinctiveness. *Id.* ¶ 6, Ex. D (Response to Office Action dated April 6, 2010 for U.S. Trademark Application No. 77/625331). Barilla's evidence demonstrated that the Registered Trademark had been used, as intended, since 2005 as a way to distinguish its products from other pasta brands in the market rather than as an indication of where the pasta was manufactured. The USPTO allowed the mark to proceed to registration on August 31, 2010 resulting in U.S. Reg. No. 3,839,758. *Id.* ¶ 7, Ex. E (Registration Certificate dated August 31, 2010 for U.S. Trademark Application No. 77/625331). Accordingly, Plaintiffs' allegation that the Registered Trademark is misleading as to origin thus conflicts with the USPTO's express finding that the Registered Trademark is a distinctive identifier of Barilla's products. FAC ¶¶ 8, 9.

Nevertheless, the side label of the Purchased Products (as well as the side labels of the other products Plaintiffs never saw) state that the pasta is made in the United States. *See e.g.,* Swanholt Decl., ¶ 3, Ex. A; ¶ 4, Ex. B. Allegedly, neither Plaintiff reviewed these side panels. FAC ¶¶ 8, 9. Plaintiffs instead brought the instant lawsuit alleging they have no way of determining where the Purchased Products were made and this uncertainty prevents them from purchasing these Products again. *Id.*

Relevant to these speculative allegations, Plaintiffs purport to bring claims not just on behalf of those who purchased the Purchased Products in California but also on behalf of a nationwide class. *Id.* ¶ 31. And they purport to bring claims not just for the Purchased Products, but also for 52 other Barilla pasta products (spread across four sub-brands) with the Registered Trademark; none of which were bought by Plaintiffs. *Id.* ¶ 4. For a variety of reasons, Plaintiffs cannot sustain their claims as plead, individually or as a class action, be it nationwide or in California (as explained in greater detail below). *See e.g., Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, 2022 WL 1053459 (9th Cir. Apr. 8, 2022) (where plaintiffs proposed California consumer-protection law should apply to the claims of all putative class members nationwide because the alleged wrongdoing supposedly emanated from that state, Ninth Circuit held this would contravene fundamental principles of federalism by ignoring the materially different consumer protection laws of the other states where the challenged transactions actually

1    occurred).

2    **IV.    LEGAL STANDARD**

3        **A.    Motion to Dismiss for Failure to State A Claim**

4        Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a

5    claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain

6    sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

7    *v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include something more than "an unadorned, the-

8    defendant-unlawfully-harmed-me accusation" or "labels and conclusions" or "a formulaic recitation of

9    the elements of a cause of action." *Id.* at 677. A court is "not bound to accept as true a legal conclusion

10   couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

11       Determining whether a complaint survives a motion to dismiss for failure to state a claim is a

12   "context-specific task that requires the reviewing court to draw on its judicial experience and common

13   sense." *Ashcroft,* 556 U.S. at 679. In making this context-specific evaluation, this Court must construe the

14   complaint in the light most favorable to the plaintiffs and accept as true the well-pleaded factual allegations

15   of the complaint. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007). However, this presumption does not

16   apply to "a legal conclusion couched as a factual allegation." *Bell Atl. Corp.,* 550 U.S. at 555. While the

17   Court is limited to the complaint's factual allegations, it may consider documents attached to or

18   incorporated by the pleading or information judicially noticeable. *See In re NVIDIA Corp. Sec. Litig.,* 768

19   F.3d 1046, 1051 (9th Cir. 2014).

20       **B.    Motion to Dismiss For Lack of Subject Matter Jurisdiction**

21       Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack

22   of subject-matter jurisdiction. "Because standing and ripeness pertain to federal courts' subject matter

23   jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut.*

24   *Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010). "[T]hose who seek to invoke the jurisdiction of the

25   federal courts *must* satisfy the threshold requirement imposed by Article III of the Constitution by alleging

26   an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) (emphasis added).

27   Plaintiffs bear the burden of establishing standing elements. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560

28   (1992). Before the Court can consider the merits of a legal claim, "the person seeking to invoke the

jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990).

## V.   ARGUMENT

### A.   The FAC Fails to State a Claim Pursuant to Rule 12(b)(6)

#### 1.   The Products' Packaging Is Not Materially Deceptive to a Reasonable Consumer

Plaintiffs' state consumer protection claims (Counts I-III) fail because Plaintiffs cannot allege that the Registered Trademark on the Purchased Products would mislead a reasonable consumer. *See, e.g.,* FAC Counts I-III (including California's UCL, FAL, and CLRA). Courts may determine at the Rule 12 stage that a "reasonable consumer theory is not plausible as a matter of law." *See Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2020 WL 5910071, at *5, *7 (N.D. Cal. Oct. 6, 2020) (plaintiffs "failed to plausibly allege that a reasonable consumer would believe that the Products labeled natural are free of any trace pesticides whatsoever").

Under the "reasonable consumer" standard, Plaintiffs must plausibly allege that the label is "materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *4 (N.D. Cal. Aug. 9, 2021); *Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 F. App'x 113, 115 (9th Cir. 2012) (affirming dismissal under "reasonable consumer" standard where information "adjacent to" the challenged language discredited plaintiff's theory of deception). This requires more than "a mere possibility that [the defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508, 129 Cal.Rptr.2d 486 (2003)). Rather, a plaintiff must show a probability that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (quoting *Lavie*, 105 Cal.4th at 508). "The term likely [to deceive] indicates that deception must be probable, not just possible." *Shaker v. Nature's Path Foods, Inc.*, No. 13-cv-1138-GW(OPx), 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013)(internal quotations and citations omitted). Further, "there has been an ever-increasing number of cases (even within the Ninth Circuit) in which a motion to dismiss was found to be appropriately granted

where the issue was whether a product label is (or could be) deceptive or misleading to a reasonable consumer." *Culver v. Unilever United States, Inc.*, No. CV 19-9263-GW-RAOX, 2021 WL 2943937, at *4 (C.D. Cal. June 14, 2021), *appeal dismissed,* No. 21-55732, 2021 WL 6424469 (9th Cir. Dec. 29, 2021).

Plaintiffs take issue with the Registered Trademark on 54 pasta products including the Purchased Products. However, the Registered Trademark is just that–a registered trademark–its utility is to exclusively identify Barilla (not Italy) as the source of the product. Plaintiffs' allegations fall short of demonstrating that "a significant portion" of consumers would believe that the Registered Trademark means the pasta was manufactured in Italy. These allegations are implausible.

"The mere use of a geographic reference, including a reference to the company's historical origin, does not convey a representation about a product's current origin." *Hodges v. King's Hawaiian Bakery W., Inc.*, No. 21-CV-04541-PJH, 2021 WL 5178826, at *6 (N.D. Cal. Nov. 8, 2021). In *Hodges,* the Court dismissed a claim at the pleading stage against King's Hawaiian rolls in part because a label that plainly states "Est. 1950" and "Hilo, Hawaii," providing a reference to a bread company's historical origin was "insufficient to establish that the sweet rolls are still produced in Hawaii." *Id.* Similarly, the Registered Trademark evokes general sentiments about Barilla's brand, rather than the specific pasta products at issue, and pays homage to the brand's Italian history and traditions. *See Govea v. Gruma Corp.,* No. CV 20-8585-MWF (JCX), 2021 WL 1557748, at *11 (C.D. Cal. Mar. 1, 2021) (holding on a motion to dismiss that "[i]f the packaging merely evokes the spirit of a generalized location or culture in a vague and non-specific manner, such claims are properly dismissed at the 12(b)(6) stage"); *see also Romero v. Tropicale Foods, LLC*, No. EDCV211165JGBSHKX, 2021 WL 6751908, at *6 (C.D. Cal. Dec. 22, 2021) (granting a motion to dismiss where label with a woman and a cartoon cart did not include colors of the Mexican flag that would hint at an association with Mexico but the Court found that "even if they did, they would remain simple embellishments that do not communicate to any reasonable consumer that the product is, in fact, made in Mexico"). Barilla's brand was founded in Italy and the original company is still headquartered in Italy today. It is therefore not misleading to invoke those Italian roots through generalized representations of the brand as a whole, especially when the representations are truthful, trademarked, statements about Barilla's founding and reputation. *See e.g., Culver*, 2021 WL 2943937, at *8 (where the

court on a motion to dismiss found that the "defendant cannot be held to be misleading the consuming public when it utilized either its trademarks (i.e. "Maille" or "Que Maille") or other words or phrases which are associated with its merchandising history").

Further, the "Ninth Circuit and district courts therein have held that allegations do not satisfy the reasonable consumer test where the packaging containing the alleged misrepresentation includes disclosures that make the meaning of the representation clear." *Dinan v. SanDisk LLC*, No. 18-CV-05420-BLF, 2020 WL 364277, at *7 (N.D. Cal. Jan. 22, 2020), *aff'd,* 844 F. App'x 978 (9th Cir. 2021). "A reasonable consumer… cannot look at only one statement to the exclusion of everything else and claim he has been misled." *Bobo v. Optimum Nutrition, Inc.*, No. 14CV2408 BEN (KSC), 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) (dismissing a first amended complaint). Thus, no reasonable consumer could be deceived by these general representations as all 54 products at issue, including the Purchased Products, are conspicuously marked "Made in the USA" with the location of Barilla's headquarters in Illinois. *See, e.g. id.* at 9 (where the Court found that two French words and two proper names on the front labels of a product were "not enough to make the labels so misleading that a reasonable consumer - who had a question as to the country of origin of the products - would not be expected to look at the full packaging for the answer, which was clearly and correctly provided on the rear label"); *see also Hodges*, 2021 WL 5178826, at *6 (granting a motion to dismiss in part because statement on a back label stating "Manufactured by: King's Hawaiian Bakery West, Inc., 19161 Harborgate Way, Torrance, CA 90501," was held be plainly sufficient to tell consumers where the product is produced); *Dumas v. Diageo PLC*, No. 15CV1681 BTM(BLM), 2016 WL 1367511, *5 (S.D. Cal. Apr. 6, 2016) (granting a motion to dismiss discussing that Red Stripe Lager's "Jamaican Style Lager" label was not deceiving in part because "it is likely that anyone examining the label carefully enough to read the language on the back of the label would see that the beer is brewed and bottled in Pennsylvania").

Plaintiffs' refusal to read the Purchased Products' side label, and to instead infer the country of manufacture from a truthful Registered Trademark about Barilla's dominance as the top-selling brand does not equate to a reasonable consumer's interaction with the challenged products. Here, not only is the alleged misrepresentation by definition, not misleading, but the packaging also clearly states where the Purchased Products are manufactured. Plaintiff's claims are implausible because their reliance on the

Registered Trademark alone is insufficient to establish that Plaintiff has been misled. Accordingly, these claims must be dismissed.

>   **2.**   **Plaintiffs' Express Warranty Claims Fail Because the Registered Trademark on the Purchased Products' Does Not Create a Warranty**

Plaintiffs' Fourth Cause of Action is purportedly for "breach of warranty" though it does not identify any basis for such a claim (such as Magnusson-Moss or Song-Beverly). Still, the claim fails because Ninth Circuit jurisprudence consistently finds that product labels "do not constitute warranties against a product defect." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *9 (N.D. Cal. July 20, 2012) (collecting cases). A claim for breach of express warranty under California law requires a plaintiff to prove that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *See* Cal. Com. Code § 2313(1)(b). The express warranty's scope "necessarily depends on what a reasonable consumer would believe." *Warren v. Whole Foods Mkt. Grp., Inc.,* No. 19-CV-6448-RPK-LB, 2021 WL 5759702, at *7 (E.D.N.Y. Dec. 3, 2021) (citations omitted).

Plaintiffs allege that the Registered Trademark on the Purchased Products creates an express warranty and an implied warranty of merchantability. FAC ¶ 107-08. Courts have consistently found however that product labels that were, at most, product descriptions were not actionable warranties. For example, in *Campen,* Plaintiffs alleged breach of warranty for "All Natural" and "No MSG" and other claims. *Campen v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 1320468, 29, 40-41 (N.D. Cal. Apr. 1, 2013). The court, in dismissing Plaintiffs' warranty claims held that food labels are not warranties:

> The Court finds that Plaintiffs' claim fails as a matter of law. Plaintiffs allege that Defendants' package labels are warranties that Defendants breached by selling, at premium prices, food products whose labels do not comply with federal or California labeling requirements. FAC ¶¶ 247-49. This Court has held repeatedly that such arguments are meritless, since product descriptions like "All Natural" labels "do not constitute warranties against a product defect."... Further, none of the labels promise that the product "will meet a specified level of performance over a specified period of time." The labels were, at most, product descriptions. Plaintiffs' MMWA claims are DISMISSED WITH PREJUDICE. Amendment could not save these claims and would be prejudicial to Defendants. Plaintiffs' Song-Beverly claims also fail.

*Id* at *29.

Moreover, this cause of action should be additionally dismissed because the labels are accurate such that even if a warranty were created, it was not breached. Accordingly, Plaintiffs' Fourth Cause of Action should be dismissed with prejudice.

### B. Plaintiffs Lack Article III Standing

The Court should dismiss the FAC for lack of subject matter jurisdiction because Plaintiffs plead no facts to establish constitutional standing for their alleged claims against Barilla. Looking beyond the FAC, as is proper on a motion under Rule 12(b)(1), Plaintiffs cannot plead facts to establish constitutional standing.

### 1. <u>Plaintiffs Do Not Allege a Plausible Economic Injury</u>

Plaintiffs plead no facts establishing an economic injury that confers Article III standing. *See, e.g., McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 n.3 (9th Cir. 2020) ("Private-plaintiff actions specifically require economic injury"). Consumer protection claims require allegations of concrete injury to establish standing, and "[i]gnoring these basic legal rules would invite lawsuits by all manner of plaintiffs who could simply troll grocery stores and the Internet looking for any food product that might form the basis of a class-action lawsuit." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1143-44 (N.D. Cal. 2013) (holding that consumers lacked standing to bring a lawsuit concerning products they did not purchse). "Surely that is not the point of these consumer protection laws." *Id.*

"[P]laintiff must do more than offer conclusory assertions of economic injury in order to establish standing" and "must allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture." *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 285 (3d Cir. 2018). The holding in *McGee* is instructive. 982 F.3d at 706. In that case, plaintiff brought a putative class action alleging violations of state consumer protection laws and breach of implied warranties of merchantability against Pop Secret brand popcorn. *Id.* at 703. Plaintiff alleged that the presence of partially hydrogenated oils as an ingredient in Pop Secret was an unsafe food additive that causes heart disease, diabetes, cancer, and other ailments. *Id.* The Ninth Circuit affirmed dismissal of all claims based on a lack of constitutional Article III standing. *Id.* The *McGee* plaintiff failed to allege an economic injury. *Id.* at 706. "Although [plaintiff] may have

assumed that Pop Secret contained only safe and healthy ingredients, her assumptions were not included in the bargain, particularly given the labeling disclosure that the product contained artificial trans fat." *Id.* A plaintiff must do more than allege that she "did not receive the benefit she *thought* she was obtaining." *Id.* (emphasis in original). "The plaintiff must show that she did not receive a benefit for which she actually *bargained*." *Id.* (emphasis in original).

Plaintiffs allege they would not have purchased the product at the high price of $2.00 a box had they known that the Purchased Products were not made in Italy, yet they fail to identify any pasta products on the market that charge different prices. FAC ¶¶ 8, 9, 28-29. Plaintiffs do not plead any viable theory of overpayment or price premium, because they do not plausibly allege they would have purchased a cheaper alternative, or that the Purchased Products' market value would have been less had the Registered Trademark been altered or omitted. The FAC does not identify any cheaper surrogate products on the market. Nor do Plaintiffs plausibly plead benefit-of-the-bargain damages, because, indeed, the Purchased Products accurately disclose the product manufacture location in the U.S.A. As a result, the Plaintiffs received the benefit of the bargain they made and did not suffer any economic injury. Their claims must be dismissed.

### 2. <u>Plaintiffs Have Not Sufficiently Pled A Risk of Future Harm</u>

Plaintiffs cannot plausibly allege they will be misled by the Products in the future and have not plead facts establishing any entitlement to injunctive relief. "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). For injunctive relief, a prospective remedy, "the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Plaintiffs must demonstrate that they are likely to suffer future injury from the product. *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d at 292 (finding plaintiff lacked standing to pursue injunctive relief). "Consumers who were misled by deceptive . . . labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Ham v. Hain Celestial Grp., Inc.*, 70 F.Supp.3d 1188, 1196 (N.D. Cal. 2014) (Orrick, J.).  Plaintiffs are not threatened with any future injury sufficient for Article III standing. *See also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

Plaintiffs make a boilerplate claim that they will not be able to continue purchasing Barilla products until they know where the product was manufactured (even though that fact is clear from the side label). FAC ¶¶ 8, 9. But, this defies credulity. Courts regularly dismiss deceptive marketing claims seeking injunctive relief in such circumstances. In *Fernandez v. Atkins Nutritionals, Inc.*, plaintiff claimed Atkins's products had misleading labels regarding carbohydrate content. No. 317CV01628GPCWVG, 2018 WL 280028, \*15 (S.D. Cal. Jan. 3, 2018). Yet based on the allegations in "the complaint, Fernandez now kn[ew] how Atkins goes about calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or Target and looks at Atkins's labels." *Id.*

Plaintiffs do not plead any threat of future economic injury because Plaintiffs cannot be deceived by the allegedly misleading labeling after the first encounter with the Purchased Products (as they *allegedly* were). FAC ¶¶ 8, 9. The side label accurately represents the Purchased Products' place of manufacture and Plaintiffs cannot again claim future deception by the Registered Trademark. Plaintiffs should have been, but now are clearly on notice that the Purchased Products are made in the U.S.A. Plaintiffs' claim for injunctive relief must be dismissed.

### 3.    Plaintiffs Cannot Show Barilla's Conduct *Caused* Any Injury

A plaintiff bringing consumer protection claims must "establish causation for purposes of Article III standing." *Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at \*8 (N.D. Cal. Sept. 23, 2013). To establish Article III standing, a plaintiff must show: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery All. v. Gutierrez,* 545 F.3d 1220, 1225 (9th Cir. 2008). The caused injury must be "distinct and palpable ... as opposed to merely abstract." *Schmier v. U.S. Ct. of Appeals for Ninth Cir.,* 279 F.3d 817, 821 (9th Cir. 2002).

Plaintiffs cannot allege that Barilla's use of the Registered Trademark on the Purchased Products harmed them as a matter of law.

Plaintiffs further allege they would not have purchased the products at an alleged premium price of \$2.00 if they had known it was made in the U.S.A. rather than Italy. FAC ¶¶ 8-9. But Plaintiffs' cursory pleading is not a plausible allegation that Barilla caused them to pay price premiums. While the FAC

alleges that they and other consumers paid a premium for the Purchased Products with the Registered Trademark, the FAC does not identify any basis for this allegation, or any cheaper surrogate products on the market, *Id.* ¶ 8-9, 28. Plaintiffs' bare allegations cannot credibly establish that Barilla caused the "concrete," "actual," or "imminent" injury required to confer Article III standing. *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019) ("The bare recitation of the word 'premium' does not adequately allege a cognizable injury.").

### 4.   Plaintiffs Do Not Have Standing to Allege a Nationwide Class

Plaintiffs cannot sustain their claims as plead individually or as a class action, be it nationwide or in California. Plaintiffs here seek to represent a nationwide class of individuals who purchased any of the 54 Barilla products. However, under black letter 9th Circuit law, these Plaintiffs lack standing to do so and any claims relating to putative class members outside of California must be dismissed. *See e.g., Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (where plaintiffs proposed California consumer-protection law should apply to the claims of all putative class members nationwide because the alleged wrongdoing supposedly emanated from that state, Ninth Circuit held this would contravene fundamental principles of federalism by ignoring the materially different consumer protection laws of the other states where the challenged transactions actually occurred).

### 5.   Plaintiffs Do Not Have Standing as to Products They Did Not Purchase

Plaintiffs purport to assert claims relating to 52 Barilla pasta products with the Registered Trademark that they did <u>not</u> purchase.  Plaintiffs <u>thus</u> lack standing to make claims based on any product labels upon which they did not rely, including any Barilla pasta products not specifically purchased by Plaintiffs. "Plaintiffs' allegations regarding reliance for products they did not purchase fail." *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *37-38 (N.D. Cal. Sept. 19, 2013).  A "[c]ourt will not assume that each of these subtly different Products is like all the others." *Wilson*, 961 F. Supp. 2d at 1142. Plaintiffs bear the burden of establishing that Products are "substantially similar." *Kane*, 2013 WL 5289253, at *37. "To meet the plausibility standard [], Plaintiffs have to say more, especially when they are asserting standing as to Products they did not purchase—otherwise their pleadings amount to unacceptably bare legal conclusions." *Id.*

Plaintiff Sinatro allegedly bought one box of Classic Barilla Blue Box Pasta (Angel Hair). FAC ¶

8. Plaintiff Prost allegedly bought two boxes of Classic Barilla Blue Box Pasta (Spaghetti). *Id.* ¶ 9. Yet Plaintiffs' claims seek to encompass an additional 52 pasta products with the Registered Trademark. *Id.* ¶ 4. Because Plaintiffs did not purchase any of the other 52 pasta products identified in the FAC (let alone rely on any representation in their labels), Plaintiffs lack standing to pursue claims against these other products and any such claims under Counts I-V should be dismissed or stricken for lack of standing.

### C.    Plaintiffs' Consumer Protection Claims Fail Under Rule 9(b)

Plaintiffs' California state consumer protection claims fail to adequately allege that Barilla made an actionable "deceptive," "misleading," or "fraudulent" representation and thus fail to state claims for fraud under California consumer protection statutes. *See, e.g.,* Counts I-III. Rule 9(b)'s heightened pleading requirements apply to state consumer protection claims, including California's, when those claims are grounded in fraud. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (rejecting plaintiff's argument that Rule 9(b) does not apply to claims under California's consumer protection statutes grounded in fraud); *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (rejecting California state law plaintiff's argument that he was not required to state his claim with particularity under Federal Rule 9(b) where UCL claim was "grounded in fraud").[2]

To satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must describe the "who, what, where, when and how" of the defendant's alleged misrepresentations. *Meridian Project Sys., Inc. v. Hardin Const. Co., LLC,* 404 F.Supp.2d 1214, 1221 (E.D. Cal. 2005) (dismissing plaintiff's UCL claim where plaintiff failed to plead the claim with requisite particularity because plaintiff did not "describe the who, what, where, when and how" of the alleged misrepresentations). "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). Moreover, for UCL, FAL, and CLRA claims subject to the 9(b) heightened pleading standards, a plaintiff must actually be exposed to the alleged misleading statements, must have relied on the alleged misleading statements, and must have suffered injury as a result. *See In re Tobacco II Cases,* 46 Cal.4th 298, 303 (2009) (holding that named plaintiff must plead actual reliance to have standing under UCL). Where the complaint "alleges a unified fraudulent course of conduct, [all] claims against [the defendant] are

---

[2] The FAC's allegations establish that Plaintiffs' purported claims sound in fraud. *See, e.g.*, ¶¶ 25-27 ("Defendant knew, or should have known, that the [Registered Trademark] was false, misleading, deceptive, and unlawful…"); Prayer for Relief (seeking punitive damages).

grounded in fraud [and the] entire complaint must therefore be pleaded with particularity." *Kearns*, 567 F.3d at 1127 (affirming dismissal of complaint and "no error was committed by not separately analyzing his claims").

Plaintiffs' claims fail to satisfy these requirements. Plaintiffs only offer cursory allegations that "Defendant knew, or should have known, that the [Registered Trademark] was false, misleading, deceptive, and unlawful…," but offers no specific allegations supporting those legal conclusions -- they cannot. *See id.* ¶¶ 25-27, Prayer for Relief (seeking punitive damages). The Registered Trademark is a lawful trademark registered with the USPTO.  Its purpose is to exclusively identify Barilla to consumers as the entity that made the products.

Moreover, neither Plaintiffs can possibly plead that they were defrauded by the labels on products they never saw or bought. FAC ¶ 4. Plaintiffs' allegations fail to satisfy the 9(b) requirement that fraud allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns,* 567 F.3d at 1125 (citing *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) and *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993)). Because Plaintiffs' claims include unpurchased products, Plaintiffs fail to plead their claims plausibly and with requisite particularity and their consumer statutory fraud claims must be dismissed.

### D.    Plaintiffs' Claims Are Expressly Preempted by Federal Trademark Law.

Plaintiffs' claims ultimately attack Barilla's lawful use of the Registered Trademark. Under the Lanham Act, a mark becomes incontestable if it is not challenged within five years of its registration. *See 15 U.S.C. § 1065(3)*. The registration of an incontestable mark is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). It follows that the FDA provides that food is not misbranded if a label representation "expresses or implies a geographical origin of the food," as long as the label representation is a "trademark or trade name" that has been "so long and exclusively used by a manufacturer" that a reasonable consumer would not understand it to "suggest geographic origin." 21 C.F.R. § 101.18(c)(2)(i). Similarly, California labeling statutes for water distributors allow the use trademarks that imply a source or origin such as use of the

phrases "spring" or "springs" even when the source of the water is not from a spring. California simply requires the label to also include the true source of the water on the label as well. *See* Cal. Health & Safety Code § 111185. Accordingly, Barilla's use of the Registered Trademark along with the disclosure that the Purchased Products are made in the U.S.A. complies with comparable federal and state laws.

Barilla has an incontestable, valid, and legally protected trademark registered with the Federal government. Swanholt Decl., ¶¶ 7, 8, Exs. E, F. Barilla obtained the Registered Trademark in 2010 (after consistent use of the mark since at least 2005) and has used it continuously on products ever since. *Id.* Indeed, the Registered Trademark has been used in the U.S. for over 20 years without challenge. Consumers understand that "Italy's #1 Brand of Pasta" is synonymous with Barilla, rather than being an indication of where the products are made. Entertaining any of Plaintiffs' allegations places restrictions on the use of the Registered Trademark in violation of federal trademark law. Plaintiffs' FAC is therefore an end-run to attempt to cancel the Registered Trademark and must be dismissed under the doctrine of federal preemption.

### E.    Plaintiffs Have an Adequate Remedy at Law and Therefore Cannot Recover in Equity

Because Plaintiffs affirmatively make damages claims, there is an adequate legal remedy and the federal common law bars any claim for equitable relief. *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020). A party seeking equitable remedies in a diversity action in federal court—including disgorgement, restitution, and injunctive relief—must first show that legal remedies are unavailable or inadequate. *See IntegrityMessageBoards.com v. Facebook, Inc.,* No. 18-CV-05286-PJH, 2020 WL 6544411, at *5 (N.D. Cal. Nov. 6, 2020) (dismissing plaintiffs' claims for injunctive relief where plaintiffs had not plead that there was no adequate legal remedy).

Plaintiffs affirmatively make damages claims in the FAC, including Counts I-IV for state consumer protection claims and breach of express warranties and they request actual damages (*e.g.*, monetary damages, including but not limited to any compensatory, incidental, consequential, statutory, and/or punitive damages).[3] FAC at "Prayer for Relief." Plaintiffs also make claims for equitable relief

---

[3] Plaintiffs also request damages for their unjust enrichment claims as well but unjust enrichment is not a cause of action. *See Jogan v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008). It underlies various legal doctrines and remedies rather than being a remedy itself. *See Melchior v. New Line Prods., Inc.,*

1    under Counts I-V and in their "Prayer for Relief." Thus, based on the allegations and requested remedies

2    in the FAC, Plaintiffs cannot show a lack of an adequate remedy at law so their claims for relief under the

3    UCL, FAL, and for equitable remedies, including restitution and disgorgement, must be dismissed. *See*

4    *Sonner,* 971 F.3d at 844 (citing *O'Shea v. Littleton,* 414 U.S. 488, 502 (1974) (holding that a complaint

5    seeking equitable relief failed because it did not plead "the basic requisites of the issuance of equitable

6    relief" including "the inadequacy of remedies at law").)

## VI.    <u>CONCLUSION</u>

     For the foregoing reasons, Barilla respectfully requests that the Court dismiss all counts in Plaintiffs' First Amended Complaint with prejudice.

DATED: August 19, 2022          **FOLEY & LARDNER LLP**
                                      Erik K. Swanholt


                                /s/ Erik K. Swanholt
                                Erik K. Swanholt
                                Attorney for Defendant Barilla,
                                Inc.

---

106 Cal. App. 4th 779, 793 (2003).