ERIK K. SWANHOLT, CA Bar No. 198042
  eswanholt@foley.com
LAURA MOEDANO, CA Bar No. 334156
  lmoedano@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

JASMINE REED, CA BAR NO. 310730
  jreed@foley.com
**FOLEY & LARDNER LLP**
321 NORTH CLARK STREET, SUITE 3000
CHICAGO, IL 60654-4762
TELEPHONE: 312.832.4500
FACSIMILE: 312.832.4700

Attorneys for Defendant BARILLA AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND COURTHOUSE

| | |
|---|---|
| MATTHEW SINATRO, and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 4:22-cv-03460-DMR<br><br>**DEFENDANT BARILLA AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 11, 2022<br>FAC Filed: July 20, 2022<br><br>Hon. Donna M. Ryu<br>Courtroom 4, 3rd Floor |

Defendant Barilla America, Inc. ("Barilla") hereby answers the First Amended Complaint (the "FAC") of Plaintiffs Matthew Sinatro and Jessica Prost ("Plaintiffs") as follows:

1. Barilla admits that Plaintiffs purport to bring this action on behalf of a putative class. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Barilla denies any remaining allegations in this paragraph.

# I. INTRODUCTION

2. Barilla admits that the packaging for certain Barilla products has included the trademark "ITALY'S #1 BRAND OF PASTA®", referred to herein as the "Registered Trademark." Barilla denies that the images included in Paragraph 2 fully and accurately depict the packaging of the identified products. Barilla has attached, as Exhibit A, true and correct copies of the packaging for the following Barilla® pasta brand labels (referenced in Paragraph 2) as of the date of the filing of the original complaint: Classic Blue Box Pasta (Angel Hair), Collezione Artisanal Pasta (Bucatini), Gluten Free Pasta (Elbows), Veggie Pasta (Rotini), Whole Grain Pasta (Elbows). Barilla denies the remaining allegations in this paragraph.

3. Barilla admits that certain products labeled with the Registered Trademark are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. Barilla denies the remaining allegations in this paragraph.

4. Barilla admits that certain products labeled with the Registered Trademark are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. Barilla denies the remaining allegations in this paragraph.

5. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Barilla denies any remaining allegations in this paragraph.

# II. JURISDICTION

6. Incorporating by reference the arguments made in Barilla's Motion to Dismiss briefing

1  (dkt. nos. 15 and 26), Barilla contests that this action is appropriate for class adjudication and reserves the right to file a motion to strike the class allegations. Nevertheless, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

### III. VENUE

7. Barilla lacks sufficient knowledge to form a belief as to the truth of the allegations concerning Plaintiffs' purchase of Barilla pasta in this District and therefore denies them. Barilla does not contest that Plaintiffs selected one of the available venues under 28 U.S.C. § 1391 based on their alleged purchases but denies that this venue is the most convenient or appropriate venue for this action. Barilla denies the remaining allegations in this paragraph.

### IV. PARTIES

#### A. Plaintiffs

8. Barilla denies that the packaging of the Classic Blue Box Pasta (Angel Hair) misrepresented its place of manufacture. Barilla labels certain products with the Registered Trademark that are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. The Registered Trademark is not misleading as to the place of manufacture as a matter of law. Barilla lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

9. Barilla denies that the packaging of the Classic Blue Box Pasta (Spaghetti) misrepresented its place of manufacture. Barilla labels certain products with the Registered Trademark that are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. The Registered Trademark is not misleading as to the place of manufacture as a matter of law. Barilla lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

10. Barilla denies that Plaintiffs suffered any harm or will suffer any future harm. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Barilla lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

**B.     Defendant**

11.     Barilla admits it is an Illinois corporation that is headquartered in Illinois, that it manufactures, markets and distributes pasta labeled with the Registered Trademark, and that these products are sold in the United States, including in the State of California. Barilla denies the remaining allegations in this paragraph.

## V.     FACTUAL ALLEGATIONS

### A.     Consumer Demand for Authentic Italian-Made Pasta

12.     Barilla denies the relevance of the allegations of this paragraph to Barilla's use of the Registered Trademark on products. Nevertheless, the allegations of this paragraph call for an expert opinion and no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

13.     To the extent that this paragraph purports to allege conduct by Barilla, Barilla denies those allegations. Further, the remaining allegations in this paragraph call for an expert opinion rather than stating a fact; thus, no response is required. To the extent a response is required, Barilla denies the remaining allegations.

14.     Barilla admits that certain products labeled with the Registered Trademark are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. Further, Barilla admits that the Barilla brand originated in Parma, Italy in 1877, with the first United States plant opening in 1998 and the second opening in 2007. Barilla denies the remaining allegations in this paragraph.

15.     Incorporating by reference the arguments made in Barilla's Motion to Dismiss briefing (dkt. nos. 15 and 26), Barilla denies the allegations in this paragraph. Specifically, Barilla denies the applicability of the referenced FTC Guidelines to this action and/or any disregard for such guidelines, where applicable.

### B.     Defendant's Brand Strategy and Long-Standing Marketing Campaign

16.     Barilla denies the allegations in this paragraph.

17.     Barilla admits that certain products labeled with the Registered Trademark are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side

label. Barilla denies that the images referenced in this paragraph fully and accurately depict the packaging of the identified products. Barilla denies the remaining allegations in this paragraph.

18. Barilla admits that certain products labeled with the Registered Trademark are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. *See* Response to ¶ 2. Barilla denies the remaining allegations in this paragraph especially to the extent inconsistent with the actual language on the websites.

19. Barilla denies the allegations in this paragraph to the extent inconsistent with the actual language on the websites.

20. Barilla denies the allegations in this paragraph to the extent inconsistent with the actual language on the websites.

### C. **Plaintiffs and Reasonable Consumers Were Misled by the Challenged Representation into Buying the Products, to Their Detriment, Consistent with Defendant's Deliberate Marketing Scheme to Exact a Premium for the Falsely Advertised Products**

21. Barilla denies the allegations in this paragraph.

22. Barilla denies the allegations in this paragraph.

23. Barilla denies the allegations in this paragraph.

24. Barilla denies the allegations in this paragraph.

25. Barilla admits that certain products labeled with the Registered Trademark are made in the U.S.A. with U.S.A. and imported ingredients—a fact prominently displayed on the Nutrition Facts side label. Barilla denies the remaining allegations in this paragraph.

26. Barilla denies the allegations in this paragraph.

27. Barilla denies the allegations in this paragraph.

28. Barilla denies the allegations in this paragraph.

### D. **The Products are Substantially Similar**

29. Barilla lacks sufficient knowledge to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' purchases and therefore denies them. Further, Barilla denies that the Unpurchased Products are substantially similar to the Purchased Products.

**E.      No Adequate Remedy at Law**

30.     Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, no response to the allegations in this paragraph is required because (a) the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30), and (b) the allegations in this paragraph call for a legal conclusion. To the extent a response is required, Barilla denies the allegations in this paragraph.

## VI.     CLASS ACTION ALLEGATIONS

31.     Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

32.     Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

33.     Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

34.     Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

35. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further answering, with respect to subparagraph n of this paragraph, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Lastly, the remaining allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the remaining allegations in this paragraph.

36. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

37. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

38. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

39. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

40. The Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30) and thus, no response to the allegations in this paragraph is required. To the extent a response is required, Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Moreover, the remaining allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the remaining allegations in this paragraph.

41. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations contained in this paragraph, and generally denies the allegations set forth in this FAC which Plaintiffs claim support relief on a class-wide basis. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

## VII. CAUSES OF ACTION

### COUNT ONE

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

(*On Behalf of the California Subclass*)

42. Barilla incorporates by reference its responses to all the allegations as though fully set forth herein.

43. Barilla admits that Plaintiffs purport to assert a claim on behalf of themselves and a putative California Subclass pursuant to Business and Professions Code Section 17200, *et seq.* Barilla denies that Plaintiffs are entitled to any relief under the Business and Professions Code, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, the allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

44. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies that the allegations in this paragraph fully or

accurately describe the provisions of the Business and Professions Code Section 17200, *et. seq.* and denies that Plaintiffs are entitled to any relief under that law or any other.

45. Barilla denies the allegations in this paragraph.

46. Barilla denies the allegations in this paragraph.

47. Barilla denies the allegations in this paragraph.

48. Barilla denies the allegations in this paragraph.

49. Barilla denies the allegations in this paragraph.

50. Barilla denies the allegations in this paragraph.

51. Barilla denies the allegations in this paragraph.

52. The Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30) and thus, no response to the allegations in this paragraph is required. To the extent a response is required, Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the remaining allegations in this paragraph, and generally denies the allegations set forth in this FAC.

53. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30).

54. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Barilla denies the remaining allegations in this paragraph**.**

### **"Unfair" Prong**

55. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

56. Barilla denies the allegations in this paragraph.

57. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

58. Barilla denies the allegations in this paragraph.

DEFENDANT BARILLA AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT
-8-                             Case No. 4:22-cv-03460-DMR

4856-3964-1919.6

59. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

60. Barilla denies the allegations in this paragraph.

61. Barilla denies the allegations in this paragraph.

62. Barilla denies the allegations in this paragraph.

63. The Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30) and thus, no response to the allegations in this paragraph is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

64. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

### **"Fraudulent" Prong**

65. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

66. Barilla denies the allegations in this paragraph.

67. Barilla denies the allegations in this paragraph.

68. Barilla denies the allegations in this paragraph.

69. Barilla denies the allegations in this paragraph.

70. Barilla denies the allegations in this paragraph.

71. The Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30) and thus, no response to the allegations in this paragraph is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

72. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, denies the allegations in this paragraph, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

### "Unlawful" Prong

73. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

74. Barilla denies the allegations in this paragraph.

75. Barilla denies the allegations in this paragraph.

76. Barilla denies the allegations in this paragraph.

77. Barilla denies the allegations in this paragraph.

78. Barilla denies the allegations in this paragraph.

79. The Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30) and thus, no response to the allegations in this paragraph is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

80. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

### COUNT TWO

### Violation of California False Advertising Law

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

### (*On Behalf of the California Subclass*)

81. Barilla incorporates by reference its responses to all the allegations as though fully set forth herein.

82. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

83. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

84. Barilla denies the allegations in this paragraph.

85. Barilla denies the allegations in this paragraph.

DEFENDANT BARILLA AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT
-10-                     Case No. 4:22-cv-03460-DMR
4856-3964-1919.6

86. Barilla denies the allegations in this paragraph.

87. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Accordingly, Barilla denies the remaining allegations in this paragraph.

88. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

## COUNT THREE

### Violation of California Consumers Legal Remedies Act

### (Cal. Civ. Code §§ 1750, *et seq.*)

### (*On Behalf of the California Subclass*)

89. Barilla incorporates by reference its responses to all the allegations as though fully set forth herein.

90. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

91. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

92. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

93. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

94. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

95. The allegations in this paragraph call for a legal conclusion and thus, no response is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

96. Barilla denies the allegations in this paragraph.

97. Barilla denies the allegations in this paragraph.

98. Barilla denies the allegations in this paragraph.

99. Barilla denies the allegations in this paragraph.

100. Barilla denies the allegations in this paragraph.

101. Barilla admits that it received copies of the First and Second Demand Letter and the related enclosures. Barilla denies that any class has been or could be certified here. Barilla lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

102. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

103. The Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30) and thus, no response to the allegations in this paragraph is required. To the extent a response is required, Barilla denies the allegations in this paragraph.

104. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

## COUNT FOUR

### Breach of Warranty

*(On Behalf of the Nationwide Class and California Subclass)*

105. Barilla incorporates by reference its responses to all the allegations as though fully set forth herein.

106. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

107. Barilla denies the allegations in this paragraph.

108. Barilla denies the allegations in this paragraph.

109. Barilla denies the allegations in this paragraph.

110. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Accordingly, Barilla denies the remaining allegations in this paragraph.

111. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

## COUNT FIVE

### Unjust Enrichment Restitution

*(On Behalf of the Nationwide Class and California Subclass)*

112. Barilla incorporates by reference its responses to all the allegations as though fully set forth herein.

113. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Accordingly, Barilla denies the allegations in this paragraph.

114. Barilla denies the allegations in this paragraph.

115. Barilla denies the allegations in this paragraph.

116. Barilla denies the allegations in this paragraph.

117. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Accordingly, Barilla denies the remaining allegations in this paragraph.

118. Barilla denies that Plaintiffs are entitled to any relief, whether individual or on a class basis, denies that any class could be certified here, and generally denies the allegations set forth in this FAC.

Accordingly, Barilla denies the allegations in this paragraph.

## VIII.   PRAYER FOR RELIEF

119.   Wherefore, Barilla denies that Plaintiffs, individually and on a class basis, are entitled to judgment against it, and specifically denies that it is liable to Plaintiffs in any way. Further, the Court dismissed Plaintiffs' claims for injunctive relief in its Order Granting In Part and Denying In Part Barilla's Motion to Dismiss (dkt. no. 30). Barilla therefore demands judgment in its favor and such other relief as this court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in Plaintiffs' First Amended Class Action Complaint, Barilla asserts and alleges the following defenses. By alleging the defenses below, Barilla does not in any way agree or concede: (1) that the Court has jurisdiction over the claims of any putative class members; (2) that Plaintiffs have properly stated any cause of action in their First Amended Class Action Complaint; or (3) that Barilla bears the burden of production, proof, or persuasion with respect to any of the issues identified below.

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

1.   The Court lacks jurisdiction over the claims in Plaintiffs' FAC and/or these claims should be dismissed for the reasons set forth in Barilla's Motion to Dismiss briefing (Dkt. Nos. 15, 26).

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction Outside California)

2.   The Court lacks jurisdiction over the claims of putative class members residing in states other than California or who purchased Barilla pasta outside of California.

### THIRD AFFIRMATIVE DEFENSE
### (Violation of Dormant Commerce Clause)

3.   The claims of certain putative class members violate the "Dormant Commerce Clause" of the United States Constitution by improperly attempting to apply the law of California to transactions that took place outside of California and improperly arrogating to a single state legislative jurisdiction to prescribe rules of law applicable to transactions that California has no basis to regulate.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutory Claims Do Not Apply to Certain Class Members)**

4. The claims of certain putative class members under California statutory law are barred because such statute is not applicable to transactions that took place outside of California and/or the application of such law would violate the due process, equal protection, and full faith and credit clauses of the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

**(Purchases for Business Purposes)**

5. Certain of Plaintiffs' and/or putative class members' claims fail to the extent that their purchases of pastas were for business and/or agricultural purposes and, as such, are outside the scope of California's consumer protection laws.

**SIXTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process Rights)**

6. The claims for punitive damages in Plaintiffs' First Amended Class Action Complaint are barred, in whole or in part, because any punitive damages would violate Barilla's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar applicable provisions of state constitutions and laws.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

7. Plaintiffs' First Amended Class Action Complaint fails to state a claim against Barilla upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Not Appropriate for Class Action)**

8. The claims asserted in Plaintiffs' First Amended Class Action Complaint are not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

9. Plaintiffs' and/or putative class members' claims are barred to the extent that they lack

standing to assert the claims at issue and/or lack capacity to sue.

**TENTH AFFIRMATIVE DEFENSE**

**(Injunctive Claims Barred by Prior Order)**

10. Plaintiffs' and putative class members' claims for injunctive relief as alleged in Plaintiffs' First Amended Class Action Complaint, are barred by the Court's ruling on Barilla's motion to dismiss (Dkt. 30), which dismissed the aforementioned claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations, Laches, and/or Waiver)**

11. Some or all of Plaintiffs' claims and/or the claims of putative class members are barred by the applicable statute(s) of limitations, and/or by the doctrines of laches or waiver based on Plaintiffs' and/or putative class members' failure to bring their claims within a reasonable time after their discovery, thereby prejudicing Barilla.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

12. Plaintiffs' First Amended Class Action Complaint, and/or each cause of action therein, is barred, in whole or in part, due to Plaintiffs' and/or putative class members' negligent, faulty, careless, unauthorized and/or unreasonable use, maintenance, neglect, alterations, changes, or modifications of their purchased pasta (or any component parts thereof), and/or based on their failure to use and maintain their purchased pasta consistent with the expectations, instructions, and directions regarding their use and/or maintenance.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Perform Conditions Precedent)**

13. The warranty claims asserted in Plaintiffs' First Amended Class Action Complaint fail, either in whole or in part, because Plaintiffs and/or putative class members failed to perform a condition precedent to any recovery under any warranties allegedly attributable to Barilla.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Limitation or Exclusion of Warranties)**

14. The warranty claims in Plaintiffs' First Amended Class Action Complaint are barred, in

whole or in part, on the ground that any warranty or part thereof allegedly attributable to Barilla has been expressly excluded, limited, and/or modified either in writing, through the parties' course of dealing, or the usage of the trade.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Product Conformed)

15. Plaintiffs' First Amended Class Action Complaint, and/or each cause of action therein, is barred, in whole or in part, because Plaintiffs and/or putative class members' purchased pasta (or any component parts thereof) was not defective, non-conforming, or otherwise unmerchantable or unfit when it left Barilla's possession, custody, and control.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (No Defect)

16. Plaintiffs and/or putative class members may not recover from Barilla for any alleged defects to the extent that such alleged defects have not manifested.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Lack of Adequate Notice)

17. Plaintiffs and/or putative class members' claims are barred to the extent that they failed to give reasonable, sufficient, and adequate notice of the alleged liability, damage, injury, or breach of warranty, if any, within a reasonable or required period of time.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Failure to Provide Reasonable Notice)

18. The warranty claims in Plaintiffs' First Amended Class Action Complaint are barred, in whole or in part, because Plaintiffs and/or putative class members failed to provide, and refused to provide, Barilla with a reasonable opportunity to repair any alleged defect allegedly covered by a warranty attributable to Barilla.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Economic Loss Doctrine)

19. Some or all of the claims or alleged damages of Plaintiffs and putative class members are barred based on the economic loss doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Reliance)

20. Plaintiffs' claims and/or those of putative class members fail, in whole or in part, due to their non-reliance on and/or the lack of materiality of any statements or omissions by Barilla, or because any such reliance was not reasonable or justifiable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Superseding Cause)

21. The losses and damages alleged by Plaintiffs, if any, were proximately caused by the negligent acts, omissions, and/or fault of persons or entities other than Barilla.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

22. Some or all of Plaintiffs' claims and/or the claims of putative class members fail, or any potential damages should be reduced, because Plaintiffs and/or putative class members have not exercised the proper care to mitigate any damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Voluntary Payment, Accord and Satisfaction, and Ratification)

23. Plaintiffs' claims and/or those of putative class members are barred by the doctrines of voluntary payment, accord and satisfaction, and ratification.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*Forum Non-Conveniens*)

24. Under the doctrine of *forum non conveniens*, Plaintiffs' claims and/or those of putative class members should be heard and determined in a different jurisdiction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

25. Barilla reserves the right to subsequently assert and add affirmative defenses to the FAC, and any part and/or whole thereof, as they become known to Barilla, including but not limited to conditions and/or exclusions and contractual defenses in the event of discovery of further information regarding Plaintiffs' claims, the underlying action(s), and/or provisions, terms and conditions of any and all

applicable benefit plan(s) at issue.

**DEFENDANT'S PRAYER FOR RELIEF**

**WHEREFORE**, Barilla demands judgment in its favor dismissing Plaintiffs' First Amended Class Action Complaint with prejudice, denying certification of any class, awarding Barilla its costs, expenses, and attorneys' fees as permitted by law, and awarding Barilla such other relief as the Court deems just and proper.

DATED: November 28, 2022

**FOLEY & LARDNER LLP**
ERIK K. SWANHOLT
JASMINE REED
LAURA MOEDANO

/s/ Jasmine Reed
JASMINE REED
Attorneys for Defendant BARILLA AMERICA, INC.