# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| |
|---|
| MATTHEW SINATRO, and JESSICA PROST, individually and on behalf of all others similarly situated, |
| Plaintiffs, |
| v. |
| BARILLA AMERICA, INC., |
| Defendant. |

Case No: 4:22-cv-03460

Declaration

of

**COLIN B. WEIR**

August 16, 2023

<span style="color:red">**REDACTED -- PUBLICLY FILED**</span>

REFERENCES MATERIALS DESIGNATED "CONFIDENTIAL" OR "HIGHLY

CONFIDENTIAL -- ATTORNEYS' EYES ONLY" UNDER PROTECTIVE ORDER

I, Colin B. Weir, declare as follows:

I am President at Economics and Technology, Inc. ("ETI"), 100 Franklin Street, 6th Floor, Boston, Massachusetts 02110.  ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I.  QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.    I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts.  I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to food products, household appliances, herbal remedies, health/beauty care products, electronics, furniture, and computers.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony, is attached hereto as Exhibit 1.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.  Prior to joining ETI, I worked at Stop and Shop Supermarkets for a period of seven years, working as a cash department head, grocery/receiving clerk, and price-file maintenance head.

2.    Contained in Exhibit 1 is a list of numerous litigations in which I have participated in the design, execution and/or determination of the economic suitability of conjoint surveys, or have been found by the court to have expertise in conjoint analysis.  These cases include, but are not limited to *Jones v. Nutiva (false advertising of coconut oil); Hunter v. Nature's Way (false*



Declaration of Colin B. Weir
August 16, 2023
Page 2 of 23

*advertising of coconut oil); Looper v. FCA; Sanchez-Knutson v. Ford Motor Company; Belfiore*

*v. Procter and Gamble; Kurtz v. Kimberly Clark; In re Scotts EZ Seed Litigation; In re:*

*ConAgra Foods (false advertising of cooking oil); In re: Arris Cable Modem; Hadley vs. Kellogg*

*(false advertising of health of breakfast cereal); Allen v. Conagra Foods, Inc.,(nutritional*

*content of buttery substitute); Martinelli v. Johnson & Johnson (false advertising of health of*

*butter substitute); Krommenhock v. Post (false advertising of health of breakfast cereal); Hudock*

*v. LG; Koenig v. Vizio; Banh v. American Honda; and Kaupelis v. Harbor Freight.*

3.    I received graduate level training in conjoint analysis as part of my MBA.  I take continuing education in advanced conjoint design, execution, and analysis through Sawtooth Software, a leading provider of conjoint analysis software.  In addition, I have 15 years of experience using conjoint analysis professionally.

## II.  ENGAGEMENT

4.    I provide this declaration in connection with the case filed by Matthew Sinatro and Jessica Prost ("Plaintiffs"), individually and on behalf of all others similarly situated, in the above-captioned action against Barilla America, Inc. ("Barilla" or "Defendant").  I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

5.    I have been advised by Counsel for Plaintiffs that individuals purchased certain Barilla brand pasta products that were labeled and advertised in a deceptive and misleading manner by the Defendant.  I understand that the Defendant labeled products with a statement that Barilla brand pastas (collectively, the "Products")[1] are "ITALY'S #1 BRAND OF PASTA" ("Representation"),[2] and that Plaintiffs allege it misleads consumers, including Plaintiffs, to

---

[1] The Products at issue include pasta products across Barilla's five product lines (Classic Blue Box, Collezione Artisanal, Gluten Free, Veggie and Whole Wheat). *See,* First Amended Class Action Complaint, filed July 20, 2022 ("Complaint"), at para 4.

[2] *See*, First Amended Complaint at para 2.



Declaration of Colin B. Weir
August 16, 2023
Page 3 of 23

believe that the Barilla Products are made in Italy, from ingredients sourced in Italy.  However, with the exception of non-class products[3], Barilla's pastas sold in the United States are made in Defendant's manufacturing plants in Iowa and New York, with ingredients sourced from countries other than Italy.[4]  Indeed, Defendant admits in discovery that all Products, with the exception of certain pallets, were made from "one or more ingredients sourced outside of Italy," including wheat for the Blue Box, Collectione Artisanal, Veggie, and Whole Grain Products, and "each stage of the process to manufacture each and every Product . . ., from sourcing of raw materials through the packaging of finished Products, did not occur in Italy."[5]

6.    Plaintiffs allege that the challenged Representation has misled consumers, and resulted in, among other things, the payment of an inflated price for the Products at the time and point of purchase.[6]

7.    I have been asked by Counsel for Plaintiffs to ascertain whether it would be possible to determine damages on a class-wide basis using common evidence, and if so, to provide a framework for the calculation of damages suffered by the proposed class of consumers as a result of the allegedly false, deceptive, and/or misleading Representation.

---

[3] *See,* First Amended Complaint, at para 14.

[4] *See id.* at paras. 3 and 14 (citing Defendant's website, a copy of which is attached to the First Amended Complaint as Exhibit 3f, wherein Defendant admits "Barilla Pasta that is sold in the United States is made in [its] plants in Ames, IA and Avon, NY. . . . Barilla purchases its wheat from around the world").

[5] *See* Defendant's Supplemental Responses to Requests for Admissions, Set One, served on August 15, 2023, at Nos. 21-38 (admitting that each Product, with the exception of Gluten Free Products, "contained wheat grown that was grown outside of Italy"; each Product, including Gluten Free Products, "contained one or more ingredients sourced outside of Italy"; and the Collezione Artisanal, Gluten Free, Veggie, and Whole Grain Products "contained one or more ingredients milled outside of Italy"); Defendant's Supplemental Responses to Requests for Admissions, Set One, served on August 15, 2023, at Nos. 39-62 (admitting that, "for each and every Product," the "dough . . . was prepared outside of Italy," the "dough extrusion . . . occurred outside of Italy," they were "packaged outside of Italy," and "each stage of the process to manufacture [the Products] from sourcing of raw materials through the packaging of finished Products, did not occur in Italy," with the exception of approximately 541 pallets of Blue Box Orcchiette between 2016 and 2017; 4,119 Blue Box Penne Rigati, Farfalle, Rigatoni, Spaghetti, and Linguine in 2023; 309 pallets of Gluten Free Spaghetti, Penne, Rotini, and Elbows in 2016; 4,809 pallets of Gluten Free Spaghetti, Penne, and Elbows between 2020 and 2023, as referenced in BAI-CA_00001066).

[6] See, *Id.*, at para 3.



Declaration of Colin B. Weir
August 16, 2023
Page 4 of 23

8.    As part of my work on damages, I have been asked to work with Dr. Michael Dennis to help design (from an economic perspective), and to evaluate the economic suitability of a proposed conjoint survey (to be designed, implemented and analyzed by Dr. Dennis) to measure the overpayment for the Products solely attributable to the Challenged Representation.

9.    ETI is being compensated at the rate of $850 per hour for my work on this case.  The opinions expressed in this declaration are my own, and my compensation is not dependent upon the substance of these opinions or the outcome of the litigation.

10.    The documents, data and other materials that I relied upon in forming my opinions are identified throughout my report and in Exhibit 2, attached hereto.  In addition, I have relied upon my educational background and more than 19 years of experience.

### III.  THE ALLEGED MISREPRESENTATION

11.    Plaintiffs' allegations center on Defendant's labeling of its Products with the statement "Italy's #1 Brand of Pasta."[7]  Plaintiffs allege that the challenged Representation is false, misleading, deceptive and/or unlawful, and therefore should not have been made by the Defendant.

### IV.  PRODUCT DIFFERENTIATION

12.    In economics, the concept of product differentiation can be summarized as the introduction of product attributes that allows the consumer to differentiate between otherwise similar products, with the goal of increasing sales and profits.[8]  The challenged Representation at

---

[7] *See, Id.*, at para 2.

[8] Case, Fair & Oster, Principles of Microeconomics, 9th Edition, 2009, at 305-316, 449.  Product differentiation can still have an impact in the marketplace when competitors use similar claims.  A product that does not offer salient features or attributes that competitors do offer becomes "negatively differentiated," which can result in corresponding price decreases and presents the incentive to offer the attribute to eliminate such negative differentiation.



Declaration of Colin B. Weir
August 16, 2023
Page 5 of 23

issue in this case would qualify as a differentiating factor, with the potential impact to be tested empirically as discussed below.

13.   Numerous academic studies have analyzed consumer preferences and market outcomes for country of origin claims made on the labels of consumer products.  Academics have used conjoint analysis and other consumer survey techniques to address the question of whether premiums for country of origin claims exist.  Indeed, the economic literature suggests that consumers do in fact pay a premium for country of origin claims for certain products.[9]

14.   For example, one study surveyed consumers in Colorado about their preferences for country-of-origin labels on beef products and subsequently estimated price premiums for steak and hamburgers with the labels "U.S. Certified Beef."  The survey results suggest a per pound price premium of $1.53 (58%) for steak and a per pound price premium of $0.70 (38%) for hamburgers.[10]

15.   A recent study looked deeper into the impact of country of origin on consumer's perceived value for a product, asking consumers in Italy, China and the United States to value pasta products with a varied degree of what the authors referred to Italian Sounding ("IS") or Italian Appearance.

> Quite often, the IS product officially declares its "real" country of origin (i.e., via a correct labeling "made in"), while at the same time presenting an Italian "allure" endowed by means of some of its peripheral cues (e.g., stereotypical colors or images, as well as a name which "sounds" Italian, etc.).  This communication and marketing compromise solution is therefore not counterfeiting its "true" country of origin, but at the same time it mimics some

---

[9] *How does origin labelling on food packaging influence consumer product evaluation and choices? A systematic literature review,* John Thøgersen, Food Policy, Volume 119 (2023) 102503, https://doi.org/10.1016/j.foodpol.2023.102503.

[10] Estimating Consumer Willingness to Pay for Country-of-Origin Labeling, Maria L. Loureiro and Wendy J. Umberger, *Journal of Agricultural and Resource Economics* 28(2):287-301 (2003).



Declaration of Colin B. Weir
August 16, 2023
Page 6 of 23

features of another "different" country of origin (specifically, Italy) or of its
most classical and typical food products or culinary recipes.[11]

16.    The results of this analysis revealed that pasta products made in Italy were more
favorable to consumers than pasta products not made in Italy, and that "consistently across the
three studies, the extent to which a food product is perceived to be Italian increases consumers'
WTP for that product."[12]

17.    Consistent with the economic literature of product differentiation, Defendant appears
to understand that positioning itself as purveyor of Italian pasta products will differentiate its
products from competitors, allowing Defendant to charge a premium for its Products.  Defendant
allegedly engages in a "brand strategy and long-standing marketing campaign " designed "to
identify the Barilla® brand, company, and Products at issue in this case, as authentic, genuine
Italian pastas—made from ingredients sources in Italy (like durum wheat), and manufactured in
Italy."[13]  The Complaint provides an extensive review of the Barilla Group's online presence,
including its website, Barilla's  Historic Archive, Museum, and Academy, highlighting the many
ways Defendant associates its Products with Italy and Italian pasta.[14]

18.    Furthermore, Defendant prominently displayed the challenged Representation
"Italy's #1 Brand of Pasta" on the front panel of its Products, "surrounded by Italian flags
(including colors, depicted left to right, green, white, and red) to emphasize that the Product is made
in Italy,"[15] and to differentiate its Products from competitors.

---

[11] *Italian Food? Sounds Good! Made in Italy and Italian Sounding Effects on Food Products' Assessment by Consumers*. Bonaiuto F, De Dominicis S, Ganucci Cancellieri U, Crano WD, Ma J and Bonaiuto M , Front. Psychol. (2021) 12:581492. doi: 10.3389/fpsyg.2021.581492

[12] *Id.*

[13] See, First Amended Complaint, at para 16.

[14] *Id.*, at para 16-20.

[15] *See, Id.* at para 17.



Declaration of Colin B. Weir
August 16, 2023
Page 7 of 23

19.  This use of the challenged Representation as a differentiating attribute has been long standing and extends beyond (before) the Class Period in this case.  According to the Defendant's Amended Trademark Application for the challenged Representation, the Representation has been used on product packaging since 2005 and that the Representation was "distinctive of the goods and/or services through applicant's substantially exclusive and continuous use in commerce."[16]



21.

22.  Clearly, Defendant appears to understand that the Representation constitutes a product attribute that will differentiate its Products from competitors' products, allowing Defendant to charge a premium for these attributes and derive higher revenues and profits therefrom.

---

[16] Declaration of Eric K. Swanholt, filed August 18. 2022, Exhibit C (Barilla Trademark Docs).

[17] *See,* BAI-CA_00000320-322.

[18] *See,* BAI-CA_00000340-342.

[19] *See,* BAI-CA_00000343-347.

Declaration of Colin B. Weir
August 16, 2023
Page 8 of 23

## V. FRAMEWORK FOR DAMAGES

23.   As a threshold matter, it is my opinion that it is possible to determine class-wide damages in this case using Defendant's own available business records, third-party records, and industry resources.

24.   Below, I propose the use of conjoint analysis to calculate Price Premium Damages wherein consumers would receive the value of the price premium they paid solely as a result of Defendant's conduct of labeling their Products with the Challenged Representation.  This methodology can determine the damages for any given Representation, across any prescribed time period, and across geographic regions, given any of the possible liability scenarios that may arise in this litigation.

## VI. CALCULATION OF THE PRICE PREMIUM:
## CONJOINT ANALYSIS

25.   In this litigation, price premium damages for the Class are the portion of the market price of the Products solely attributable to Defendant's use of the Challenged Representation.  Conjoint analysis is a representative survey technique that permits an economist to analyze the value of various product attributes.

26.   Conjoint analysis can be used to determine market valuation/attribute information for a given product or attribute.  Conjoint analysis is founded on rigorous statistical and economic principles, and is not required to be used as part of a traditional marketing program.  Indeed, conjoint analysis has been used in litigation contexts to calculate damages for years. [20]

---

[20] *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al.*; *See, e.g., Khoday v. Symantec Corp.*, 2014 WL 1281600, at *10 (D. Minn. March 13, 2014); *Sanchez-Knutson v. Ford Motor Company*, 310 F.R.D. 529, 538-39 (S.D. Fl. 2015); *In re: Lenovo Adware Litigation*, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016); *Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, at *5, *10-*14 (C.D. Cal. July 24, 2014); *Brown v. Hain Celestial Group, Inc.*, 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014);  *Microsoft v. Motorola, Inc.*, 904 F.Supp.2d 1109, 1119-20 (W.D. Wa. 2012); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017); *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018); *In Re*



Declaration of Colin B. Weir
August 16, 2023
Page 9 of 23

27.   It is well known that conjoint analysis has a long history of use in the food and beverage industry and consumer goods industry.

28.   In a typical conjoint analysis, survey panelists are confronted with various choices of product attributes, prices, and other alternatives, and are asked either to rank their preferences, or to choose the most preferred attribute or combination thereof.

29.   Through conjoint analysis, by systematically varying the attributes of the product and observing how respondents react to the resulting product profiles, one can statistically gather information about a product's various attributes.

30.   Statistical methods (including regression analysis) are then applied to the survey responses to calculate attribute value.[21]

31.   Conjoint analysis has a long history of use in industry and is widely accepted and relied upon by enterprises such as Procter & Gamble, Microsoft, General Motors, Ford, and Google.[22]  Conjoint is also widely respected by academics and is a regular part of the curriculum

---

*Arris Cable Modem Consumer Litig.*, 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018); *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019); *Krommenhock v. Post Foods, LLC*, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020); *Hudock v. LG Elecs. USA, Inc.*, 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020); *Koenig v. Vizio, Inc.*, Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020); *Banh v. American Honda Motor Co.*, Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020); *Kaupelis v. Harbor Freight Tools, Inc.*, 2020 WL 5901116 (C.D. Cal. Sep. 23, 2020); *McMorrow v. Mondelez*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021); *de Lacour v. Colgate-Palmolive Co.*, 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021); *Bailey v. Rite Aid Corp.*, 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021); *Prescod v. Celsius Holdings, Inc.*, Case No. 19STCV09321 (Cal. Super. Ct. Cnty. L.A. Aug. 2, 2021); *Cardenas v. Toyota Motor Corp.*, Case No.: 18-cv-22798, 2021 U.S. Dist. LEXIS 152920, at *21-*23, *52-*65 (S.D. Fla. Aug. 12, 2021); *Bechtel v. Fitness Equipment Svcs., LLC*, No. 1:19-CV-726, 2021 WL 4147766, at *2, *16-*17 (S.D. Ohio Sep. 12, 2021); *Milan v. Clif Bar & Co.*, Case No. 18-cv-02354-JD, 2021 WL 4427427, at *6-*7 (N.D. Cal. Sep. 27, 2021); *Testone v. Barlean's Organic Oils*, Case No. 19-cv-169-JLS (BGS), 2021 WL 4438391, at *5-*6, *15-*17 (S.D. Cal. Sep. 28, 2021); *Johnson v. Nissan N. Am., Inc.*, 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022); *Sonneveldt v. Mazada*, 2022 WL 17357780 (C.D. Cal. Oct. 21, 2022); *Willis v. Colgate Palmolive Co.*, No. CV 19-8542 JGB (RAOx) (C.D. Cal Jan. 5, 2023), ECF No. 105; *Chapman v. General Motors,* Case No. 2:19-CV-12333-TGB-DRG, 2023 WL 2745161 (E.D. Mich. Mar. 31, 2023); *Gunaratna v. Dennis Gross Cosmetology LLC*, Case No. CV 20-2311-MWF (GJSx), 2023 WL 2628620 (C.D. Cal. Mar. 15, 2023); *Banks v. R.C. Bigalow, Inc.*, No. 20-CV-06208 DDP (RAOx) (C.D. Cal. Jul. 31, 2023).

[21] *See, e.g.*, *Id.*

[22] *Id.*



Declaration of Colin B. Weir
August 16, 2023
Page 10 of 23

at universities world-wide, such as Duke, Ohio State, Northeastern, the University of South

Australia, NYU, and the University of California.

32.   Conjoint analysis can, and indeed has, been used to analyze the value and

importance of product claims, such as the Representation at issue in this case.  In a recent

literature review of peer reviewed research studies that examine the influence that country of

origin labelling has on consumer choices, of the identified 163 studies that were conducted since

2010, 98 studies relied upon some form of Conjoint Analysis to estimate the value consumers

place on various country (or region) of origin labels.[23]

33.   One such study, testing whether consumers pay a price premium for olive oils

claiming to be produced in a specific country, used conjoint analysis and surveyed consumers in

Toronto.[24]  The authors administered a conjoint survey of extra virgin olive oil products with

various attributes to participants in order to understand their preferences for olive oils from

"Italy," "Greece," "Spain," and other geographic regions.  The authors' findings indicate that

consumers prefer Italian olives oils over Spanish or Greek oils, consumers are likely to pay

substantial premium for Italian olive oils, and that "consumers [do] not prefer Greek over

Spanish or vice versa".[25]  Furthermore, their findings also indicate that Canadian consumers pay

significantly less attention to more granular geographic information, such as the region within a

country where an oil is produced, than to the country of origin claim.

34.   Another study used conjoint analysis to determine "whether health claims (claims of

health-promoting effects) of food products positively influence product price and consumer

---

[23] *How does origin labelling on food packaging influence consumer product evaluation and choices? A systematic literature review,* John Thøgersen, Food Policy, Volume 119 (2023) 102503, https://doi.org/10.1016/j.foodpol.2023.102503.

[24] *Consumers' Preferences for Geographical Origin Labels: Evidence from the Canadian Olive Oil Market.* Menapace, Luisa, *et al,* European Review of Agricultural Economics 38(2) (2011):193–212.

[25] *Id.,* at 206.



Declaration of Colin B. Weir
August 16, 2023
Page 11 of 23

choices."[26] Prior to conducting the conjoint survey, the study finds that "[i]n general, consumers consider health and wholesomeness as important aspects of food quality." The study then uses choice-based conjoint analysis to measure the effects of various product attributes on the price of a single product, green tea. The study examines only four product attributes: health claim, country of origin, the size of the product, and price. The study finds that the health claim on green tea is a positive, statistically significant purchase driver, and results in a price premium of approximately 20%.

35. In light of proposed FDA standardized front-of-pack nutrition labeling standards, another study sought "to estimate the relative contribution of declared amounts of different nutrients to the perception of the overall 'healthfulness' of foods by the consumer."[27] The study determined that claims such as "this product has no saturated fat," "this product is fat free," and "this product is low in total fat" were among the 22 most important nutrient content Claims. The study concludes that "Conjoint analysis can lead to a better understanding of how consumers process information about the full nutrition profile of a product, and is a powerful tool for the testing of nutrient content Claims."

36. An application of conjoint analysis to orange juice was used to evaluate which attributes of orange juice consumers value most. Results of the study showed that vitamin C content was the most important purchase driver besides price.[28]

37. The use of conjoint analysis in similar applications is too extensive to document exhaustively here.

---

[26] *Estimating Consumers' Willingness to Pay for Health Food Claims: A Conjoint Analysis*, Mitsunori Hirogaki, International Journal of Innovation, Management and Technology, Vol. 4, No. 6, December 2013.

[27] *Testing Consumer Perception of Nutrient Content Claims Using Conjoint Analysis*, Drewnowski, Adam *et al*., Public Health Nutrition: 13(5), 688–694.

[28] *Evaluation of Packing Attributes of Orange Juice on Consumers' Intention to Purchase by Conjoint Analysis and Consumer Attitudes Expectation*, Gadioli, I. L. et al., Journal of Sensory Studies 28 (2013):57-65.



Declaration of Colin B. Weir
August 16, 2023
Page 12 of 23

38.   Conjoint analysis, as a survey tool, does not rely on an existing data set for its analysis because it relies on data generated through the survey process.  Common conjoint analysis software would permit the administration of a representative sample survey, and the analysis of the results therefrom.

39.   No individualized analyses, or Class-Member-specific inquiry will be required.  All relevant data needed to complete the conjoint analysis will be Class-wide, common evidence.

**Price Premium: The Dennis Conjoint Survey**

40.   I have been provided with, and have reviewed, a copy of the Declaration and Expert Report of J. Michael Dennis, Ph.D. dated August 16, 2023 ("Dennis Declaration").  Dr. Dennis is Senior Vice President at NORC in Chicago, IL and is a recognized expert in the design and implementation of online consumer statistical surveys with more than 25 years experience conducting such surveys at leading institutions.[29]

41.   Among other things, the Dennis Declaration discusses the process by which Dr. Dennis designed a conjoint analysis and market simulation, which he proposes to use to estimate the price premium associated with Defendant's use of the Representation ("Dennis Survey").

42.   I worked with Dr. Dennis to develop parts of the survey that he plans to utilize.

43.   Dr. Dennis' survey has designed a conjoint analysis that will measure the price premium (measured in percentage terms) at the time and point of sale solely attributable to the Representation through the use of a Label Claims attribute and price along with several distractor attributes.[30]  Dennis' survey will include market-based price points derived from actual retail

---

[29] Dennis Declaration, at paras 4 *et seq*.

[30] *Id.*, at paras 107 *et seq*.



Declaration of Colin B. Weir
August 16, 2023
Page 13 of 23

pricing data, which I have also reviewed.[31]  Dennis has also taken into account the fact that the

quantity of the Defendant's Products sold is a known fact, and is fixed as a matter of history.[32]

44.   In addition to these factors that influenced Dennis' survey design, after the

completion of the survey, the results will be calculated using Hierarchical Bayes regression.[33]

The use of Hierarchical Bayes regression provides for, among other factors, the ability to

estimate better market-level results from a conjoint survey and market simulator.

45.   After reviewing the Dennis Report, the methodology underlying Dennis' proposed

conjoint survey, and the documentary evidence relied upon by Dennis and incorporated into the

survey design, it is my opinion that Dr. Dennis' proposed conjoint survey is properly designed to

measure the price premium paid due solely to the presence of the Challenged Representation on

the Products.  The survey is especially economically suitable given Dennis' use of market based

prices, and considerations given as to the fixed quantity of the Defendant's Products sold that are

part of the Class definition.

46.   The sample will be drawn in such a manner that the results of the survey are

projectable to the class, and will provide a reliable and accurate measurement of the market price

premium solely attributable to the challenged Representation used by Defendant on the

Products.[34]

47.   As discussed below, the results of Dennis' conjoint survey will be used as an input in

my Price Premium Damages calculation.

---

[31] *Id.*, at paras 119, 132.

[32] *Id.*, at para 132.

[33] *Id.*, at paras 129-130.

[34] *Id.*, at para 102, 133.



Declaration of Colin B. Weir
August 16, 2023
Page 14 of 23

48.  I have relied on conjoint surveys, and the work of Dr. Dennis, to determine damages in other litigations.[35]

**Supply-Side Considerations**

49.  I understand that Dr. Dennis considered and accounted for supply-side factors in the determination of his proposed price premium survey design.[36]

50.  I have also considered supply-side factors in my determination of a framework for damages.  First, unlike in a Lanham Act or intellectual property litigation where a but-for quantity of sales may need to be determined, in this litigation the historic number of units sold is a fact and, in this litigation, it would be antithetical to the concept of class definition to suggest that the quantity supplied be anything other than the actual number of units sold by Defendant.

51.  Furthermore, if one were to assume, *arguendo*, that Defendant would not have lowered its price in concert with demand (indicating that Defendant priced above the market clearing price), then the economic outcome would be that many or all of the purchases would not have taken place at all.  As such, the price premium to be developed by Dr. Dennis will be an inherently conservative measure.

52.  It is also an economic perversion for a defendant engaged in a litigation (with an obvious conflict of interest) to simply state that it would never have adjusted its prices or would not have adjusted them enough so as to meet demand, and therefore damages should be set at zero or something less than actual economic damages.  If that were permitted, any defendant could simply postulate its way out of economic damages.

---

[35] *See, e.g., In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Dei Rossi v. Whirlpool Corp.*, No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574 (E.D. Cal. Apr. 27, 2015); *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018); *Martinelli v. Johnson & Johnson, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019).*

[36] *See e.g.,* Dennis Declaration, at paras 119, 132.



Declaration of Colin B. Weir
August 16, 2023
Page 15 of 23

53.   I worked closely with Dr. Dennis to ensure that his proposed survey was appropriately designed to measure the true market value of the price premium attributable to the Representation.

54.   Dr. Dennis and I had several discussions concerning the design of his survey where I provided input based upon economic concepts, and real-world retail sales and market data.  We also had several discussions concerning the results of his survey and how they should be interpreted and applied.

55.   One of the most important and most frequent topics of discussion between Dr. Dennis and myself was the data on actual sales of the Products in the real-world marketplace. These real-world transactions occurred at prices that *already* reflect the supply-side factors then extant in the marketplace.  I understand that Dr. Dennis relied upon these historical data in setting the prices to be used in his conjoint survey.

56.   We also discussed that variability in pricing showed that retailers' pricing was responsive to changing market forces.

57.   Another important supply-side factor that Dr. Dennis and I discussed was the fact that the quantity of the Products supplied is a known quantity, and fixed as a matter of history.

58.   Dr. Dennis and I discussed another supply-side factor, the fact that, as I discuss below, the market for the Products in highly competitive and an "ordinary" market, subject to ordinary market conditions, such as changes in consumer demand that affect price.  As such, the Defendant does not control the retail price paid by consumers.

59.   TreeHouse Foods, a company that acquired the American Italian Pasta Company (AIPC)[37] from ConAgra Foods in 2016,[38] reports that the food industry is "highly competitive and rapidly changing."

---

[37] Regional pasta brands previously owned by AIPC include: American Beauty, Anthony's, Creamette, Golden Grain, Heartland, Luxury, Martha Gnoch, Montalcino Pasta, Mrs. Grass, Muellers, Pennsylvania Dutch, Prince, Ravarino and Freschi, Ronco, San Giorgi and Skinner.  See, https://winlandfoods.com/pasta.html (accessed August 2, 2023).

ETI ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
August 16, 2023
Page 16 of 23

The food industry is highly competitive, and faces increased competition as a
result of consolidation, channel proliferation, and the growth of online food
retailers and new market participants. We face competition across our product
lines from other companies that have varying abilities to withstand changes in
market conditions. Some of our competitors have substantial financial,
marketing, and other resources, and competition with them in our various
business segments and product lines could cause us to reduce prices, increase
capital, marketing or other expenditures, or lose sales, which could have a
material adverse effect on our business and financial results. Category sales
and growth could also be adversely impacted if we are not successful in
introducing new products.

60.    Many major retailers and competitors identify a willingness to adjust prices in

response to changing economic conditions and consumer preferences.  Target Corporation

recently advised its investors that:

A large part of our business is dependent on our ability to make trend-right
decisions in a broad range of merchandise categories. If we do not predict and
quickly respond to changing consumer preferences and spending patterns, we
may experience lower sales, spoilage, and increased inventory markdowns,
which could adversely affect our results of operations. Our ability to predict
and adapt to changing consumer preferences depends on many factors,
including obtaining accurate and relevant data on guest preferences,
emphasizing relevant merchandise categories, effectively managing our
inventory levels, and implementing competitive and effective pricing and
promotion strategies. We have not always been able to predict rapid changes in
consumer preferences and spending patterns, including those that were
impacted by the COVID-19 pandemic, which has previously resulted in
insufficient or excess inventory, increased costs, and adverse impacts on our
results of operations. If we are unable to effectively adapt to future changes in

---

[38] TreeHouse Foods divested AIPC to private company Winland Foods in 2022. See, TreeHouse Foods, Form 10-K
Annual Report filed with the US Securities and Exchange Commission, filed February 13, 2023.



Declaration of Colin B. Weir
August 16, 2023
Page 17 of 23

consumer preferences and spending patterns, our results of operations and financial condition could be adversely affected.[39]

61.   Grocery retailers have also noted the intense level of competition in the industry, as well as the importance of responding to consumers and their ability to earn profits.  For example, Kroger states:

> The operating environment for the food retailing industry continues to be characterized by the fragmentation of local, regional, and national retailers, including both retail and digital formats, intense competition and entry of non-traditional competitors.  Customer behavior shifted quickly and considerably during the pandemic, including a shift from food away from home to food at home. We see three major trends shaping the industry: e-commerce, cooking at home and prepared foods to go. If we do not appropriately or accurately anticipate customer preferences or fail to quickly adapt to these changing preferences, or if trends shift more quickly to food away from home, our sales and profitability could be adversely affected.  If we fail to meet the evolving needs of our customers, our ability to compete and our financial condition, results of operations or cash flows could be adversely affected
>
> We are continuing to enhance the customer connection with investments in our four strategic pillars – Seamless, Personalization, Fresh, and Our Brands. Each of these are strategies designed to better serve our customers and to generate customer loyalty and sustainable growth momentum. We believe our plans to continue to improve these four strategic pillars will enable us to meet the wide-ranging needs and expectations of our customers.  If we are unable to continue to enhance the foregoing key elements of our connection with customers, or they fail to strengthen customer loyalty, our ability to compete and our financial condition, results of operations or cash flows could be adversely affected.  Our ecosystem monetizes the traffic and data insights generated by our retail supermarket business to create fast-growing, asset-light and margin rich revenue streams. We may be unsuccessful in implementing our alternative profit strategy, which could adversely affect our business growth and our financial condition, results of operations or cash flows.  The nature and extent to which our competitors respond to the evolving and competitive industry by

---

[39] Target Corporation., Form 10-K Annual Report filed with the US Securities and Exchange Commission, filed March 8, 2023.


ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
August 16, 2023
Page 18 of 23

developing and implementing their competitive strategies could adversely affect our profitability.[40]

62.   Publix Super Markets also advises investors on the risks of lower profits resulting

from the competitive retail grocery market:

**Increased competition and low profit margins could adversely affect the Company.**

The Company is engaged in the highly competitive retail food industry. The Company's competitors include traditional supermarkets, such as national and regional supermarket chains and independent supermarkets, as well as nontraditional competitors, such as supercenters, membership warehouse clubs, mass merchandisers, dollar stores, drug stores, specialty food stores, restaurants, convenience stores and online retailers. The Company's ability to attract and retain customers is based primarily on quality of goods and service, price, convenience, product mix and store location. […]

There has been a trend for traditional supermarkets to lose market share to nontraditional competitors. The Company's ability to attract and retain customers is based primarily on quality of goods and service, price, convenience, product mix and store location. The Company believes it will face increased competition in the future from existing and potentially new competitors. The impact of pricing, purchasing, advertising or promotional decisions made by its competitors as well as competitor format innovation, location additions and changes in service offerings could adversely affect the Company's financial condition and results of operations.[41]

63.   Walmart, Inc. notes that:

We face strong competition from other retailers, wholesale club operators, omni-channel retailers, and other businesses which could materially adversely affect our financial performance. Each of our segments competes for customers, employees, digital prominence, products and services and in other important aspects of its business with many other local, regional, national and

---

[40] The Kroger Co., 2022 10-K Annual Report filed with the US Securities and Exchange Commission, filed March 28, 2023.

[41] Publix Super Markets, Inc. 2022 10-K Annual Report filed with the US Securities and Exchange Commission, filed March 1, 2023.



Declaration of Colin B. Weir
August 16, 2023
Page 19 of 23

> global physical, eCommerce and omni-channel retailers, social commerce
> platforms, wholesale club operators and retail intermediaries, as well as
> companies that offer services in digital advertising, fulfillment and delivery
> services, health and wellness, and financial services. The omni-channel retail
> landscape is highly competitive and rapidly evolving, and the entry of new,
> well-funded competitors may increase competitive.
>
> We compete in a variety of ways, including the prices at which we sell our
> merchandise, merchandise selection and availability, services offered to
> customers, location, store hours, in-store amenities, the shopping convenience
> and overall shopping experience we offer, the attractiveness and ease of use of
> our digital platforms, cost and speed of and options for delivery to customers
> of merchandise purchased through our digital platforms or through our omni-
> channel integration of our physical and digital operations.[42]

64.   In addition to these factors that influenced Dr. Dennis' proposed survey design, after the completion of the survey, the results will be calculated using Hierarchical Bayes regression.[43] The use of Hierarchical Bayes regression provides for, amongst other factors, the ability to estimate better market-level results from a conjoint survey and market simulator.

65.   The proper use of supply-side factors, individually or in combination, as I have discussed above, permits the Dennis Survey to estimate a marketplace outcome -- the price premium that prevailed due to Defendant's use of the Challenged Representation.

## VII.  SALES OF THE PRODUCTS

66.   I have been provided with retail sales data for the Products from Information Resources, Inc. ("IRI").  The data includes dollar sales and unit sales on a weekly basis for the Class Products sold in the state of California, between February 4, 2018 and July 9, 2023.[44]

---

[42] Walmart, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 17, 2023.

[43] Dennis Declaration, at paras 129-130.



Declaration of Colin B. Weir
August 16, 2023
Page 20 of 23

67. I have summarized the sales of the Products by Barilla Product Line in the table

below.

| Table 1. | | | | |
|---|---|---|---|---|
| **Summary of Sales of Class Products in California** | | | | |
| **Product Line** | **Unit Sales** | | **Dollar Sales** | |
| Blue Box | | ███ | | ███ |
| Gluten Free | | ███ | | ███ |
| Whole Grain | | ███ | | ███ |
| Collezione Artisanal | | ███ | | ███ |
| Veggie | | ███ | | ███ |
| **Total** | | ███ | | ███ |

## VIII. CALCULATION OF PRICE PREMIUM

### DAMAGES

68. This litigation calls for a Price Premium damages calculation:

- Price Premium Damages -- wherein consumers would receive the difference between
  the market value (purchase price) of the Products (with the Representation) and the
  market value of the Products (without the Representation), at the time and point of
  sale.

**Price Premium Damages**

69. After completing all of the work as discussed above, the final calculation of total

price premium damages in this litigation will be calculated as follows.



Declaration of Colin B. Weir
August 16, 2023
Page 21 of 23

70.  With the price difference due to the Representation determined on a percentage basis, the calculation of class-wide damages for any Product is:

$$\%Price\ Premium\ Factor: Representation \times \$Units\ Sold\ = Damages$$

71.  This calculation can be performed on a class-wide basis, across different geographies, and for any defined time period, including the proposed Class Period(s) in this litigation.

## IX.  INDIVIDUAL INQUIRY IS NOT REQUIRED

**Variations in purchase price do not alter the calculation of total, class-wide damages**

72.  Variations in purchase price do not prevent the calculation of class-wide damages. Such variations in price are captured in the sales data used for analysis and price variations are an element of the conjoint survey.  Such variations are also inapposite to the calculation of class-wide damages, because the ultimate method of distribution or allocation of damages to individuals during claims administration or a settlement does not alter the calculation of total, class-wide damages.

73.  Class-wide damages under a price premium model can be calculated from the bottom up as the sum of individual damages (as defendants often assert), or can be calculated from the top down, without individual inquiry, by finding the percentage price premium for the Representation and then multiplying the price premium by the dollars sold (as discussed in detail above).  As outlined above, I propose to use the latter technique, obviating the need for individual inquiry.

74.  Ultimately, no matter the method by which damages are distributed, it does not affect the calculation of, or the total amount of class-wide damages in this litigation.



Declaration of Colin B. Weir
August 16, 2023
Page 22 of 23

**Individual behavior or use of the Products is irrelevant to the determination of class-wide damages**

75.   Calculating a price premium does not depend on individual behaviors or uses of the Products.  If the market price for the Products was higher as a result of the Representation, then ALL consumers will have paid a higher price than if the Representation had not been made. How any individual consumer uses the Products will not impact the market price or the price premium, which will have been paid and experienced by all consumers.

**Individual reasons for purchase do not change the price, or price premium experienced by an individual**

76.   Individual reasons for purchase are irrelevant to damages in this case, because a consumer's individual reasons for purchase do not change the price paid by that individual.  As I have discussed above, if there is a price premium paid for the Products as a result of the Representation, and a consumer buys such a Product, he or she will pay the market price, and will experience the price premium regardless of the consumer's reasons for purchase, because those individual reasons for purchase do not change the price that will have been paid.

77.   Even if a consumer bought a unit of Product with the intention to immediately throw that Product in the trash and make no use of it at all, the consumer has been harmed because the consumer paid more for the Product than the consumer would have but for the Representation.

## X.  RESERVATION OF RIGHTS

78.   My testimony is based upon the information and data presently available to me. Additional, different and/or updated data including market research data may be obtained in advance of trial.  I therefore reserve the right to amend or modify my testimony.



Declaration of Colin B. Weir
August 16, 2023
Page 23 of 23

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief, and that this declaration was executed at Boston,

Massachusetts, this 16th day of August, 2023.

Colin B. Weir

ECONOMICS AND
TECHNOLOGY, INC.

# Exhibit 1

# Statement of Qualifications
# of

# COLIN B. WEIR

**Statement of Qualifications**

**COLIN B. WEIR**


Colin B. Weir is President at Economics and Technology, Inc.  Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis.  Such analysis often involves analysis of databases, call detail records, and other voluminous business records.  Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software.  Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations.  Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels.  Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation,  Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University.  He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, and a business member of the Boston Bar Association.  Mr. Weir has served on the Board of Trustees of the Waring School, and served as the comptroller for the Sybaris Investment Partnership.

ECONOMICS AND
TECHNOLOGY, INC.

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.

2



*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York* (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

Mr. Weir has submitted the following testimony during the last four years:

**United States District Court, for the Central District of California,** *Kathleen Cadena, et al., v. American Honda Motor Company, Inc.*, Case No. 2:18-cv-04007-MWF-MAA, on behalf of Gibbs Law Group, LLP, Declaration submitted on August 11, 2023.

**United States District Court, for the Eastern District of Michigan,** *Edward Pistorio, Paul Murdock, Daniel Przekop, Hasan Aktulga, Sandra and Thomas Kloszewski, Randall Courtney, Corey Gerritsen, Sara Elice, Justin Bagley and Elizabeth Bagley, and Marcus Swindle on behalf of themselves and all others similarly situated, v. FCA US LLC*, Case No.: 2:20-cv-11838-SFC-RSW, on behalf of Capstone Law APC, Declaration submitted on July 31, 2023.

**United States District Court, District of Minnesota,** *Teeda Barclay, Jay Ovsak, and Nicole Nordick, individually, and on behalf of others similarly situated, v. iFIT Health & Fitness, Inc. f/k/a Icon Health & Fitness, Inc., and Nordictrack, Inc.*, Case No. 0:19-cv-02970-ECT-DTS, on behalf of Markovits, Stock & DeMarco, LLC, Declaration submitted on July 14, 2023; Deposition on August 9, 2023.

**United States District Court, Eastern District of Michigan, Southern Division,** *Bobby Roe, et al., individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:18-cv-12528-LGM-APP, on behalf of Kessler Topaz Meltzer & Check LLP, declaration submitted on June 28, 2023.

**United States District Court, for the Central District of California, Eastern Division**, *Sarah McCracken, Individually and on behalf of all others similarly situated, v. KSF Acquisition Corporation*, Case No. 5:22-cv-01666, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on May 24, 2023.

**United States District Court, Northern District of California, Oakland Division,** *Jonathan Rusoff and Joseph Gambino, on behalf of themselves and all others similarly situated, v. The Happy Group, Inc., a corporation; and DOES 1 through 10, inclusive*, Case No. : 4: 21-cv-08084-YGR, on behalf of The Wand Law Firm, Declaration submitted on April 11, 2023; Deposition on May 10, 2023; Reply Declaration submitted on July 18, 2023.



**United States District Court, Northern District of Illinois,** *Justin O'Connor, Stanislaw Zielinski, Daniel Fair, Bryan Smith, Jason Steen, William Fiedler, Michael Barcelona, Robert Marino, Brian Dougherty, Susan Heller, Victor M. Orndorff, and Michael McDonald on behalf of themselves and all others similarly situated, v. Ford Motor Company*, Case No. 1:19-cv-05045, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on March 30, 2023; Reply Declaration submitted on June 1, 2023; Deposition on June 15, 2023.

**United States District Court, Northern District of California, Oakland Division,** *In re: Plum Baby Food Litigation*, Case No. 21-cv-00913-YGR, on behalf of Lockridge Grindal Nauen P.L.L.P., Declaration submitted on December 20, 2022; Deposition on February 27, 2023.

**United States District Court, Northern District of California,** *Lisa M. Moore, individually and on behalf of all others similarly situated, v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC; Pfizer Inc.*, Case No. : 4:20-cv-09077-JSW, on behalf of Clarkson Law Firm and Moon Law APC, Declaration submitted on December 7, 2022; Deposition on April 13, 2023.

**United States District Court, Southern District of California,** *Montiqueno Corbett, Damaris Luciano, and Rob Dobbs, individually and on behalf of all others similarly situated, v. Pharmacare U.S., Inc.*, Case No. : 3:21-cv-00137-GPC-AG, on behalf of Milberg LLC, Declaration submitted on September 30, 2022; Declaration submitted on March 22, 2023; Deposition on April 10, 2023; Supplemental Declaration submitted on April 24, 2023.

**In the United States District Court, for the Eastern District of Texas, Sherman Division,** *William Squires, Jesse Badke, Ahmed Khalil, Michelle Nidever, John Murphy, Kevin Neuer, Nicholas Williams and Donna Sue Scott, on behalf of themselves and all others similarly situated, v. Toyota Motor Corp, Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A., Inc.*, Case No. : 4:18-cv-00138, on behalf of Berger Montague, P.C., Declaration submitted September 29, 2022; Deposition on October 27, 2022; Reply Declaration submitted December 21, 2022.

**United States District Court, Northern District of California,** *Anthony Bush, individually and on behalf of all others similarly situated, v. Rust-Oleum Corporation* Case No. : 3:20-cv-03268-LB, on behalf of Clarkson Law Firm and Moon Law, Declaration submitted on September 27, 2022; Deposition on February 8, 2023.

**United States District Court, Southern District of California,** *William D. Petterson, individually and on behalf of all others similarly situated, v. Circle K Stores Inc.*, Case No. 3:21-cv-00237-RBM-BGS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 22, 2022; Deposition on October 11, 2022.



**Superior Court of the State of California, For the County Of Santa Clara,** *Elizabeth J. VanCleave,  and Katherine Hassan, individually and on behalf of a class of similarly situated individuals, v. Abbott Laboratories*, Case No.  19CV345045, on behalf of Goldstein, Borgen, Dardarian & Ho, Declaration submitted on September 19, 2022; Reply Declaration submitted on January 10, 2023; Deposition on February 1, 2023.

**United States District Court, Southern District of New York,** *Asher Haft, Robert Fisher, and Cheryl Jones, individually and on behalf of all others similarly situated, v. Haier US Appliance Solutions, Inc. d/b/a GE Appliances*, Case No.: 1:21-cv-00506-GHW, on behalf of Milberg LLC, Declaration submitted on August 12, 2022.

**United States District Court for the District of Delaware,** *Michael Ninivaggi, Jake Mickey and Cailin Nigrelli, individually and on behalf of all others similarly situated, v. University of Delaware,* Case No. 20-cv-1478-SB, and *Hannah Russo, individually and on behalf of all others similarly situated, v. University of Delaware*, Case No. 20-cv-1693-SB, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 1, 2022; Declaration submitted on August 1, 2022; Deposition on August 19, 2022; Reply Declaration submitted September 30, 2022.

**United States District Court, Central District of California,** *Kimberly Banks and Carol Cantwell, on behalf of themselves and all others similarly situated, v. R.C. Bigelow, Inc., a corporation; and DOES 1 through 10, inclusive,* Case No.: 20-cv-06208-DDP (RAOx), on behalf of The Wand Law Firm, Declaration submitted on June 17, 2022; Rebuttal Declaration submitted October 3, 2022.

**United States District Court, Central District of California,** *Mocha Gunaratna and Renee Camenforte, individually and on behalf of all others similarly situated, v. Dr. Dennis Gross Skincare, LLC, a New York Limited Liability Company*, Case No. 2:20-cv-02311-MWF-GJS, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on March 30, 2022; Deposition on May 20, 2022; Reply Declaration submitted on September 22, 2022.

**Superior Court of the State of California, County of Santa Clara,** *Lance Dutcher, individually and on behalf of all others similarly situated, v. Google LLC, d/b/a YouTube, and YouTube LLC,* Case No. 20CV366905, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 2, 2022; Deposition on May 17, 2022; Reply Declaration submitted on August 2, 2022; Declaration submitted on May 2, 2023.

**United States District Court, Middle District of Tennessee, Nashville Division,** *In re Nissan North America, Inc. Litigation; Lakeita Kemp, individually and on, behalf of all others similarly situated v. Nissan North America, Inc., and Nissan Motor Co., Ltd.*, Cases Nos. 3:19-cv-00843, Case No. 3:19-cv-00854, on behalf of DiCello Levitt Gutzler, Declaration submitted February 28, 2022; Deposition on August 25, 2022; Reply Declaration submitted on November 15, 2022.



**In the Court of Claims, for the State of Ohio,** *Autumn Adams, individually and on behalf of all others similarly situated v. University of Cincinnati*, Case No. 2021-00458JD, on behalf of Bursor & Fisher, P.A., Declaration submitted February 11, 2022; Deposition on August 10, 2022; Reply Declaration submitted on November 16, 2022.

**United States District Court, Northern District of California, San Francisco Division,** *Eric Fishon, individually and on behalf, of all others similarly situated, v. Premier Nutrition Corporation f/k/a Joint Juice, Inc.*, Case No. 3:16-cv-06980-RS, on behalf of Blood, Hurst, & O'Reardon, LLP, Expert Report submitted January 24, 2022; Deposition on March 11, 2022; Oral Testimony and Cross Examination on May 31, 2022.

**Superior Court for the State of California, for the County of Alameda,** *Michelle Moran, an individual on behalf of herself and all others similarly situated, v. S.C. Johnson & Son, Inc.*, Case No.: RG20067897, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on November 12, 2021.

**United States District Court, Eastern District of Michigan,** *Chapman, et al., v. General Motors, LLC*, Case No. 2:19-cv-12333-TGB-DRG, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on November 10, 2021; Declaration submitted on March 1, 2022; Deposition on April 13, 2022; Reply Declaration submitted on June 16, 2022.

**United States District Court, Central District of California,** *Terry Sonneveldt, Esther Wright Schneider, Michael Bibbo, Alan Meshberg, Brian Hume, Amie Levasseur, Jean Levasseur, Christopher Lacasse, Beth Pickerd, Dan Pickerd, Tim Halwas, Erin Matheny, Lewis Delvecchio, Jon Sowards, Lawrence Bohana, Monika Bohana, David Dennis, Jacqueline S. Aslan, Michael Gilreath, and Renatta Gilreath, individually and on behalf of all others similarly situated, v. Mazda Motor of America, Inc. D/B/A Mazda North American Operations and Mazda Motor Corporation*, Case No.: 8:19-cv-01298-JLS-KES, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on November 3, 2021; Declaration submitted on March 11, 2022; Deposition on April 4, 2022; Declaration submitted July 26, 2022.

**United States District Court, Southern District of Texas, Corpus Christi Division,** *Tyler Allen Click, Troy Bowen, Bailey Henderson, Ethan Galan, Luis G. Ochoa Cabrera, Homero Medina, Michael Guidroz, Scott A. Hines, Bryan J. Tomlin, Quentin Alexander, and Jacqueline  Bargstedt, individually and on behalf of all others similarly situated, v. General Motors LLC*, Case No. 2:18-cv-00455-NGR, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on October 12, 2021.

**In the Court of Claims, for the State of Ohio,** *Lawrence Keba, individually and on behalf of all others similarly situated v. Bowling Green University*, Case No. 2020-00639JD, on behalf of Bursor & Fisher, P.A., Declaration submitted September 29, 2021; Reply Declaration submitted on November 26, 2021; Declaration submitted on March 31, 2023.



**In the Court of Claims, for the State of Ohio,** *Mackenzie Weiman and Sarah Baumgartner, on behalf of themselves and all others similarly situated v. Miami University*, Case Nos. 2020-00614JD and 2020-00644JD, on behalf of Bursor & Fisher, P.A., Declaration submitted September 29, 2021; Reply Declaration submitted on November 10, 2021.

**United States District Court, Southern District of New York,** *Eric Fishon and Alicia Pearlman, individually and on behalf of all others similarly situated, v. Peloton Interactive, Inc.*, Case No. 1:19-cv-11711-LJL, on behalf of DiCello Levitt Gutzler and Keller Lenkner, Declaration submitted September 15, 2021; Deposition on October 12, 2021; Reply Declaration submitted on November 1, 2021; Declaration submitted on October 17, 2022; Reply Declaration submitted on November 30, 2022.

**In the Court of Claims, for the State of Ohio,** *Caitlyn Waitt and Jordan Worrell v. Kent State University*, Case No. 2020-00392JD, on behalf of Bursor & Fisher, P.A., Declaration submitted September 15, 2021; Reply Declaration submitted on November 11, 2021.

**United States District Court, Northern District of California,** *Christopher Julian, Mark Pacana, Paul Fiskratti, and Wayne Lewald, on behalf of themselves and all others similarly situated, v. TTE Technology, Inc., dba TCL North America*, Case No. 3:20-cv-02857-EMC, on behalf of Milberg LLC, Declaration submitted on August 27, 2021; Deposition on October 2, 2021.

**United States District Court for the Northern District of California,** *Sherris Minor, as an individual, on behalf of herself, the general public and those similarly situated, v. Baker Mills, Inc.; and Kodiak Cakes, LLC*, Case No. 20-cv-02901-RS, on behalf of Gutride Safier, LLP, Declaration submitted August 2, 2021; Deposition on September 2, 2021; Reply Declaration submitted on October 18, 2021.

**In the Court of Claims, for the State of Ohio,** *Lily Zahn v. Ohio University*, Case No. 2020-00371JD, and *Gila Duke, individually and on behalf of all others similarly situated, v. Ohio University*, Case No. 2021-00036JD, on behalf of Bursor & Fisher, P.A., Declaration submitted July 30, 2021; Deposition on October 6, 2021; Reply Declaration submitted on December 2, 2021; Oral Testimony and Cross Examination on January 18, 2022.

**In the Court of Claims, for the State of Ohio,** *Brooke Smith, individually and on behalf of all others similarly situated, v. The Ohio State University*, Case No. 2020-00321JD, on behalf of Bursor & Fisher, P.A., Declaration submitted June 24, 2021; Deposition on August 26, 2021; Reply Declaration submitted on September 29, 2021.

**United States District Court, Eastern District of California,** *Felix Obertman, individually and on behalf of all others similarly situated, v. Electrolux Home Products, Inc.*, Case No. 2:19-cv-02487-KJM-AC, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 14, 2021; Reply Declaration submitted on November 18, 2021.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Central District of California,** *Delaney Sharpe, Erin Weiler, Jenna Leder, and Adriana DiGennaro, on behalf of themselves and all others similarly situated, v. GT's Living Foods, LLC,* Case No. 2:19-cv-10920-FMO-GJS, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 2, 2021; Deposition on June 30, 2021.

**United States District Court, Southern District of New York,** *In re: Elysium Health - ChromaDex Litigation*, Case No. 1:17-cv-07394-LJL, on behalf of Frankfurt Kurnit Klein & Selz PC, Declaration submitted on April 20, 2021; Deposition, on April 26, 2021; Declaration submitted on June 4, 2021.

**United States District Court, Southern District of Texas, Corpus Christi Division,** *Darren Fulton and Craig Jude Broussard, each plaintiff is a citizen of the State of Texas, and each plaintiff individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:18-cv-00456, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 15, 2021; Deposition on April 16, 2021; Reply Declaration submitted on July 21, 2021.

**United States District Court, Southern District of California,** *Michael Testone, Collin Shanks, and Lamartine Pierre, on behalf of themselves, all others similarly situated, and the general public,v. Barlean's Organic Oils, LLC,* Case No. 3:19-cv-00169-JLS-BGS, on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on March 1, 2021; Reply Declaration submitted on May 27, 2021; Declaration submitted on February 11, 2022; Deposition on March 25, 2022.

**In The United States District Court, For the District of New Hampshire,** *Derick Ortiz, individually and on behalf of all others similarly situated, v. Sig Sauer, Inc.*, Case No.: 1:19-cv-01025-JL, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 26, 2021; Rebuttal Declaration submitted on July 28, 2021; Supplemental Declaration submitted on August 6, 2021; Declaration submitted on August 13, 2021; Oral Testimony and Cross Examination on May 4, 2022.

**United States District Court, Western District of Washington,** *Tamara Lohr and Ravikiran Sindogi, on behalf of themselves and all others similarly situated, v. Nissan North America, Inc., and Nissan Motor Co., LTD.*, Case No.: 2:16-cv-01023-RSM and United States District Court, Northern District of California, San Francisco Division, *Sherida Johnson, Subrina Seenarain, Chad Loury, Linda Spry, Lisa Sullivan, and April Ahrens on behalf of themselves and all others similarly situated, v. Nissan North America, Inc.*, Case No.: 3:17-cv-00517-WHO, on behalf of Simmons Hanly Conroy LLC; Declaration submitted on February 16, 2021; Deposition on May 5, 2021; Reply Declaration submitted on August 13, 2021.

**Superior Court of the State of California, County of Alameda,** *Donna Connary, Zoriana Pawluk-Florio, Adrienne Andry, and Paul Terrecillas, on behalf of themselves and all others similarly situated, v. S.C. Johnson & Son, Inc.*, Case No. RG20061675, on behalf of Feinstein Doyle Payne & Kravec, LLC; Settlement Declaration submitted on February 16, 2021.



**United States District Court, Western District of New York,** *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, Case MDL No. 1:19-md-2903, on behalf of Beasley Allen Law Firm, Declaration submitted on February 8, 2021; Deposition on March 11, 2021; Brief Reply Declaration submitted on September 24, 2021; Oral Testimony and Cross Examination on September 27, 2021; Reply Declaration submitted on October 13, 2021.

**Superior Court for The State of California, County of Los Angeles,** *Daniel Prescod, individually and on behalf of all others similarly situated, v. Celsius Holdings, Inc. and Does 1 through 10, inclusive*, Case No. 19STCV09321, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on December 23, 2020; Deposition on April 14, 2021; Reply Declaration submitted on July 1, 2021.

**United States District Court, Central District of California,** *Sharon Willis, individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co.*, Case No. 2:19-cv-08542-JGB-RAOx, on behalf of Bursor & Fisher, P.A.; Declaration submitted on December 17, 2020; Deposition on March 30, 2021; Reply Declaration submitted on July 15, 2021.

**United States District Court, Northern District of California,** *Gordon Noboru Yamagata, and Stamatis F. Pelardis, individually and on behalf of all others similarly situated, v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529-VC, on behalf of Blood, Hurst, & O'Reardon, LLP, Expert Report submitted December 4, 2020; Expert Report submitted December 15, 2020; Deposition on January 19, 2021.

**In the United States Court of Federal Claims,** *Bryndon Fisher, individually and on behalf of all others similarly situated, v. The United States of America,* Case No. 15-1575C, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on December 3, 2020; Reply Declaration submitted on October 29, 2021.

**United States District Court, for the Southern District of Ohio, Western Division,** *Laura Bechtel and Troy Thoennes, on behalf of themselves and all others similarly situated, v. Fitness Equipment Services, LLC, dba SOLE Fitness*, Case No. 1:19-cv-00726-MRB, on behalf of Markovits, Stock & DeMarco, LLC, Declaration submitted on December 2, 2020; Reply Declaration submitted on June 14, 2021.

**United States District Court, Northern District of California,** *Thomas Bailey, on behalf of himself and all others similarly situated, v. Rite Aid Corporation*, Case No. 4:18-cv-06926-YGR, on behalf of Greg Coleman Law, Declaration submitted October 19, 2020; Deposition on December 10, 2020; Reply Declaration submitted on March 16, 2021; Declaration submitted on May 3, 2022.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of California,** *Jeremiah Revitch, individually and on behalf of all others similarly situated, v. New Moosejaw, LLC and Navistone, Inc.*, Case No. 3:18-cv-06827-VC, on behalf of Bursor & Fisher P.A., Declaration submitted on September 28, 2020, Deposition on November 20, 2020.

**United States District Court, Southern District of Florida,** *Javier Cardenas, Rodney and Pamela Baker, Michelle Monge, and Kurt Kirton, individually and on behalf of all others similarly situated, v. Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Southeast Toyota Distributors, LLC*, Case No.: 18-cv-22798-CIV-FAM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on September 17, 2020; Declaration submitted on October 20, 2020; Deposition on November 12, 2020; Rebuttal Declaration submitted on November 24, 2020; Supplemental Declaration submitted on December 8, 2020; Rebuttal Declaration filed on December 9, 2020; Supplemental Declaration submitted on February 17, 2023; Oral Testimony and Cross Examination on March 7, 2023.

**United States District Court, Northern District of California,** *Ralph Milan, Sarah Aquino, and Elizabeth Arnold, on behalf of themselves, those similarly situated and the general public, v. Clif Bar & Company,* Case No. 3:18-CV-02354-JD, on behalf of Law Office of Paul K. Joseph, PC, Declaration submitted on September 17, 2020; Deposition on October 23, 2020; Reply Declaration submitted on November 27, 2020; Declaration submitted on March 2, 2021; Declaration submitted on April 9, 2021; Deposition on May 7, 2021.

**Superior Court of The State of California, County of Orange,** *William Brady, on behalf of himself and all others similarly situated, v. Bayer AG; Bayer Corporation; Bayer Healthcare LLC; and Does 1 through 10, inclusive*, Case No. 0-2016-00839608-CU-MC-CXC, on behalf of Wolf Haldenstein Adler Freeman & Herz LLP, Declaration submitted on September 9, 2020; Deposition on December 4, 2020.

**United States District Court, for the Southern District of New York,** *Matthew Chamlin, individually and on behalf of all others similarly situated, v. Johnson & Johnson and McNeil Nutritionals, LLC*, Case No. 1:19-cv-03852-AJN-DCF, on behalf of Bursor & Fisher P.A., Declaration submitted on August 14, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *Daniel Zeiger, Individually, and on Behalf of All Others Similarly Situated, v. Wellpet LLC, A Delaware Corporation*, Case No. 3:17-CV-04056-WHO, on behalf of Gustafson Gluek PLLC, Declaration submitted on June 29, 2020.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Central District of California, Western Division,** *Roberta Bilbrey, Jimmy Banh, Lawrence Goldman, Mark Peoples, Jamal Samaha, George Quinlan, Kara Drath, Gary Hanna, Sarah Gravlin, Caitlin Kremer, Cindy Ortiz, Alexis Chisari, Robert Moss, Michael Brumer, Dave Jahsman, John Bartholomew, Vimal Lawrence, Kayce Kleehamer, Mark Klein, Brian Klein, Charles Denaro, Adam Pryor, Srikarthik Subbarao, Daniel Allan, Paul Gonzales, Eric Faden, Hamilton Hines, And Kristen Gratton, on behalf of themselves and all others similarly situated, v. American Honda Motor Co., Inc., a California Corporation*, Case No.: 2:19-cv-05984 RGK (ASx), on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on April 9, 2020; Reply Declaration submitted on May 18, 2020; Deposition on June 12, 2020; Declaration submitted July 24, 2020.

**United States District Court, Central District of California,** *Will Kaupelis and Frank Ortega, individually and on behalf of all others similarly situated, v. Harbor Freight Tools, Inc.*, Case No. 8:19-cv-1203-JVS-DFM, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 2, 2020; Deposition on May 28, 2020; Reply Declaration submitted on September 8, 2020.

**Superior Court of the State of California, County of Los Angeles,** *Jeffrey Koenig, on behalf of himself and all others similarly situated, v. Vizio, Inc.*, Case No. BC 702266, on behalf of Greg Coleman Law, Declaration submitted February 27, 2020; Deposition on April 30, 2020; Reply Declaration submitted on July 13, 2020; Declaration submitted on August 31, 2021; Deposition on October 15, 2021; Supplemental Declaration submitted on May 2, 2022; Deposition on May 12, 2022; Supplemental Declaration submitted January 16, 2023; Deposition on February 13, 2023.

**United States District Court, Northern District of California, San Francisco Division,** *Kym Pardini and Carrie Wood, on behalf of themselves and all others similarly situated, v. Unilever United States, Inc., a Delaware corporation*, Case No. 3:13-cv-01675-SC, on behalf of the Eureka Law Firm, Declaration submitted on February 21, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *Jennifer Nemet, Norbert Kahlert, Angela Matt Architect, Inc., Eddie Field, Tonya Dreher, Adam Schell, Bryan Sheffield, Darryl Lecours, Gisbel De La Cruz, Derek Winebaugh, Michael Skena, Melissa St. Croix, Andrew Olson, John Kubala, Brendan Daly, Steven Ferdinand, Ken Galluccio, Steven Rawczak, Mark Miller, Sven Hofmann, Thomas Siehl, III, Adam Schell, Bradley Conner, Benjamin Tyler Dunn, Ingrid Salgado, Michael Bowman, and Jon Mosley, on behalf of themselves and all others similarly situated, v. Volkswagen Group of America, Inc., Volkswagen AG, Audi AG, Audi of America, LLC, Robert Bosch Gmbh, Robert Bosch LLC, Richard Dorenkamp, Heinz-Jakob Neusser, Jens Hadler, Bernd Gottweis, Oliver Schmidt, and Jurgen Peter,* Case No. 3:17-cv-04372-CRB, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on February 14, 2020; Reply Declaration submitted on April 30, 2020; Deposition on July 22, 2020.



**United States District Court, Norther District of California, San Francisco Division,** *Vicky Maldonado and Justin Carter, individually and on behalf of themselves and all others similarly situated, v. Apple Inc., Applecare Service Company, Inc., and Apple CSC, Inc.,* Case No. 3:16-cv-04067-WHO, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on February 11, 2020; Deposition on March 12, 2020; Supplemental Declaration submitted on September 14, 2020; Deposition on November 17, 2020.

**United States District Court, District of New Jersey,** *Brian Gozdenovich, on behalf of himself and all others similarly situated, v. AARP, Inc., AARP Services Inc., AARP Insurance Plan, Unitedhealth Group, Inc., and Unitedhealthcare Insurance Company,* Case No. 9:18-cv-81258-DMM, on behalf of Bursor & Fisher, P.A., Declaration submitted on January 29, 2020; Declaration submitted on March 26, 2020; Deposition on July 1, 2020; Rebuttal Declaration submitted on July 9, 2020..

**United States District Court, for the Central District of California, Western Division,** *Toya Edwards, on behalf of herself and all others similarly situated, v. Walmart Inc*., Case No. 1:18-cv-9655, on behalf of Simmons Hanly Conroy LLC, Declaration submitted on December 6, 2019; Deposition on January 9, 2020; Reply Declaration submitted on February 27, 2020; Reply Declaration submitted on June 28, 2021.

**United States District Court, District Of Connecticut,** *William Montgomery and Donald Wood Jr., individually and on behalf of all others similarly situated, v. Stanley Black & Decker, Inc., d/b/a Craftsman*, Case No. 3:19-cv-01182-AVC, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 15, 2019.

**United States District Court, Central District of California,** *Paul Stockinger, Elizabeth Stockinger, Basudeb Dey, Gailyn Kennedy, Eliezer Casper, Yvette Alley, and Norman Beil on behalf of themselves and all others similarly situated, v. Toyota Motor Sales, U.S.A., Inc., a California corporation*, Case No.: 17-cv-00035-VAP-KS, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on September 13, 2019; Deposition on October 10, 2019; Reply Declaration submitted on December 12, 2019.

**United States District Court, Southern District of California,** *Patrick McMorrow, Marco Ohlin and Melody DiGregorio, on behalf of themselves, all others similarly situated and the general public, v. Mondelez International, Inc*., Case No. 3:17-cv-02327-BAS-JLB, on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on August 30, 2019; Deposition on October 1, 2019; Omnibus Declaration submitted on December 9, 2019; Declaration submitted on May 4, 2020; Omnibus Declaration submitted on August 28, 2020; Declaration submitted on May 14, 2021; Rebuttal Declaration submitted on July 2, 2021.

**United States District Court for the Eastern District of Wisconsin,** *Scott Weaver, individually and on behalf of a class of similarly situated individuals, v. Champion Petfoods USA, Inc. and Champion Petfoods LP*, Case No. 2:18-cv-01996-JPS, on behalf of Gustafson Gluek PLLC, Deposition on August 22, 2019.



**United States District Court, Eastern District Of Michigan, Southern Division,** *Suresh Persad, Daniel G. Wright and Robert S. Drummond, individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:17-cv-12599-TGB-MKM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on November 26, 2019.

**United States District Court, Southern District of Florida, Fort Lauderdale Division,** *Milita Barbara Dolan, on behalf of herself and all others similarly situated, v. Jetblue Airways Corporation*, CASE NO.: 18-cv-62193-RNS, on behalf of Robbins Geller Rudman & Dowd, LLP, Deposition on October 25, 2019.

**United States District Court, Northern District of California,** *Joseph Gregorio, Patrick Quiroz and Adam Cooper individually and on behalf of all others similarly situated, v. The Clorox Company,* Case 4:17-cv-03824-PJH, on behalf of Bursor & Fisher, P.A., Reply Declaration submitted on August 21, 2019.

**United States District Court, Central District of California, Western Division,** *Barry Braverman, et al., v. BMW of North America, LLC, et al.*, Case No. 8:16-cv-00966-TJH-SS, on behalf of Hagens Berman Sobol Shapiro LLP, Reply Declaration submitted on September 16, 2019; Supplemental Declaration submitted on July 6, 2020.

**United States District Court, Northern District of California,** *Debbie Krommenhock and Stephen Hadley, on behalf of themselves, all others similarly situated, and the general public, v. Post Foods, LLC,* Case No. 3:16-cv-04958-WHO (JSC), on behalf of Law Offices of Jack Fitzgerald, PC, Supplemental Declaration submitted on November 16, 2020; Declaration submitted on January 18, 2021.

**United States District Court, Southern District of New York,** *Anne De Lacour, Andrea Wright, and Loree Moran individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co., and Tom's of Maine Inc.*, Case No. 1:16-cv-08364-RA, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 21, 2020; Reply Declaration submitted April 9, 2020; Declaration submitted on July 22, 2022; Deposition on September 9, 2022.

**United States District Court, Northern District of California,** *Stephen Hadley, on behalf of himself, all others similarly situated, and the general public, v. Kellogg Sales Company*, Case No. 5:16-cv-04955-LHK-HRL, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted on October 21, 2019; Declaration submitted on July 16, 2020; Declaration submitted on March 10, 2021.

**United States District Court, Southern District of Ohio,** *Tom Kondash, on behalf of himself and all others similarly situated, v. Kia Motors America, Inc., and Kia Motors Corporation*, Case No. 1:15-cv-00506-SJD, on behalf of Gibbs Law Group, LLP, Supplemental Declaration submitted on September 23, 2019.



**United States District Court, Northern District of California,** *Sandra McMillion, Jessica Adekoya and Ignacio Perez, on Behalf of Themselves and all Others Similarly Situated, v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR, on behalf of Bursor & Fisher, P.A., Oral Testimony and Cross Examination May 7 - 8, 2019.

**United States District Court, Eastern District Of New York, Brooklyn Division,** *Reply All Corp., v. Gimlet Media, Inc.,* Case No. 15-cv-04950-WFK-PK, on behalf of Wolf, Greenfield & Sacks, P.C., Declaration submitted on September 13, 2019; Deposition on October 16, 2019.

**United States District Court, Eastern District of New York,** *D. Joseph Kurtz, individually and on behalf all others similarly situated, v. Kimberly-Clark Corporation and Costco Corporation*, Case No. 14-01142-JBW, on behalf of Robbins Geller Rudman & Dowd LLP; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Eastern District of New York,** *Anthony Belfiore, on behalf of himself and all others similarly situated, v. Procter & Gamble*, Case No. 14-04090-JBR, on behalf of Wolf Popper LLP; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Northern District of California, San Francisco Division,** *Erin Allen, on behalf of herself and all others similarly situated, v. Con Agra Foods, Inc.*, Case No. 13-cv-01279-VC, on behalf of Hagens Berman Sobol Shapiro LLP and The Eureka Law Firm; Declaration submitted on February 28, 2020.

Mr. Weir has provided expert testimony since 2007, served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional projects, publications and testimony at the state, federal, and international levels.



# Exhibit 2

# Documents Reviewed

- First Amended Class Action Complaint, filed July 20, 2022.

- Declaration and Expert Report of J. Michael Dennis, Ph.D., August 16, 2023.

- Case, Fair & Oster, Principles of Microeconomics, 9th Edition, 2009.

- Sawtooth Software technical papers, available online at

http://www.sawtoothsoftware.com/support/technical-papers.

- *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013).

https://www.analysisgroup.com/Insights/ag-feature/analysis-group-forum/winter-2013-

forum/when-all-natural-may-not-be/

- *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al*.

- Khoday v. Symantec Corp., No. 11-180 (JRT/TNL), (2014 WL 1281600, at *10 (D. Minn.

March 13, 2014)

- Sanchez-Knutson v. Ford Motor Company, 310 F.R.D. 529, 538-39 (S.D. Fl. 2015)

- In re: Lenovo Adware Litigation, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016)

- Guido v. L'Oreal, USA, Inc., 2014 WL 6603730, at *5, *10-*14 (C.D. Cal. July 24, 2014)

- Brown v. Hain Celestial Group, Inc., 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014)

- Microsoft v. Motorola, Inc., 904 F.Supp.2d 1109, 1119-20 (W.D. Wa. 2012)

- In re Scotts EZ Seed Litig., 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015)

- Dzielak v. Maytag, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017)

- Dei Rossi v. Whirlpool Corp., No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574

(E.D. Cal. Apr. 27, 2015)

- TV Interactive Data Corp. v. Sony Corp., 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013)

- Briseno v. ConAgra Foods, Inc., 844 F.3d 1121 (9th Cir. 2017)

- Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc., 2018 WL 3126385 (N.D. Cal. June 26,

2018)

- In Re Arris Cable Modem Consumer Litig., 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10,

2018)

- Hadley v. Kellogg Sales Co., 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018)

- Martinelli v. Johnson & Johnson, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019)

- Dei Rossi v. Whirlpool Corp., No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574 (E.D. Cal. Apr. 27, 2015)

- Krommenhock v. Post Foods, LLC, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020)

- Hudock v. LG Elecs. USA, Inc., 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020)

- Koenig v. Vizio, Inc., Los Angeles Superior Court Case No. BC702266 (L.A. Super. Ct. Aug. 24, 2020)

- Banh v. American Honda Motor Co., Inc., 2020 WL 4390371 (C.D. Cal. July 28, 2020)

- Kaupelis v. Harbor Freight Tools, Inc., 2020 WL 5901116 (C.D. Cal. Sep. 23, 2020)

- McMorrow v. Mondelez Int'l Inc., Case No. 17-cv-2327-BAS-JLB, 2021 WL 859137, (S.D. Cal. Mar. 8, 2021)

- Prescod v. Celsius Holdings, Inc., Case No. 19STCV09321 (Cal. Super. Ct. Cnty. L.A. Aug. 2, 2021)

- Cardenas v. Toyota Motor Corp., Case No.: 18-cv-22798, 2021 U.S. Dist. LEXIS 152920 (S.D. Fla. Aug. 12, 2021)

- Bechtel v. Fitness Equipment Svcs., LLC, No. 1:19-CV-726, 2021 WL 4147766, at (S.D. Ohio Sep. 12, 2021)

- Milan v. Clif Bar & Co., Case No. 18-cv-02354-JD, 2021 WL 4427427, (N.D. Cal. Sep. 27, 2021)

- Testone v. Barlean's Organic Oils, Case No. 19-cv-169-JLS (BGS), 2021 WL 4438391, (S.D. Cal. Sep. 28, 2021)

- Johnson v. Nissan N. Am., Inc., 2022 WL 2869528, (N.D. Cal. July 21, 2022)

- Sonneveldt v. Mazada, 2022 WL 17357780, Order Granting-in-Part Def's Mot. to Exclude (C.D. Cal. Oct. 21, 2022)

- Willis v. Colgate Palmolive Co., No. CV 19-8542 JGB (RAOx), ECF No. 105 (C.D. Cal Jan. 5, 2023)

- Chapman v. General Motors, Case No. 2:19-CV-12333-TGB-DRG, 2023 WL 2745161 (E.D. Mich. Mar. 31, 2023)

- Gunaratna v. Dennis Gross Cosmetology LLC, Case No. CV 20-2311-MWF (GJSx), 2023 WL 2628620 (C.D. Cal. Mar. 15, 2023)

- Banks v. R.C. Bigalow, Inc., No. 20-CV-06208 DDP (RAOx) (C.D. Cal. Jul. 31, 2023)

- *Getting Started With Conjoint Analysis: Strategies for Product Design and Pricing Research*, Bryan K. Orme, Research Publishers 2020.

- *Estimating Consumers' Willingness to Pay for Health Food Claims: A Conjoint Analysis*, Mitsunori Hirogaki, International Journal of Innovation, Management and Technology, Vol. 4, No. 6, December 2013

- *Testing Consumer Perception of Nutrient Content Claims Using Conjoint Analysis*, Drewnowski, Adam *et al*., Public Health Nutrition: 13(5), 688–694

- *Evaluation of Packing Attributes of Orange Juice on Consumers' Intention to Purchase by Conjoint Analysis and Consumer Attitudes Expectation*, Gadioli, I. L. et al., Journal of Sensory Studies 28 (2013):57-65

- *How does origin labelling on food packaging influence consumer product evaluation and choices? A systematic literature review,* John Thøgersen,  Food Policy, Volume 119 (2023) 102503, https://doi.org/10.1016/j.foodpol.2023.102503.

- *Estimating Consumer Willingness to Pay for Country-of-Origin Labeling*, Maria L. Loureiro and Wendy J. Umberger, Journal of Agricultural and Resource Economics 28(2):287-301 (2003).

- *Italian Food? Sounds Good! Made in Italy and Italian Sounding Effects on Food Products' - Assessment by Consumers*., Bonaiuto F, De Dominicis S, Ganucci Cancellieri U, Crano WD, Ma J and Bonaiuto M Front. Psychol. (2021) 12:581492.

- Declaration of Eric K. Swanholt, filed August 18. 2022, Exhibit C (Trademark Docs).

 - BarillaGroup.com

- Barilla.com

- Winlandfoods.com

- TreeHouse Foods, 10-K Annual Report

- Target Corporation, 10-K Annual Report

- Walmart, Inc., 10-K Annual Report

- Kroger Co.,, 10-K Annual Report

 -Publix Super Markets, 10-K Annual Report

- IRI data

- Defendant's Response to RFAs 1

- Defendant's Response to RFPs 1

- Defendant's Response to RFPs 2

- Defendant's Response to Interrogatories 1

- BB (01) Angel_2021.07.30_1 Front (00076808501063) [BAI-CA_2]

- BB (01) Angel_2021.07.30_2 Back (00076808501063) [BAI-CA_4]

- BB (01) Angel_2021.07.30_3 Side-Cook (00076808501063) [BAI-CA_3]

- BB (01) Angel_2021.07.30_4 Side-Nutri (00076808501063) [BAI-CA_1]

- BB (02) Campanelle_2020.12.02_1 Front (00076808514339) [BAI-CA_5]

- BB (02) Campanelle_2020.12.02_2 Back (00076808514339) [BAI-CA_7]

- BB (02) Campanelle_2020.12.02_3 Side-Cook (00076808514339) [BAI-CA_6]

- BB (02) Campanelle_2020.12.02_4 Side-Nutri (00076808514339) [BAI-CA_8]

- BB (04) Ditalini_2021.06.09_2 Back (00076808280456) [BAI-CA_11]

- BB (04) Ditalini_2021.06.09_3 Side-Cook (00076808280456) [BAI-CA_10]

- BB (04) Ditalini_2021.06.09_4 Side-Nutri (00076808280456) [BAI-CA_12]

- BB (04) Ditalini_2021.07.30_1 Front (00076808280456) [BAI-CA_9]

- BB (05) Elbows_2021.06.09_1 Front (00076808516135) [BAI-CA_13]

- BB (05) Elbows_2021.06.09_2 Back (00076808516135) [BAI-CA_15]

- BB (05) Elbows_2021.06.09_3 Side-Cook (00076808516135) [BAI-CA_14]

- BB (05) Elbows_2021.06.09_4 Side-Nutri (00076808516135) [BAI-CA_16]

- BB (06) Farfalle_2021.05.25_1 Front (00076808501087) [BAI-CA_17]

- BB (06) Farfalle_2021.05.25_2 Back (00076808501087) [BAI-CA_19]

- BB (06) Farfalle_2021.05.25_3 Side-Cook (00076808501087) [BAI-CA_18]

- BB (06) Farfalle_2021.05.25_4 Side-Nutri (00076808501087) [BAI-CA_20]

- BB (08) Fideo_2021.06.09_2 Back (00076808000733) [BAI-CA_23]

- BB (08) Fideo_2021.06.09_3 Side-Cook (00076808000733) [BAI-CA_22]

- BB (08) Fideo_2021.06.09_4 Side-Nutri (00076808000733) [BAI-CA_24]

- BB (08) Fideo_2021.07.30_1 Front (00076808000733) [BAI-CA_21]

- BB (09) Gemelli_2021.06.09_2 Back (00076808506433) [BAI-CA_27]

- BB (09) Gemelli_2021.06.09_3 Side-Cook (00076808506433) [BAI-CA_26]

- BB (09) Gemelli_2021.06.09_4 Side-Nutri (00076808506433) [BAI-CA_28]

- BB (09) Gemelli_2021.07.30_1 Front (00076808506433) [BAI-CA_25]

- BB (10) JumboShells_2021.04.08_1 Front (00076808517088) [BAI-CA_29]

- BB (10) JumboShells_2021.04.08_2 Back (00076808517088) [BAI-CA_31]

- BB (10) JumboShells_2021.04.08_3 Side-Cook (00076808517088) [BAI-CA_30]

- BB (10) JumboShells_2021.04.08_4 Side-Nutri (00076808517088) [BAI-CA_32]

- BB (11) LargeShells_2021.05.25_1 Front (00076808501124) [BAI-CA_33]

- BB (11) LargeShells_2021.05.25_2 Back (00076808501124) [BAI-CA_35]

- BB (11) LargeShells_2021.05.25_3 Side-Cook (00076808501124) [BAI-CA_34]

- BB (11) LargeShells_2021.05.25_4 Side-Nutri (00076808501124) [BAI-CA_36]

- BB (12) Linguine_2020.12.02_1 Front (00076808280173) [BAI-CA_41]

- BB (12) Linguine_2020.12.02_2 Back (00076808280173) [BAI-CA_43]

- BB (12) Linguine_2020.12.02_3 Side-Cook (00076808280173) [BAI-CA_42]

- BB (12) Linguine_2020.12.02_4 Side-Nutri (00076808280173) [BAI-CA_44]

- BB (13) LinguineFini_2020.12.02_1 Front (00076808280180) [BAI-CA_37]

- BB (13) LinguineFini_2020.12.02_2 Back (00076808280180) [BAI-CA_39]

- BB (13) LinguineFini_2020.12.02_3 Side-Cook (00076808280180) [BAI-CA_38]

- BB (13) LinguineFini_2020.12.02_4 Side-Nutri (00076808280180) [BAI-CA_40]

- BB (14) Manicotti_2020.12.02_1 Front (00076808517095) [BAI-CA_45]

- BB (14) Manicotti_2020.12.02_2 Back (00076808517095) [BAI-CA_47]

- BB (14) Manicotti_2020.12.02_3 Side-Cook (00076808517095) [BAI-CA_46]

- BB (14) Manicotti_2020.12.02_4 Side-Nutri (00076808517095) [BAI-CA_48]

- BB (15) MediumShells_2021.06.09_2 Back (00076808517989) [BAI-CA_51]

- BB (15) MediumShells_2021.06.09_3 Side-Cook (00076808517989) [BAI-CA_50]

- BB (15) MediumShells_2021.06.09_4 Side-Nutri (00076808517989) [BAI-CA_52]

- BB (15) MediumShells_2021.07.30_1 Front (00076808517989) [BAI-CA_49]

- BB (16) MezziRigatoni_2021.06.09_2 Back (00076808280838) [BAI-CA_55]

- BB (16) MezziRigatoni_2021.06.09_3 Side-Cook (00076808280838) [BAI-CA_54]

- BB (16) MezziRigatoni_2021.06.09_4 Side-Nutri (00076808280838) [BAI-CA_56]

- BB (16) MezziRigatoni_2021.07.30_1 Front (00076808280838) [BAI-CA_53]

- BB (17) MiniFarfalle_2021.06.09_2 Back (00076808535570) [BAI-CA_59]

- BB (17) MiniFarfalle_2021.06.09_3 Side-Cook (00076808535570) [BAI-CA_58]

- BB (17) MiniFarfalle_2021.06.09_4 Side-Nutri (00076808535570) [BAI-CA_60]

- BB (17) MiniFarfalle_2021.07.30_1 Front (00076808535570) [BAI-CA_57]

- BB (18) MiniPenne_2020.12.02_1 Front (00076808535600) [BAI-CA_61]

- BB (18) MiniPenne_2020.12.02_2 Back (00076808535600) [BAI-CA_63]

- BB (18) MiniPenne_2020.12.02_3 Side-Cook (00076808535600) [BAI-CA_62]

- BB (18) MiniPenne_2020.12.02_4 Side-Nutri (00076808535600) [BAI-CA_64]

- BB (19) MiniWheels_2020.12.02_1 Front (00076808535594) [BAI-CA_65]

- BB (19) MiniWheels_2020.12.02_2 Back (00076808535594) [BAI-CA_67]

- BB (19) MiniWheels_2020.12.02_3 Side-Cook (00076808535594) [BAI-CA_66]

- BB (19) MiniWheels_2020.12.02_4 Side-Nutri (00076808535594) [BAI-CA_68]

- BB (20) Mostaccioli_2021.06.09_2 Back (00076808280715) [BAI-CA_71]

- BB (20) Mostaccioli_2021.06.09_3 Side-Cook (00076808280715) [BAI-CA_70]

- BB (20) Mostaccioli_2021.06.09_4 Side-Nutri (00076808280715) [BAI-CA_72]

- BB (20) Mostaccioli_2021.07.30_1 Front (00076808280715) [BAI-CA_69]

- BB (21) Orzo_2021.07.30_1 Front (00076808513981) [BAI-CA_73]

- BB (21) Orzo_2021.11.03_2 Back (00076808513981) [BAI-CA_75]

- BB (21) Orzo_2021.11.03_3 Side-Cook (00076808513981) [BAI-CA_74]

- BB (21) Orzo_2021.11.03_4 Side-Nutri (00076808513981) [BAI-CA_76]

- BB (22) Pastina_2021.06.09_2 Back (00076808000474) [BAI-CA_79]

- BB (22) Pastina_2021.06.09_3 Side-Cook (00076808000474) [BAI-CA_78]

- BB (22) Pastina_2021.06.09_4 Side-Nutri (00076808000474) [BAI-CA_80]

- BB (22) Pastina_2021.07.30_1 Front (00076808000474) [BAI-CA_77]

- BB (23) Penne_2021.11.03_1 Front (00076808280739) [BAI-CA_81]

- BB (23) Penne_2021.11.03_2 Back (00076808280739) [BAI-CA_83]

- BB (23) Penne_2021.11.03_3 Side-Cook (00076808280739) [BAI-CA_82]

- BB (23) Penne_2021.11.03_4 Side-Nutri (00076808280739) [BAI-CA_84]

- BB (24) Pipette_2020.12.02_2 Back (00076808520071) [BAI-CA_87]

- BB (24) Pipette_2020.12.02_3 Side-Cook (00076808520071) [BAI-CA_86]

- BB (24) Pipette_2020.12.02_4 Side-Nutri (00076808520071) [BAI-CA_88]

- BB (24) Pipette_2021.07.30_1 Front (00076808520071) [BAI-CA_85]

- BB (25) Rigatoni_2021.05.27_1 Front (00076808502947) [BAI-CA_89]

- BB (25) Rigatoni_2021.05.27_2 Back (00076808502947) [BAI-CA_91]

- BB (25) Rigatoni_2021.05.27_4 Side-Nutri (00076808502947) [BAI-CA_92]

- BB (25) Rigatoni_2021.07.30_3 Side-Cook (00076808502947) [BAI-CA_90]

- BB (26) Rotini_2021.06.09_1 Front (00076808280982) [BAI-CA_93]

- BB (26) Rotini_2021.06.09_2 Back (00076808280982) [BAI-CA_95]

- BB (26) Rotini_2021.06.09_3 Side-Cook (00076808280982) [BAI-CA_94]

- BB (26) Rotini_2021.06.09_4 Side-Nutri (00076808280982) [BAI-CA_96]

- BB (27) Spaghetti_2020.12.02_1 Front (00076808280081) [BAI-CA_101]

- BB (27) Spaghetti_2020.12.02_2 Back (00076808280081) [BAI-CA_103]

- BB (27) Spaghetti_2020.12.02_3 Side-Cook (00076808280081) [BAI-CA_102]

- BB (27) Spaghetti_2020.12.02_4 Side-Nutri (00076808280081) [BAI-CA_104]

- BB (28) SpaghettiRigati_2020.12.02_1 Front (00076808521801) [BAI-CA_97]

- BB (28) SpaghettiRigati_2020.12.02_2 Back (00076808521801) [BAI-CA_99]

- BB (28) SpaghettiRigati_2020.12.02_3 Side-Cook (00076808521801) [BAI-CA_98]

- BB (28) SpaghettiRigati_2020.12.02_4 Side-Nutri (00076808521801) [BAI-CA_100]

- BB (29) ThickSpaghetti_2020.12.02_1 Front (00076808515046) [BAI-CA_105]

- BB (29) ThickSpaghetti_2020.12.02_2 Back (00076808515046) [BAI-CA_107]

- BB (29) ThickSpaghetti_2020.12.02_3 Side-Cook (00076808515046) [BAI-CA_106]

- BB (29) ThickSpaghetti_2020.12.02_4 Side-Nutri (00076808515046) [BAI-CA_108]

- BB (30) ThinSpaghetti_2020.12.02_1 Front (00076808280098) [BAI-CA_109]

- BB (30) ThinSpaghetti_2020.12.02_2 Back (00076808280098) [BAI-CA_111]

- BB (30) ThinSpaghetti_2020.12.02_3 Side-Cook (00076808280098) [BAI-CA_110]

- BB (30) ThinSpaghetti_2020.12.02_4 Side-Nutri (00076808280098) [BAI-CA_112]

- BB (31) Tri-ColorPenne_2020.12.02_1 Front (00076808002157) [BAI-CA_113]

- BB (31) Tri-ColorPenne_2020.12.02_2 Back (00076808002157) [BAI-CA_115]

- BB (31) Tri-ColorPenne_2020.12.02_3 Side-Cook (00076808002157) [BAI-CA_114]

- BB (31) Tri-ColorPenne_2020.12.02_4 Side-Nutri (00076808002157) [BAI-CA_116]

- BB (32) Tri-ColorRotini_2020.12.02_1 Front (00076808518290) [BAI-CA_117]

- BB (32) Tri-ColorRotini_2020.12.02_2 Back (00076808518290) [BAI-CA_119]

- BB (32) Tri-ColorRotini_2020.12.02_3 Side-Cook (00076808518290) [BAI-CA_118]

- BB (32) Tri-ColorRotini_2020.12.02_4 Side-Nutri (00076808518290) [BAI-CA_120]

- BB (33) Lasagne_2021.06.09_1 Front (00895059000619) [BAI-CA_121]

- BB (33) Lasagne_2021.06.09_2 Back (00895059000619) [BAI-CA_123]

- BB (33) Lasagne_2021.07.30_3 Side-Cook (00895059000619) [BAI-CA_122]

- BB (33) Lasagne_2021.07.30_4 Side-Nutri (00895059000619) [BAI-CA_124]

- BB (34) Ziti_2021.06.09_1 Front (00076808280746) [BAI-CA_125]

- BB (34) Ziti_2021.06.09_2 Back (00076808280746) [BAI-CA_127]

- BB (34) Ziti_2021.06.09_3 Side-Cook (00076808280746) [BAI-CA_126]

- BB (34) Ziti_2021.06.09_4 Side-Nutri (00076808280746) [BAI-CA_128]

- CA (35) Bucatini_1 Front (00076808004618) [BAI-CA_129]

- CA (35) Bucatini_2 Back (00076808004618) [BAI-CA_131]

- CA (35) Bucatini_3 Side-Cook (00076808004618) [BAI-CA_130]

- CA (35) Bucatini_4 Side-Nutri (00076808004618) [BAI-CA_132]

- CA (36) Casarecce_1 Front (00076808004601) [BAI-CA_133]

- CA (36) Casarecce_2 Back (00076808004601) [BAI-CA_135]

- CA (36) Casarecce_3 Side-Cook (00076808004601) [BAI-CA_134]

- CA (36) Casarecce_4 Side-Nutri (00076808004601) [BAI-CA_136]

- CA (37) Orecchiette_1 Front (00076808004625) [BAI-CA_137]

- CA (37) Orecchiette_2 Back (00076808004625) [BAI-CA_139]

- CA (37) Orecchiette_3 Side-Cook (00076808004625) [BAI-CA_138]

- CA (37) Orecchiette_4 Side-Nutri (00076808004625) [BAI-CA_140]

- CA (38) Penne_1 Front (00076808006278) [BAI-CA_141]

- CA (38) Penne_2 Back (00076808006278) [BAI-CA_143]

- CA (38) Penne_3 Side-Cook (00076808006278) [BAI-CA_142]

- CA (38) Penne_4 Side-Nutri (00076808006278) [BAI-CA_144]

- CA (39) Rigatoni_1 Front (00076808006285) [BAI-CA_145]

- CA (39) Rigatoni_2 Back (00076808006285) [BAI-CA_147]

- CA (39) Rigatoni_3 Side-Cook (00076808006285) [BAI-CA_146]

- CA (39) Rigatoni_4 Side-Nutri (00076808006285) [BAI-CA_148]

- CA (40) Spaghetti_1 Front (00076808004649) [BAI-CA_149]

- CA (40) Spaghetti_2 Back (00076808004649) [BAI-CA_151]

- CA (40) Spaghetti_3 Side-Cook (00076808004649) [BAI-CA_150]

- CA (40) Spaghetti_4 Side-Nutri (00076808004649) [BAI-CA_152]

- GF (41) Elbows_1 Front (00076808003918) [BAI-CA_153]

- GF (41) Elbows_2 Back (00076808003918) [BAI-CA_155]

- GF (41) Elbows_3 Side-Cook (00076808003918) [BAI-CA_154]

- GF (41) Elbows_4 Side-Nutri (00076808003918) [BAI-CA_156]

- GF (42) Fettuccine_1 Front (00076808006254) [BAI-CA_157]

- GF (42) Fettuccine_2 Back (00076808006254) [BAI-CA_159]

- GF (42) Fettuccine_3 Side-Cook (00076808006254) [BAI-CA_158]

- GF (42) Fettuccine_4 Side-Nutri (00076808006254) [BAI-CA_160]

- GF (43) Penne_1 Front (00076808003895) [BAI-CA_161]

- GF (43) Penne_2 Back (00076808003895) [BAI-CA_163]

- GF (43) Penne_3 Side-Cook (00076808003895) [BAI-CA_162]

- GF (43) Penne_4 Side-Nutri (00076808003895) [BAI-CA_164]

- GF (44) Rotini_1 Front (00076808003901) [BAI-CA_165]

- GF (44) Rotini_2 Back (00076808003901) [BAI-CA_167]

- GF (44) Rotini_3 Side-Cook (00076808003901) [BAI-CA_166]

- GF (44) Rotini_4 Side-Nutri (00076808003901) [BAI-CA_168]

- GF (45) Spaghetti_1 Front (00076808003888) [BAI-CA_169]

- GF (45) Spaghetti_2 Back (00076808003888) [BAI-CA_171]

- GF (45) Spaghetti_3 Side-Cook (00076808003888) [BAI-CA_170]

- GF (45) Spaghetti_4 Side-Nutri (00076808003888) [BAI-CA_172]

- VV (46) Rotini_1 Front (00076808002409) [BAI-CA_173]

- VV (46) Rotini_2 Back (00076808002409) [BAI-CA_175]

- VV (46) Rotini_3 Side-Cook (00076808002409) [BAI-CA_174]

- VV (46) Rotini_4 Side-Nutri (00076808002409) [BAI-CA_176]

- VV (47) Spaghetti_1 Front (00076808004120) [BAI-CA_177]

- VV (47) Spaghetti_2 Back (00076808004120) [BAI-CA_179]

- VV (47) Spaghetti_3 Side-Cook (00076808004120) [BAI-CA_178]

- VV (47) Spaghetti_4 Side-Nutri (00076808004120) [BAI-CA_180]

- WG (48) Elbows_1 Front (00076808006520) [BAI-CA_181]

- WG (48) Elbows_2 Back (00076808006520) [BAI-CA_183]

- WG (48) Elbows_3 Side-Cook (00076808006520) [BAI-CA_182]

- WG (48) Elbows_4 Side-Nutri (00076808006520) [BAI-CA_184]

- WG (49) Lasagne_1 Front (00076808004984) [BAI-CA_185]

- WG (49) Lasagne_2 Back (00076808004984) [BAI-CA_187]

- WG (49) Lasagne_3 Side-Cook (00076808004984) [BAI-CA_186]

- WG (49) Lasagne_4 Side-Nutri (00076808004984) [BAI-CA_188]

- WG (50) Linguine_1 Front (00076808006506) [BAI-CA_189]

- WG (50) Linguine_2 Back (00076808006506) [BAI-CA_191]

- WG (50) Linguine_3 Side-Cook (00076808006506) [BAI-CA_190]

- WG (50) Linguine_4 Side-Nutri (00076808006506) [BAI-CA_192]

- WG (51) Penne_1 Front (00076808005851) [BAI-CA_193]

- WG (51) Penne_2 Back (00076808005851) [BAI-CA_195]

- WG (51) Penne_3 Side-Cook (00076808005851) [BAI-CA_194]

- WG (51) Penne_4 Side-Nutri (00076808005851) [BAI-CA_196]

- WG (52) Rotini_1 Front (00076808006537) [BAI-CA_197]

- WG (52) Rotini_2 Back (00076808006537) [BAI-CA_199]

- WG (52) Rotini_3 Side-Cook (00076808006537) [BAI-CA_198]

- WG (52) Rotini_4 Side-Nutri (00076808006537) [BAI-CA_200]

- WG (53) Spaghetti_1 Front (00076808005844) [BAI-CA_201]

- WG (53) Spaghetti_2 Back (00076808005844) [BAI-CA_203]

- WG (53) Spaghetti_3 Side-Cook (00076808005844) [BAI-CA_202]

- WG (53) Spaghetti_4 Side-Nutri (00076808005844) [BAI-CA_204]

- WG (54) ThinSpaghetti_1 Front (00076808006490) [BAI-CA_205]

- WG (54) ThinSpaghetti_2 Back (00076808006490) [BAI-CA_207]

- WG (54) ThinSpaghetti_3 Side-Cook (00076808006490) [BAI-CA_206]

- WG (54) ThinSpaghetti_4 Side-Nutri (00076808006490) [BAI-CA_208]

- KANTAR-0001-0048

- Global Barilla Update 2020 (BAI-CA_379-393)

- Blue Box Pkg 2021 (BAI-CA_357-378)

- Kantar Study May 2021 (BAI-CA_307-356)

- RCS Study (Al Bronzo) 2021 (BAI-CA_394)

- BAI-CA_00000209-218

- BAI-CA_00000307-356