**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Kelsey J. Elling (SBN 337915)
*kelling@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 4:22-cv-03460-DMR<br>Action Filed: June 11, 2022<br>FAC Filed: July 20, 2022<br><br>*Assigned to Hon. Donna M. Ryu for all purposes*<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL UNREDACTED DOCUMENTS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**[N.D. Cal. Civ. L.R. 79-5(f)]** |

**PLEASE TAKE NOTICE** that, pursuant to the Stipulated Protective Order entered on March 24, 2023, ECF 42 ("**Protective Order**") and N.D. Cal. Civ. L.R. 7-11 and 79-5, Plaintiffs Matthew Sinatro and Jessica Prost ("**Plaintiffs**") respectfully request this Court seal the unredacted versions of certain documents that Plaintiffs have provisionally filed under seal, including: (1) portions of Plaintiffs' Motion for Class Certification ("**MCC**") filed on August 16, 2023 (ECF 52) and (2) various documents filed in support of Plaintiffs' MCC (*id*).

## I. INTRODUCTION

On March 24, 2023, this Court entered the stipulated protective order governing the confidentiality of information and documents in this action. *See* ECF 42. Subsequently, Plaintiffs and Defendant Barilla America, Inc. ("**Defendant**") (collectively, the "**Parties**") participated in discovery, during which some materials were designated as "CONFIDENTIAL." Mot to Seal Decl. at ¶ 3. Plaintiffs only request limited redactions in the documents, at the locations specified to avoid the disclosure of documents and/or information designated as "CONFIDENTIAL" under the terms of the Protective Order. Thus, under N.D. Cal. Civ. L.R. 79-5 and the Protective Order (*see* ECF 42 at ¶ 12.3), Plaintiffs request the Court seal the following documents:

- **Brief.** The Memorandum of Points of Authorities for Plaintiffs' MCC ("**Memorandum**") has been *partially* redacted to protect the disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Bruce Declaration.** The Declaration of Katherine A. Bruce ("**Bruce Decl.**") has been *partially* redacted to protect the disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Weir Declaration.** The Declaration of Plaintiffs' Expert Colin Weir ("**Weir Decl.**") has been *partially* redacted to protect the disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Exhibit 3 [Market Research – New Positioning & Visual Identity].** Exhibit 3 is a marketing study, produced by Defendant (Bates No. BAI-CA_00000357-378), that has been filed *in its entirety* under seal to protect disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Exhibit 4 [Kantar Barilla Brand Health Tracking 2021].** Exhibit 4 is a marketing study, produced by Defendant (Bates No. BAI-CA_00000307-356), that has been filed *in its entirety* under seal to protect disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Exhibit 6 [Spreadsheet re Italian Products, Bates No. BAI-CA_1066].** Exhibit 6 is a spreadsheet, produced by Defendant (Bates No. BAI-CA_00001066), that has been filed *in its entirety* under seal to protect disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Exhibit 10 [Def. CA Sales Data].** Exhibit 10 is sales data, produced by Defendant as Bates number BAI-CA_00000209, that has been filed *in its entirety* under seal to protect disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3

- **Exhibit 11 [Def U.S. Sales Data].** Exhibit 11 is sales data, produced by Defendant as Bates number BAI-CA_00000210, that has been filed *in its entirety* under seal to protect disclosure of information designated "CONFIDENTIAL" by Defendant. Elling Decl. at ¶ 3.

- **Exhibit 12 [Circana/IRI Data].** Exhibit 12 is sales data, produced by Circana Inc. (f/k/a Information Resources, Inc.) in response to Plaintiff's subpoena to Circana and has been filed *in its entirety* under seal to protect disclosure of confidential information of a third-party designated "CONFIDENTIAL" by Plaintiff. Elling Decl. at ¶ 3.

## II. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)). Thus, a party seeking to seal documents attached to a dispositive motion, or portions of the motion itself, must overcome "this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1179). With non-dispositive documents, "the usual presumption of the public's right of access is rebutted[,]" as those materials "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). Thus, a party seeking to seal non-dispositive materials "need only satisfy the less exacting 'good cause' standard" derived from Fed.

R. Civ. P. 26(c). *Ctr. for Auto Safety*, 809 F.3d at 1097; *see* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person . . . .").

The "compelling reasons" standard applies to dispositive pleadings because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (quotations omitted). The term "dispositive" in the context of a motion to seal is not a "mechanical classification[];" rather, "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1098-99. The term also covers certain motions that are "literally dispositive," which includes "motions to dismiss, for summary judgment, and judgment on the pleadings[.]" *Id*. at 1098. Pertinent here, multiple courts have applied the "compelling reasons standard . . . to motions to seal documents relating to class certification." *Adtrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases).

In this District, Civ. L.R. 79-5 governs motions to seal. Civ. L.R. 79-5(c)(1) requires a request to seal to state: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(2) further requires "evidentiary support from declarations where necessary." In the event that the filing party seeks to seal a document because another party designated it as confidential, the designating party must submit a statement and/or declaration pursuant to Civ. L.R. 79-5(c)(1) within seven days of its filing. *See* Civ. L.R. 79-5(f)(3).

### III.   DISCUSSION

Plaintiffs respectfully request a court order that seals the unredacted versions of the Parties' documents, produced in discovery, that, for compelling reasons, have been designated as "CONFIDENTIAL" under the terms of the stipulated Protective Order (ECF 42), which Plaintiffs and Plaintiffs' experts reviewed and/or directly reference in Plaintiffs' MCC. Elling Decl. at ¶ 3.

#### a.   Documents Designated by Defendant

Defendant designated certain documents as "CONFIDENTIAL" (*see supra* I), which Plaintiffs have attached to and/or referenced in Plaintiffs' MCC (specifically, portions of Plaintiffs'

Memorandum, portions of Bruce Decl., portions of Weir Decl., Ex. 3, Ex. 4, Ex. 6, Ex. 10, and Ex. 11). Under Civ. L.R. 79-5, Defendant must justify the compelling reasons for the sealing of those documents.

### b. Documents Designated by Plaintiffs (Third Party Sales Data)

Plaintiffs request the Court seal the third-party sales data produced by Circana (*see supra* I, Exhibit 12) because it contains highly sensitive and confidential financial information that could irreparably harm the third-party that confidentially produced sales information to Plaintiffs, under the stipulated Protective Order (ECF 42).

Courts routinely find compelling reasons to seal court records that contain proprietary business information. *In re Elec Arts, Inc.*, 298 Fed. Appx. 568 (finding the terms of a licensing agreement constituted as sealable trade secrets); *see also Restatement of Torts* § 757 ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know how to use"); *Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as… release of trade secrets.").

Here, the sales information produced confidentially by the third-party Circana reflects trade secreted information (specifically, internal sales data), which are not publicly available and would irreparably harm the third-party if the information was filed unredacted. Courts have previously held that financial information provided by third parties is confidential and can be sealed to prevent public disclosure. *See Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 WL 690410, at *3-4 (S.D. Cal. Feb. 21, 2014) (IRI sales information, which comprises of "nationwide, regional, and segmented sales data regarding the Class Products at issue [are] not publicly available," and thus, the court sealed the IRI sales data); *McMorrow v. Mondelez International, Inc.*, No. 17-cv-2327-BAS-JLB, 2021 WL 488337, at *2 (S.D. Cal. Feb. 10, 2021) (sealing the IRI sales data because public disclosure of the information "would harm IRI by providing for free what IRI has expended resources collecting and charging its clients for and would put it at a competitive disadvantage") (internal quotations omitted).

Here, Circana designated the produced sales document, which is not publicly available, as confidential under the Parties Protective Order (ECF 42, at ¶ 2.4) (a non-party can designate "information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL"). Furthermore, the sales document produced by Circana reflects sensitive financial information of Defendant. Because Circana is not a party to this litigation, it is imperative that this Court protect the sensitive, confidential, non-public financial information of the third-party.

### c. No Less Restrictive Alternatives Are Sufficient

Plaintiffs request limited redactions to Plaintiffs' MCC brief, to the Bruce Decl., and to the Weir Decl.; and the sealing of documents reflecting sensitive information (that Defendant has designated as confidential), and highly sensitive and confidential financial information from third-parties (that Plaintiff has designated as confidential). Plaintiffs have taken steps to reduce the volume of material at issue in this sealing request. Plaintiffs limited the redactions in the MCC brief and to the supporting declarations to only the lines that directly quote from or describe the confidential documents. Due to the sensitivity of the materials at issue, Plaintiffs do not believe that there are any other suitable alternatives to redaction and sealing that would be sufficient to protect the Parties' interests.

## IV. CONCLUSION

Accordingly, Plaintiffs respectfully request this Court seal the unredacted documents filed in support of Plaintiffs' Motion for Class Certification (ECF 52), as set forth above.

DATED: August 30, 2023                              **CLARKSON LAW FIRM, P.C.**

By: */s/ Kelsey J. Elling*
    Ryan J. Clarkson
    Katherine A. Bruce
    Kelsey J. Elling

*Attorneys for Plaintiffs*