October 27, 2023

**Via ECF**
Chief Magistrate Judge Donna M. Ryu
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

Re: Matthew Sinatro et al v. Barilla America, Inc., Case No. 4:22-cv-03460-DMR

Dear Judge Ryu:

**Attestation Regarding Conferral.** In accordance with your Honor's Standing Order, the undersigned lead trial counsel certify that this letter is brought only after impasse remains following extensive meet-and-confer efforts, including by telephone on October 19 and 20, 2023.

**Schedule**. In accordance with your Honor's Standing Order, the parties submit the following table listing relevant case management deadlines:

| **Date** | **Deadline** |
|---|---|
| August 30, 2023 | Deadline to file Plaintiffs' Motion for Class Certification, including any expert reports upon which Plaintiffs rely |
| September 29, 2023 | Deadline to Complete Depositions & Document Productions of Plaintiffs' Experts re: Class Certification |
| November 30, 2023 | Deadline to file Defendant's Opposition to Class Certification, including any counter expert reports upon which Defendant relies |
| January 10, 2024 | Deadline to Complete Depositions & Document Productions for Defendant's Experts re: Class Certification |
| February 8, 2024 | Deadline to file Plaintiffs' Reply in Support of Class Certification, including any rebuttal expert reports upon which Plaintiffs rely |
| March 14, 2023 | Hearing on Class Certification Motion |

**Issue: Whether this Court should extend Defendants' deadline to complete the depositions of Plaintiffs' class certification experts?**

**Defendant's Statement:** Plaintiffs brought this putative class action alleging that they were misled into believing that Barilla's "Italy's #1 Brand of Pasta" Trademark on the front panel of certain of Defendant's pasta products misleads them into believing the pasta is made in Italy, despite the package not actually stating that it is made in Italy and, in fact, clearly disclosing on the side of the package that the pasta is "[m]ade in the U.S.A. with U.S.A. and imported ingredients." On August 30, 2023, Plaintiffs filed their motion for class certification, which heavily relies on the opinions of two of Plaintiffs' proposed experts that were disclosed for the first time with Plaintiffs' motion: Dr. J. Michael Dennis and Mr. Colin Weir. *See* Dkts 52, 52-1, 52-2, 52-3. Specifically, Plaintiffs' motion asserts that Dr. Dennis's consumer perception study concludes that the statement "Italy's #1 Brand of Pasta" leads some reasonable consumers to believe that the products only used Italian ingredients. (Dkt. 52-1 at p. 7-9.) Moreover, Plaintiffs rely on Plaintiffs' proposed experts on the issue of predominance and classwide damages, claiming that Plaintiffs' proposed experts' price premium survey is capable of measuring class-wide damages. (*Id.* at 23-25.) In addition, Plaintiffs reply on Plaintiffs' proposed experts to establish numerosity and commonality. (*Id.* at 5-6, 11.)

On September 18, 2023, Defendant contacted Plaintiffs' counsel requesting information that was missing from Plaintiffs' expert declarations.[1] Plaintiffs' counsel did not respond to Defendant's inquiry. Therefore, Defendant contacted Plaintiffs' counsel again on September 25, 2023. September 29 was the deadline to "Complete Depositions & Document Production of Plaintiffs' Experts re: Class Certification." Despite this deadline, Plaintiffs did not produce the information requested by Defendant until October 3 and 11, 2023.[2] Rather than noticing Plaintiffs' experts' depositions prior to having the information relied on (which would likely require a second deposition for questioning the expert regarding the missing information), Defendant waited until October 6, 2023 to notice depositions of Plaintiffs' experts on October 17 and 19, 2023. Plaintiffs objected to the deposition notices on timeliness grounds. The parties participated in multiple conferrals regarding depositions of Plaintiffs' experts. However, on October 20, 2023, Plaintiffs indicated that they would not voluntarily produce their experts for deposition citing no grounds for this refusal other than timeliness. This discovery letter follows.

Good cause exists for extending the time for Defendant to depose Plaintiffs' experts. Specifically, Defendant should be provided the opportunity to depose Plaintiffs' experts prior to filing its opposition to Plaintiffs' motion for class certification so that it (and in turn this Court) can conduct the requisite analysis of Rule 23 requirements. *Clay v. Cytosport, Inc.*, is instructive. 2016 WL 11523615, at *2 (S.D. Cal. Oct. 19, 2016). In *Clay*, the Court granted defendant's motion permitting "Defendant to take the depositions of Plaintiffs' experts before their opposition to Plaintiffs' class certification is due." *Id.* at *5. In so holding, the court observed "[a]s a matter of fundamental fairness, Defendant should be given an opportunity to depose Plaintiffs' experts. Moreover, permitting the depositions will enable the Court to engage in the required rigorous analysis to determine whether Plaintiffs have met the requirements of Rule 23 of the Federal Rules of Civil Procedure." Indeed, the "better and more advisable practice for the District Court to follow is to afford litigants an opportunity to present evidence as to whether a class action is maintainable." *Id.* (quoting *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942 (9th Cir. 2009)); *see also Stoba v. Saveology.com*, *LLC*, 2016 WL 3356796, at *3 (S.D. Cal. June 3, 2016) (granting motion to compel expert witness depositions observing that it would be "inconceivable" under the Federal Rules to allow plaintiffs to rely on experts for class certification "without affording any opportunity to the other side to conduct discovery on that expert"); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp*., Inc., No. 17-CV-00564 NC, Dkts. 163, 175 (N.D. Cal.) (granting defendant's motion to extend class certification deadline, that was based, in part on plaintiffs' "delay in timely producing materials underlying their expert declarations"); *Moonbug Entertainment Ltd v. Babybus Co. Ltd,* 3:21-cv-6536-EMC, Dkt. 212 (N.D. Cal.) (granting motion to extend expert deposition deadline even though motion was filed after the deadline passed).

As a matter of fundamental fairness, this Court should provide Defendant with the opportunity to depose Plaintiffs' experts prior to filing its opposition to Plaintiffs' motion for class certification. Plaintiffs heavily rely on their proposed experts in attempting to satisfy Rule 23 requirements and

[1] Notably, Exhibit G to Dr. Dennis's report did not include all data fields from the survey relied on by Plaintiffs and footnote 44 to Mr. Weir's declaration did not include a citation for the weekly sales data referenced in his report. There has not been a production of weekly sales data in this case, leaving Defendant to believe that Plaintiffs had not turned over all of the data relied on by Plaintiffs' experts. This information is critical to Defendant's understanding of Plaintiffs' proposed experts' opinions.

[2] Plaintiffs' below suggestion that their experts set aside time in their schedule in September for production of their files and depositions is disingenuous in light of Plaintiffs' failure to respond to Barilla's September inquiries and failure to provide the requested information until October 3 and 11, 2023.

permitting the depositions will enable this Court to engage in the required rigorous analysis to determine whether the Rule 23 requirements are satisfied. During the parties' conferral, Plaintiffs suggested that depositions would not be necessary for Defendant to challenge Plaintiffs' motion for class certification. Defendant disagrees. Indeed, courts have previously considered both of Plaintiffs' experts' deposition testimony in analyzing whether Rule 23 has been satisfied. *See, e.g., McMorrow et al v. Mondelez International, Inc.*, 2020 WL 115719, *8 (N.D. Cal. 2022) (considering Dr. Dennis's deposition testimony in holding that Rule 23(b)(3)'s predominance requirements were not satisfied); *In re ConAgra Foods, Inc*., 302 F.R.D. 537, 578 (C.D. Cal. 2014) (considering Mr. Weir's deposition testimony in holding that Rule 23(b)(3)'s predominance requirements were not satisfied). While Plaintiffs will suffer no prejudice by this Court allowing Defendants to take the requested depositions, Defendant will be unduly prejudiced if it is not afforded the opportunity to depose Plaintiffs' experts prior to the deadline to file its opposition to Plaintiffs' motion for class certification and this Court should extend the deadline for Defendant to conduct such depositions (and the deadline to file its opposition, if necessary).

Defendant has been cooperative and reasonable in attempting to schedule both the named Plaintiffs'[3] and Plaintiffs' expert depositions and regret having to burden the Court with this dispute. Defendant diligently sought production of the information relied on by Plaintiffs' proposed experts and waited until production of such information to notice the depositions so that it could efficiently depose the experts once instead of on multiple occasions after the information was produced. Defendant has compromised by offering to conduct Plaintiffs' proposed experts' depositions virtually and provided Plaintiffs with the opportunity to offer alternative dates. However, Plaintiffs' position and refusal to produce their experts for depositions entirely is untenable and unfortunately requires judicial intervention.

**Plaintiffs' Statement:** In compliance with the scheduling order (ECF 51), on August 30, 2023, Plaintiffs filed their motion for class certification and reports from Plaintiffs' marketing research and survey expert J. Michael Dennis, Ph.D. and economist Colin B. Weir. MCC, ECF 52; Dennis Rept., ECF 52-2; Weir Rept., ECF 52-3, 54-3. In accord with Fed. R. Civ. P. 26(a)(2)(B), Dr. Dennis and Mr. Weir's reports describe their qualifications and attach their curriculum vitae listing all of their publications and expert testimony within the last ten and four years, respectively; identify, in meticulous detail, all case materials and scholarly publications that they relied upon; state their hourly rates for work performed; and explain their opinions and the basis for their opinions, including all facts and data relied upon. Specifically, Dr. Dennis's report describes the methodology of a completed consumer perception survey and a proposed conjoint survey, explaining why they would reliably measure whether consumers perceive the challenged labeling claims to mean that the class products are made in Italy and what, if any, market value the products' Italian origin has. Dennis Rept., ECF 52-2, at ¶¶ 33-39, 58-73, 87-100, Ex. E. For the perception survey, Dr. Dennis's report also describes his findings and conclusions—notably, that 57% of consumers shown all sides of the pasta's packaging believed "Italy's #1 Brand of Pasta" meant the pasta was made in Italy—and it attaches the survey questionnaire's programming, screen captures, codebook, and an excel sheet containing the raw data generated from the survey. *Id.* at ¶¶ 35-39, Ex. C-D, F-G; Ntc. Lodge, ECF 53 (Ex. G raw data). Mr.

[3] Defendant agreed to postpone its class certification deadline to accommodate Plaintiff Sinatro's limited availability and agreed to take Plaintiff Prost's deposition on a weekend, despite having noticed Plaintiffs depositions in July and attempted to find mutually agreeable dates prior to Defendant's class certification deadline in October. It appears that Defendant is not the only one encountering difficulties scheduling depositions with Clarkson Law Firm, requiring Court intervention. *See, e.g., Sinatro et al v. Welch Foods, Inc.,* Case No. 3:22-cv-07028-JD, Dkt. 61 (N.D. Cal.) (defendant Welch Foods, Inc. requesting discovery order requiring Sinatro's deposition prior to fact discovery cut-off).

Weir's report also describes the application of economic principles to origin claims and Dr. Dennis's proposed conjoint analysis to (1) explain whether and how the proposed survey can reliably measure, on a class-wide basis, the market value solely attributable to the challenged representation (Weir Rept., ECF 52-3, ECF 54-3, at ¶¶ 25-48); and (2) propose a framework to calculate damages by multiplying the price premium derived from the conjoint survey with the revenues reflected in Information Resource, Inc's (IRI) subpoenaed retail sales data (*id.* at ¶¶ 68-71, Ex. 2 at p.4).

Defendant asks this Court to modify the scheduling order that provided Defendant an agreed-upon and routine thirty-days to subpoena Plaintiffs' experts' files and complete their depositions by September 29, 2023, without any showing of actual, let alone reasonable, diligence on Defendant's part. Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." To assess good cause, courts "primarily consider[] the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). A party must "diligently attempt to adhere to [the] schedule throughout the subsequent course of litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. ***If the party was not diligent, then the inquiry should end***." *Johnson*, 975 F.2d at 609 (emphasis added).

This Court should reject Defendant's disingenuous reason for waiting to notice Plaintiffs' experts' deposition until after the stipulated, court-ordered, and reasonable 30-day period to complete the depositions of Plaintiffs' experts. Stip., ECF 49; 1st Am. Sched. Ord., ECF 51. Despite having an entire month following the receipt of Plaintiffs' experts reports and underlying data, Defendant never once subpoenaed Plaintiffs' experts' files, requested any dates for deposition, or even noticed their depositions during this period, which was the period of time Plaintiffs' experts set aside in their packed schedules to respond to subpoenas, prepare for deposition, and testify in this case. Instead, Defendant waited until approximately one week after the deadline and Plaintiffs' experts moved on from this case, before Defendant served notices on October 6, 2023, for unilaterally selected deposition dates. As the parties met and conferred, Plaintiffs repeatedly requested an explanation for the delay to determine whether, perhaps, it was the result of a calendaring error, personal emergencies, or some unforeseeable event. It was not. Rather, to justify Defendant's delay, it points to an email—not a subpoena or Rule 34 document request—that it sent on September 18, 2023, after two-thirds of the discovery period lapsed. Defendant uses this informal request to suggest that it needed proof of the random order of perception questions explained in Dr. Dennis's report to take his deposition (Dennis Rept., ECF 52-2, Ex. C at p. 5-10), and it needed the IRI sales data Mr. Weir identified in his report to take his deposition (Weir Rept., ECF 52-3, 54-3, Ex. 2 at p. 4 ("IRI data")). But Defendant does nothing to explain why it needed to confirm the randomization of perception questions in Dr. Dennis's survey prior to taking his deposition, or to confirm that it had the only sales data produced in this case prior to taking Mr. Weir's deposition. Nor can it. There are no questions that Defendant could ask Dr. Dennis about the randomization of perception questions that it could not ask based on his report and underlying data filed and served prior to the initiation of the class expert discovery period. Moreover, Defendant cannot genuinely claim that it needed confirmation that the "IRI data" identified in Mr. Weir's report is indeed the sales data Mr. Weir relied upon. That is because the IRI sales data that Plaintiffs subpoenaed and produced to Defendant on July 25, 2023, more than a month before moving for class certification, has been the only sales data produced in this case to-date—a fact that Plaintiffs confirmed at Defendant's request on September 5, 2023, nearly twenty five days before the cutoff. *See also* Ntc. Lodge, 8/30/2023, ECF 54 (Ex. 12 IRI sales data). It is Defendant, not Plaintiffs, who has access to data regarding its sales of the class products without need for a subpoena. Further, Mr. Weir does not perform any calculations based on sales data; he merely proposes to use retail sales revenues

to calculate damages. Thus, even if Defendant was genuinely confused—albeit unreasonably—about what sales data Mr. Weir relied upon, there are no questions that Defendant could have asked about his proposed methodology that Defendant could not have already asked based on Mr. Weir's report.

Despite Plaintiffs' repeated requests initiated nearly one month ago for similar cases that support a scheduling modification, here, Defendant cites wholly inapposite cases. Defendant relies on two unpublished Court orders ***utterly devoid of any factual or legal analysis***: one ruling on an ***unopposed*** motion in *Moonbug Entertainment Ltd v. Babybus Co. Ltd.*, N.D. Cal. Case No. 3:21-cv-6536-EMC, at ECF 212, and another modifying the ***briefing, not discovery, schedule*** without any mention of "plaintiffs' 'delay'" in *Fitzhenry-Russell v. Dr. Pepper Snapple Grp*., Inc., N.D. Cal. Case No. 17-CV-00564 NC, at ECF 175. Defendant also relies on *Clay*, 2016 WL 11523615, at *2, where, unlike Plaintiffs here, the plaintiffs did not provide the mere identities of their experts until after the deadline to designate and three days before the cutoff, depriving defendants of any opportunity to depose the experts under the explicit terms of the scheduling order and in accord with the timing mandated under the Fed. R. Civ. P. And, Defendant relies on *Stoba*, 2016 WL 3356796, at *3, where the class expert discovery cutoff preceded plaintiffs' deadline to move for class certification, but nonetheless the defendants diligently sought the plaintiffs' experts depositions because (1) the plaintiffs failed to merely identify their experts until after the cutoff, unlike Plaintiffs in this case, (2) the defendants specifically requested the identification of those experts prior to the cutoff and, unlike Plaintiffs in this case, the plaintiffs refused to timely designate them, stating that defendants could depose their experts after they move for class certification, and (3) the defendants initiated a barrage of requests and issued subpoenas for the depositions one day after plaintiffs first disclosed the experts when moving for class certification, unlike the nearly forty days Defendant waited in this case. In *Clay* and *Stoba*, no amount of diligence could have possibly allowed the defendants to complete the depositions before the cutoff because the plaintiffs did not timely disclose them until either after or three days before the cutoff. Here, a modicum of diligence on Defendant's part would have sufficed as Plaintiffs not only disclosed their experts timely, but they produced Rule 26 compliant reports and voluntarily produced all underlying data thirty days before the cutoff. As the Ninth Circuit declared, "***carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief***." *Johnson*, 975 F.2d at 609 (emphasis added).[4]

Sincerely,

*/s/ Erik Swanholt*

Erik Swanholt, Lead Counsel for Defendant

*/s/ Katherine Bruce*

Katherine Bruce, Lead Counsel for Plaintiffs

[4] Plaintiffs do not address a number of Defendant's arguments, misleading recitation of facts, and suggestive *ad hominin* attacks because they are irrelevant to whether good cause supports extending Defendant's deadline to complete Plaintiffs' experts' depositions. At the IDC, Plaintiffs will be prepared to address each, should the Court find they hold any persuasive value or relevance to the issue at hand.

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(h), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 27, 2023

**FOLEY & LARDNER LLP**

By: /s/ *Erik Swanholt*
Erik Swanholt Esq.

*Attorney for Defendant*