UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BARILLA AMERICA, INC.,<br><br>    Defendant. | Case No. 22-cv-03460-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 58 |

On October 23, 2023, the court entered a stipulated Second Amended Case Management Scheduling Order in which it adjusted the deadlines related to Plaintiffs' motion for class certification. [Docket No. 57.] In relevant part, the deadline for Plaintiffs to file their motion was August 30, 2023; the deadline to complete depositions of Plaintiffs' experts regarding class certification was September 29, 2023; and the deadline for Defendant's opposition to the motion for class certification is November 30, 2023. *Id*. Plaintiffs timely filed their motion for class certification. [Docket No. 52.] On October 27, 2023, the parties filed a joint discovery letter in which Defendant Barilla America, Inc. moves for an extension of the September 29, 2023 deadline to complete the depositions of Plaintiffs' experts.[1] [Docket No. 58.]

The standard for evaluating a motion to modify a scheduling order is good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("[o]rders entered before the final pretrial conference may be modified upon a showing of 'good cause'" pursuant to Federal Rule of Civil Procedure 16(b)). In this case, Defendant has not demonstrated good cause to extend the deposition deadline. Plaintiffs filed their motion and disclosed two experts on August 30, 2023. Although the deadline to depose the experts was September 29, 2023,

---

[1] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

Defendant did not immediately notice their depositions or otherwise attempt to schedule them. Instead, it waited until September 18, 2023 to contact Plaintiffs' counsel about information that was purportedly missing from the experts' declarations, nearly three weeks after the motion was filed. While it appears that Plaintiffs' counsel did not immediately respond, Defendant did not act with any urgency to follow up, instead waiting until September 25, 2023 to contact counsel, which was four days before the deadline. Defendant admits that it waited until October 6, 2023 to notice the depositions for October 17 and 19, 2023, apparently assuming that it could unilaterally extend the September 29, 2023 deadline. Jt. Letter 2. It offers no convincing explanation for these delays. *See id*. Moreover, nothing in the letter suggests that Plaintiffs caused the delay in scheduling the depositions. In fact, Plaintiffs contend that their experts set aside the 30-day period following the filing of Plaintiffs' motion "to respond to subpoenas, prepare for deposition, and testify in this case." They also dispute that Defendant needed additional information from the experts before deposing them. *Id*. at 3-4.

Extending the deposition deadline would undoubtedly impact the class certification schedule since it is unlikely that Defendant could complete the depositions in advance of their November 30, 2023 deadline to oppose Plaintiffs' motion, thus necessitating additional extensions. Under these circumstances, where Defendant has not shown that it acted diligently in scheduling the depositions, the court concludes that such a delay would be unfair. *See Johnson*, 975 F.2d at 609 ("the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." (internal citation omitted)). Accordingly, the motion to extend the deadline is denied for failure to show good cause.

The November 15, 2023 case management conference is VACATED and continued to March 14, 2024, to coincide with the hearing on Plaintiffs' motion for class certification.

**IT IS SO ORDERED.**

Dated: November 9, 2023



_____
Donna M. Ryu
Chief Magistrate Judge