**FOLEY & LARDNER LLP**
Erik K. Swanholt (SBN 198042)
eswanholt@foley.com
Laura Moedano (SBN 334156)
lmoedano@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 972-4614; Fax: (213) 972-4757

Kelsey C. Boehm (pro hac vice)
kboehm@foley.com
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2013; Fax: (720) 437-2000

*Attorneys for Defendant Barilla America, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>BARILLA AMERICA, INC.,<br><br>            Defendant. | Case No.: 4:22-cv-03460-DMR<br>Case Filed: June 11, 2022<br>FAC Filed: July 20, 2022<br><br>*Assigned to Hon. Donna M. Ryu*<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL UNREDACTED DOCUMENT IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br><u>Hearing Information:</u><br>Date: March 14, 2023<br>Time: 1:00 p.m.<br>Courtroom: 4 |

**PLEASE TAKE NOTICE** that, pursuant to the Stipulated Protective Order entered on March 24, 2023, ECF 42 ("Protective Order") and N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant Barilla America, Inc. ("Barilla") requests that this Court seal the unredacted version of the Declaration and Expert Report of Robin Cantor that Defendant has provisionally filed under seal.

## I. INTRODUCTION

On March 24, 2023, this Court entered the stipulated protective order governing the confidentiality of information and documents in this action. *See* Dkt. 42. Subsequently, Plaintiffs and Defendant (collectively, the "Parties") participated in discovery, during which some materials were designated as "CONFIDENTIAL." Declaration of Kelsey Boehm (hereafter "Boehm Decl.") at ¶ 3. Defendant only requests limited redaction to a single document submitted in opposition to Plaintiffs' Motion for Class Certification, at the locations specified to avoid the disclosure of documents and/or information designated as "CONFIDENTIAL" under the terms of the Protective Order. Thus, under N.D. Cal. Civ. L.R. 79-5 and the Protective Order (see Dkt 42 at ¶ 12.3), Barilla requests that the Court seal the following document:

- Declaration and Expert Report of Robin Cantor (hereafter "Cantor Report"). This document contains limited redaction to protect the disclosure of sales data and sensitive competitive information relating to consumer research and marketing strategies that were designated as "CONFIDENTIAL" by Defendant and third-party Circana. Boehm Decl. at ¶ 3.

## II. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)). Thus, a party seeking to seal documents attached to a dispositive motion, or portions of the motion itself, must overcome "this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*,

447 F.3d 1172, 1178 (9th Cir. 2006). However, "the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1179). With nondispositive documents, "the usual presumption of the public's right of access is rebutted[,]" as those materials "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). Thus, a party seeking to seal nondispositive materials "need only satisfy the less exacting 'good cause' standard" derived from Fed. R. Civ. P. 26(c). *Ctr. for Auto Safety*, 809 F.3d at 1097; see Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person . . . .").

The "compelling reasons" standard applies to dispositive pleadings because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (quotations omitted). The term "dispositive" in the context of a motion to seal is not a "mechanical classification[];" rather, "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1098-99. The term also covers certain motions that are "literally dispositive," which includes "motions to dismiss, for summary judgment, and judgment on the pleadings[.]" *Id.* at 1098. Pertinent here, multiple courts have applied the "compelling reasons standard . . . to motions to seal documents relating to class certification." *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases).

In this District, Civ. L.R. 79-5 governs motions to seal. Civ. L.R. 79-5(c)(1) requires a request to seal to state: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(2) further requires "evidentiary support from declarations where necessary." In the event that the filing party seeks to seal a document because another party designated it as confidential, the designating party must submit a statement and/or declaration pursuant to Civ. L.R. 79-5(c)(1) within seven days of its filing. See Civ. L.R. 79-5(f)(3).

## III. DISCUSSION

Barilla respectfully requests a court order that seals the unredacted versions of the Parties' documents, produced in discovery, that, for compelling reasons, have been designated as "CONFIDENTIAL" under the terms of the stipulated Protective Order (Dkt. 42), which Barilla's expert reviewed and/or directly reference in the Cantor Report. (Boehm Decl. at ¶ 3.)

### A. Compelling Reasons Exist to Maintain Defendant's Documents Under Seal.

The Cantor Report contain reference to and description of Barilla's proprietary consumer research and marketing strategies. *See* Cantor Rep. p. 14, fn 40, p. 25, Att. 3, p. 4. This proprietary information is not publicly available and Barilla takes extensive measures to ensure that the information contained in these documents remains confidential. Under either the compelling reasons or good cause standard, Barilla's non-public market research and strategy information should be sealed to prevent the disclosure of the confidential information contained therein. Public disclosure of the information contained in these documents would allow Barilla's competitors or potential business partners to gain insight into Barilla's marketing research and strategies, potentially compromising Barilla's competitive standing. Accordingly, sealing this information is proper. *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *3 (N.D. Cal. Mar. 22, 2022) (granting motion to seal market research and market strategy information in connection with motion for class certification because public disclosure could cause competitive harm to defendant); *Sazerac Co. v. Fetzer Vineyards, Inc.*, 265 F. Supp. 3d 1013, 1038 (N.D. Cal. 2017) (granting motion to seal marketing strategy information); *McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) (granting motion to seal consumer research and marketing information filed in connection with motion for class certification "because Defendant's marketing and research information gives Defendant a competitive advantage").

### B. Sales Data Designated by Plaintiffs (Third Party Sales Data)

Plaintiffs requested that the Court seal the third-party sales data produced by Circana in connection with their Motion for Class Certification. *See* Dkt. 54 at 4. That same sales data is referred to and described in the Cantor Report. *See* Cantor Report at pp. 31-34. Plaintiffs requested

that the sales data be sealed because it contains highly sensitive and confidential financial information that could irreparably harm the third-party that confidentially produced sales information to Plaintiffs, under the stipulated Protective Order (*See* Dkt. 54 at 4.) Moreover, Barilla submitted a statement further demonstrating that this information relates to its product sales and imports. (Dkt. 55 at p. 6.) This financial information is not publicly available and Barilla takes extensive measures to ensure that the information contained in these documents remains confidential so that it cannot be improperly used by Barilla competitors or by other third-parties to Barilla's disadvantage.

Courts routinely find compelling reasons to seal court records that contain proprietary business information. *In re Elec Arts, Inc.*, 298 Fed. Appx. 568 (finding the terms of a licensing agreement constituted as sealable trade secrets); *see also* Restatement of Torts § 757 ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know how to use"); *Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as… release of trade secrets."). Here, the sales information produced confidentially by the third-party Circana reflects trade secreted information (specifically, internal sales data), which are not publicly available and would irreparably harm the third-party if the information was filed unredacted. Moreover, public disclosure of the information would allow Barilla's competitors or potential business partners to gain insight into Barilla's business operations and finances, potentially compromising Barilla's competitive standing. Accordingly, sealing this information is proper. *See Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *4 (S.D. Cal. Feb. 21, 2014) (granting motion to seal sales data filed with class certification motion holding that compelling reasons to seal the information exist because disclosure may result in improper use by competitors); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal sales data information because public disclosure would put defendant at a competitive disadvantage); *Am.*

*Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing business's financial information under compelling reasons standard).

### IV. No Less Restrictive Alternatives Are Sufficient.

Barilla's request to seal portions of the Cantor Report as opposed to the entire class certification filing is narrowly tailored to redact or seal only the portions of the document that contains confidential information. In recognition of the presumption of public access to court records and in an effort to limit its sealing request to information which is truly the most confidential and commercially sensitive to the company, Barilla is limiting its sealing requests across all of the class certification filings to information concerning Barilla's financial data and proprietary consumer research and marketing strategy. Due to the sensitivity of the materials at issue, Defendant does not believe that there are any other suitable alternatives to redaction and sealing that would be sufficient to protect the Parties' interests.

### V. CONCLUSION

Accordingly, Defendant respectfully requests this Court seal the unredacted Cantor Report filed in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification, as set forth above.

DATED: November 30, 2023

*/s/ Kelsey C. Boehm*
**FOLEY & LARDNER LLP**
Erik K. Swanholt, Esq.
Kelsey C. Boehm, Esq.
Laura Moedano, Esq.

*Attorneys for Defendant*