ERIK K. SWANHOLT, CA Bar No. 198042
eswanholt@foley.com
LAURA MOEDANO, CA Bar No. 334156
lmoedano@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KELSEY C. BOEHM (admitted *pro hac vice*)
*kboehm@foley.com*
**FOLEY & LARDNER LLP**
1400 16TH STREET, SUITE 200
DENVER, CO 80202
TELEPHONE: 720.437.2013
FACSIMILE: 720.437.2000

Attorneys for Defendant BARILLA AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND COURTHOUSE**

MATTHEW SINATRO, and JESSICA PROST, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

BARILLA AMERICA, INC.,

Defendant.

Case No. 4:22-cv-03460-DMR

**NOTICE OF MOTION AND MOTION BY DEFENDANT BARILLA AMERICA, INC. FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Complaint Filed: June 11, 2022
FAC Filed: July 20, 2022

Hon. Donna M. Ryu
Courtroom 4, 3rd Floor

Date: July 25, 2024
Time: 1:00 p.m.
Courtroom: 4

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE on July 25, 2024 at 1:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 4 of the above-captioned Court, located at 1301 Clay Street, Oakland, California, 94612, Defendant Barilla America, Inc. ("Barilla") will, and hereby does, move the Court for an order granting it leave to file a motion for reconsideration of the Court's May 28, 2024, Order Granting Plaintiffs' Motion for Class Certification. Dkt. 78 ("Order").

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I. INTRODUCTION

Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." In addition, this Court's local rules permit a motion for reconsideration. *See* Civil L.R. 7-9. A party must seek leave before filing "a motion for reconsideration of any interlocutory order." Civil L.R. 7-9(a). The motion for leave "must specifically show reasonable diligence in bringing the motion" and must show that one of the three grounds specified in Civil Local Rule 7-9 is satisfied. Civil L.R. 7-9(b).

Barilla brings this motion promptly after entry of the Order on May 28, 2024, and seeks leave to move for reconsideration of the Order on the third ground specified by the rule: "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3). Specifically, Barilla contends that the Court did not consider a determinative legal argument that Plaintiffs are not entitled to a presumption of class-wide reliance (and have not otherwise provided proof that there is evidence capable of proving reliance on a class-wide basis) in light of the Ninth Circuit's recent decision in *McGinity v. Proctor & Gamble Company*, 69 F.4th 1093 (9th Cir. 2023). This argument was raised in Barilla's Opposition to Plaintiffs' Motion for Class Certification, Dkt. 61 ("Opposition"), and, under controlling Ninth Circuit precedent, must be considered and resolved before granting class certification.

Set forth below are the arguments that will support Barilla's request for reconsideration if the Court grants leave to file the motion. The relevant facts and record materials relied on herein are set

forth in Barilla's Opposition and, for the sake of brevity, are not repeated here.

## II. ARGUMENT

In holding that common issues predominate over individual issues with respect to Plaintiffs' statutory claims,[1] the Court correctly noted that a presumption of class-wide reliance *may* arise under certain circumstances. However, the Court did not address the impact of the Ninth Circuit's decision in *McGinity* on a critical aspect of the predominance analysis: *McGinity* makes clear that Plaintiffs are not entitled to a presumption of class-wide reliance because they have not made the threshold showing required to warrant that presumption, and they have not otherwise offered any evidence that reliance can be addressed on a class-wide basis. These failures preclude a finding of predominance.

A. In its discussion of the presumption of class-wide reliance for claims under the UCL and FAL (Order at 11), the Court relied on cases holding that "'concerns about [individual] reliance and causation' that a defendant may raise at the class certification stage" will not defeat certification *if* "members of the proposed class were exposed to the same allegedly misleading representations and there is evidence that it is probable that a significant portion of the viewing public could be misled by the alleged misrepresentations." *Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777 YGR, 2023 WL 2364736, at *9 (N.D. Cal. Feb. 24, 2023) (quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011)).[2] Similarly, the Court (Order at 12) noted that a presumption of class-wide reliance arises for purposes of a claim under the CLRA "where material misrepresentations are made," *i.e.*, if the misrepresentation "induced the plaintiff to alter his position to his detriment." *Webb v. Carter's Inc.*, 272 F.R.D. 489, 502 (C.D. Cal. 2011).

The cases relied on by the Court make clear—and the Ninth Circuit has confirmed—that any presumption of class-wide reliance requires a threshold showing that "a material misrepresentation was made to the entire class." *Lytle v. Nutramax Labs., Inc.*, 99 F.4th 557, 580 (9th Cir. 2024) (discussing

---

[1] California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; California's False Advertising Law ("FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; and California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*

[2] While reliance may not be an affirmative element of a claim under the UCL or FAL, "a plaintiff must allege actual reliance in order to have standing to pursue UCL and FAL claims." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020).

CLRA); *see also Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 631 (9th Cir. 2020) ("To establish a reliance presumption [under the UCL], the operative question has become whether the defendant so pervasively disseminated material misrepresentations that all plaintiffs must have been exposed to them."); *accord Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 224 (N.D. Cal. 2015) ("[I]n all but the most unusual case, plaintiffs must offer some means of proving materiality and reliance by a reasonable consumer on a classwide basis in order to certify a class.").

Barilla showed in its Opposition (at 11-19) that Plaintiffs are not entitled to a presumption of class-wide reliance because they have not offered any evidence that "it is probable that a significant portion of the viewing public could be misled by" the Challenged Representation, *Vizcarra*, 2023 WL 2364736, at *9.[3] Plaintiffs rely exclusively on the results of the survey conducted by their purported expert, Dr. Dennis, which this Court noted showed that "57% of survey respondents 'perceived the Challenged Representation to mean that the Product's ingredients are solely sourced from Italy.'" Order at 11. The Ninth Circuit's decision in *McGinity*—a case cited by Barilla but not addressed in the Court's Order—makes clear that these results are not sufficient to give rise to a presumption of class-wide reliance. In *McGinity*, the Ninth Circuit held that a "nearly 50/50 split in survey responses" interpreting packaging language showed that the challenged language was ambiguous, and that this ambiguity required the court to "consider what *additional information other than the front label* was available to consumers," including information on other parts of the package, before concluding that the challenged language was misleading. *McGinity*, 69 F.4th at 1098-99 (emphasis added); *accord Slaten v. Christian Dior Perfumes*, 2024 WL 1421269, at *3 (N.D. Cal. Apr. 1, 2024) (citing *McGinity* and holding that survey results showing 66% of respondents were deceived by the challenged representation did not "establish" that the challenged representation was "unambiguously deceptive").

Under *McGinity*, Plaintiffs' survey evidence *at best* shows that the Challenged Representation was ambiguous. In light of this ambiguity, the Court "*must* consider what additional information other than the front label was available to consumers," *McGinity*, 69 F.4th at 1098 (emphasis added), and its impact on the presumption of reliance and, consequently, the predominance inquiry under Fed. R. Civ.

[3] Defined as the statement: "Italy's #1 Brand of Pasta® … as it appears on the packaging, surrounded by the green, white, and red colors of Italy's flag." Order at 2 n.1.

P. 23(b)(3). Taking into account the accurate country-of-origin information included on every Barilla package, *see* Dkt. 61-2, Ping Decl. ¶ 5, *McGinity* dictates that *no* reasonable consumer, let alone "a significant portion of the viewing public," *Vizcarra*, 2023 WL 2364736, at *9, would be misled by the Challenged Representation. *See McGinity*, 69 F.4th at 1099 ("Although a back label cannot contradict deceptive statements made on the front label, the back label can be used to interpret what is conveyed by the labeling when the front label is ambiguous, as here. With the entire product in hand, we conclude, no reasonable consumer would think that the products are either completely or substantially natural."). Accordingly, Plaintiffs are not entitled to a presumption of class-wide reliance because they have not provided *any* evidence of a material misrepresentation.[4]

The Order does not address Plaintiffs' failure to make the threshold showing of a material misrepresentation on the ground that "Plaintiffs are not required to prove materiality at this stage." Order at 14. Barilla does not contend that materiality must be proven for the entire class at the class certification stage. But, as explained in *Shanks v. Jarrow Formulas, Inc.*, No. CV 18-09437, 2019 WL 4398506 (C.D. Cal. Aug. 27, 2019), plaintiffs "must put forth at least some evidence that the challenged statements were material, and that members of the public were likely to be deceived by these statements" to "satisfy Rule 23(b)(3)'s predominance requirement" in "CLRA, UCL, and FAL actions." *Id.* at *5. The Ninth Circuit's recent decision in *Lytle* supports the court's approach in *Shanks*. In *Lytl*e the Court held that the plaintiffs had satisfied the required threshold showing to support certification only after finding that the plaintiffs "presented ample evidence to show that the challenged statements would be materially misleading to a reasonable consumer" *Lytle*, 99 F.4th at 581 (noting evidence of "the near-universal understanding" of the nature of the representation that was made to consumers).

[4] Barilla made a similar argument in its Motion to Dismiss First Amended Complaint, *see* Dkt. 15 at 15, albeit without having the benefit of the Ninth Circuit's binding decision in *McGinity*, which was issued approximately a year after Barilla filed its Motion to Dismiss. Barilla reserves the right to argue at an appropriate time that *McGinity* is dispositive of Plaintiffs' claims on the merits. However, for purposes of class certification, *McGinity* at a minimum establishes that Plaintiffs have not met their burden to "actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23." *Lytle*, 99 F.4th at 569 (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014)).

Here, Plaintiffs' own survey evidence indicates that there was nothing close to a "near-universal" understanding that a representation as to origin was being made by the presence of a flag and information concerning Barilla's best-selling status in Italy. Instead, Plaintiff's survey found that 57% of consumers *may* view the Challenged Representation on the front of the package to mean that the product was made in Italy, but 43% did not. *See* Order at 11. These results show that even when just considering the front of the Barilla package, "a sizeable portion of the class either were not misled by the statements or would not have found the misrepresentations to be material had they known the truth." *Lytle*, 69 F.4th at 584. Thus, Plaintiff's survey evidence actually undermines, rather than supports, the conclusion that "reliance may be proven on a class wide basis." *Id.* *McGinity* confirms that Plaintiffs' survey evidence, even if credited, is not sufficient, and thus Plaintiffs are not entitled to a presumption of class-wide reliance, because the survey did not consider the full packaging, which clearly discloses where the product was made. *See McGinity*, 69 F.4th at 1099.

The survey conducted by Barilla's expert, Dr. Cantor, further confirms that there is no basis for finding a material misrepresentation and, thus, a presumption of reliance. As Barilla detailed in its Opposition (at 12-13), Dr. Cantor's survey showed that the vast majority of consumers understand the Challenged Representation to be exactly what it is: A (true) statement regarding the market share or selling performance of the *brand*, not a statement regarding the geographic origins of the product.

Indeed, the statement on Barilla's packaging that it is "ITALY'S #1 BRAND OF PASTA® is an incontestable trademark, *see* 15 U.S.C. § 1065(3); Dkt. 15-7, not a material misrepresentation of the product's geographic origin. As the court held in *Culver v. Unilever United States, Inc.*, No. CV 19-9263-GW-RAOX, 2021 WL 2943937 (C.D. Cal. June 14, 2021), "[i]t cannot be doubted that Defendant has the right to utilize its trademarks and other words which correctly indicate that the Products belong to the [Defendant's] brand. *Id.* at *8. *Culver* concluded that "Defendant cannot be held to be misleading the consuming public when it utilized either its trademarks (*i.e.* 'Maille' or 'Que Maille') or other words or phrases which are associated with its merchandising history (*i.e.* 'Paris' and 'Depuis 1747'—reflecting the opening in 1747 of its first boutique establishment in Paris)," where "those words and phrases do not by themselves refer or mislead the consumer as to the Products' country of origin" and "the rear label unmistakably identifies Canada as the location where the mustard is made."

*Id.* The same is true here, where the Challenged Representation is an incontestable trademark and every package contains accurate country-of-origin information.

The bottom line is that, while Plaintiffs are not required to prove materiality at this stage, they are required to offer some "evidence of materiality" of the allegedly actionable misrepresentation (here, the full packaging based on *McGinity*) to claim the presumption of class-wide reliance. *See Lytle*, 99 F.4th at 581; *accord Ark. Teacher Ret. Sys. v. Goldman Sachs Grp.*, 77 F.4th 74, 103 n.15 (2d Cir. 2023) ("It may be true that class certification litigation following *Goldman* is likely to involve evidence that, at the summary judgment stage, might be relevant to materiality. But that's by design …."); *Kosta*, 308 F.R.D. at 230 ("Without evidence to prove materiality on a classwide basis, no common question exists."). Plaintiff's survey evidence does not come close to satisfying that burden.

B. Without the benefit of a presumption of class-wide reliance, Plaintiffs must offer some other evidence that reliance can be demonstrated on a class-wide basis, which they have not done. Plaintiffs have not offered any survey evidence regarding what portion of individuals who saw the entire package were misled. Nor have Plaintiffs explained how an individual who only looked at the side or back of a package (and thus did not even see the Challenged Representation) could possibly have been misled and be entitled to recover under the claims at issue. Even assuming Plaintiffs could limit the class to individuals who saw *only* the Challenged Representation and did not look at any other parts of the packaging (an argument that *McGinity* appears to foreclose), Plaintiffs have not proposed any means (other than through individualized inquiry) of identifying such individuals and adjudicating their claims. *Cf. Walker*, 953 F.3d at 632 (as part of predominance analysis, courts may consider issues relating to identification of class members as they relate to reliance under UCL). As noted above, given that Plaintiffs' own survey evidence (which, again, did not adequately analyze reactions to the full packaging) demonstrates that a substantial, or "sizeable," portion of the putative class were not misled. *See* Order at 11. Plaintiffs' claims and Barilla's defenses to those claims thus raise a multitude of individualized issues of reliance that preclude certification. *See Lytle*, 99 F.4th at 581 ("If the misrepresentation or omission is not material as to all class members, the issue of reliance would vary from consumer to consumer and the class should not be certified." (quoting *Stearns*, 655 F.3d at 1022-23)); *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018) ("Defenses

that must be litigated on an individual basis can defeat class certification."); *accord Rodman v. Safeway, Inc.*, No. 11-CV-03003-JST, 2014 WL 988992, at *11 (N.D. Cal. Mar. 10, 2014), *aff'd*, 694 F. App'x 612 (9th Cir. 2017) ("Where the presumption of common reliance is unavailable, individual questions concerning each class members' actual reliance will undoubtedly predominate over common questions because each class member must demonstrate her own individualized reliance by some method other than the presumption of common reliance provided by California law.").

The Court did not address the impact of the Ninth Circuit's controlling decision in *McGinity* and its progeny when it held that Plaintiffs' survey results constituted "evidence that it is probable that a significant portion of the viewing public could be misled by the alleged misrepresentations," and that Plaintiffs are thus entitled to a presumption of class-wide reliance. Order at 11-12 (quoting *Vizcarra*, 2023 WL 2364736, at *9). This oversight constitutes manifest error and warrants reconsideration under Civil Local Rule 7-9(b)(3).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Barilla leave to file a motion for reconsideration under Civil Local Rule 7-9.

DATED: June 11, 2024

**FOLEY & LARDNER LLP**
ERIK K. SWANHOLT
LAURA MOEDANO
KELSEY C. BOEHM

Erik K. Swanholt
Attorneys for Defendant BARILLA AMERICA, INC.