**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Kelsey J. Elling (SBN 337915)
*kelling@clarksonlawfirm.com*
Alan Gudino (SBN 326738)
*agudino@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BARILLA AMERICA, INC.,

Defendant.

Case No. 4:22-cv-03460-DMR

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

## I. INTRODUCTION

In its latest effort to evade accountability, Defendant Barilla America, Inc. has filed a motion for leave to file a motion for reconsideration to challenge the Court's well-reasoned order granting Plaintiffs' motion for class certification (ECF 78). *See generally* Mot. for Leave to File Mot. Recon, ECF 80. Defendant's motion is procedurally and substantively flawed. Defendant improperly repeats arguments in violation of Civil L.R. 7-9(c) that this Court has already considered and rejected in its order on class certification. Even if the Court overlooks this procedural violation, Defendant's regurgitated arguments substantively fail because: (1) *McGinity* does not present an obstacle for class certification, (2) Plaintiffs provided adequate evidence of a material misrepresentation, and (3) common issues predominate over individualized inquiries. Defendant's motion should be denied in its entirety.

## II. DEFENDANT'S REPETITIVE ARGUMENTS VIOLATE CIVIL L.R. 7-9

Civil Local Rule 7-9 specifies the requirements and procedure for filing a motion for reconsideration. Notably, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil L.R. 7-9(a). To obtain leave, the moving party must meet one of three criteria outlined in Civil L.R. 7-9(b). Defendant's motion relies on the third criterion, Civil L.R. 7-9(b)(3), which requires showing: "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Defendant fails to meet this standard, as the Court thoroughly considered all material facts and legal arguments before issuing its well-reasoned order on class certification (ECF 78).

Moreover, a motion for leave to file a motion for reconsideration must comply with Civil L.R. 7-9(c), which prohibits the repetition of arguments "made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Defendant's motion violates this rule, constituting sanctionable conduct as set forth in Civil L.R. 7-9(c) ("Any party who violates this restriction shall be subject to appropriate sanctions"). Defendant improperly repeats several arguments from its opposition to class certification in its motion for leave, including: (1) arguments based on *McGinity* (Opp. MCC, ECF 61, at 13 n.11; Mot. for Leave, ECF 80, at 3-5), (2) the claim that Plaintiffs provided "no evidence" that reliance can be proven on

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

a class-wide basis (Opp. MCC, ECF 61, at 19; Mot. for Leave, ECF 80, at 4), and (3) the assertion that individualized inquiries predominate (Opp. MCC, ECF 61, at 18-20; Mot. for Leave, ECF 80, at 7-8).

Defendant's repetitive arguments are precisely the type of conduct that Civil L.R. 7-9(b)(3) aims to prevent. As noted in *AAT Bioquest, Inc. v. Texas Fluorescence Lab'ys, Inc.*, "[t]he court already considered the facts and legal arguments now reargued by [Defendant]" and has not "provided a proper basis for reconsideration of its unsuccessful . . . argument." No. 14-CV-03909-DMR, 2016 WL 8229028, at *1 (N.D. Cal. Jan. 5, 2016) (Ryu, J.). Furthermore, Defendant's "failure to comply with Civil Local Rule 7-9 constitutes grounds for denying their motion." *Hestia Educ. Grp., LLC v. King*, No. 15-CV-01463-DMR, 2016 WL 1323079, at *2 (N.D. Cal. Apr. 5, 2016) (Ryu, J.).

## III. <u>DEFENDANT'S ARGUMENTS FOR RECONSIDERATION FAIL</u>

If the Court overlooks the procedural violations in Defendant's motion, the motion still fails substantively for the following reasons:

First, Defendant grossly misrepresents the significance of *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023) in its opposition to class certification. While Defendant now clings onto *McGinity* as if it were a cornerstone of its argument, Defendant only referred to it in a single footnote of its entire 25-page opposition. *See* Opp. Mot. Class. Cert, ECF 61, at 13 n.11. This brief mention did not present a developed argument regarding *McGinity*'s application or its purported impact on class certification. Also, by only including its *McGinity* argument in a footnote, Defendant effectively waived this argument because "[a]rguments raised only in footnotes, or only on reply, are generally deemed waived." *Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014). Thus, Defendant's insistence that the Court must further consider *McGinity* is unsupported. The Court cannot have manifestly failed to consider an argument that was not properly presented in the first place.

Even if the Court were to further consider *McGinity*, it would not alter the Court's conclusion on class certification. In its order, the Court specifically found that the issue of reliance is capable of class-wide proof, stating: "Barilla's merits-based arguments do not undermine Plaintiffs'

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

showing that common evidence can be used to demonstrate consumer deception." Order Granting Class Cert., ECF 78, at 12. This finding is entirely consistent with Ninth Circuit precedent on class certification in consumer cases, which recognizes that reliance can often be proven through common evidence such as uniform misrepresentations and consumer surveys. *See, e.g.*, *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 612 (N.D. Cal. 2018). Thus, even if the Court found that *McGinity* might affect the availability of a presumption of class-wide reliance (it does not), Plaintiffs have still met their burden of showing that reliance is capable of class-wide proof through other means. For instance, Plaintiffs' expert, Dr. Dennis, conducted a consumer perception survey that found 57% of respondents were deceived by the "ITALY'S #1 Brand of Pasta" claim. *See* Order Granting Class Cert., ECF 78, at 11. The Court explicitly relied on this survey evidence in finding that common questions predominate. *Id.* This empirical data showing that a majority of consumers were misled provides a strong basis for finding common proof of reliance, regardless of any presumption.

Second, Defendant's assertion that Plaintiffs purportedly failed to provide "any evidence that reliance can be addressed on a class-wide basis" is directly contradicted by the Court's findings. Mot. for Leave to File Mot. Recon, ECF 80, at 3. The Court has already rejected this argument, determining that Plaintiffs' evidence, including survey results, meets the threshold for demonstrating material misrepresentation. Defendant's claim that the survey results indicate ambiguity is unconvincing. Dr. Dennis's survey clearly indicates that a majority of consumers interpreted the "ITALY'S #1 Brand of Pasta" representation as implying an Italian origin, despite contrary information on the packaging. *See* Pltfs Reply ISO MCC, ECF 65, at 5, 8 (detailing how Dr. Dennis's survey results support Plaintiffs' theory of deception). As the Court concluded, "Plaintiffs have demonstrated that the common question of likelihood of deception is capable of class-wide resolution." Order Granting Class Cert., ECF 78, at 12.

Third, Defendant's argument that individual issues of reliance preclude class certification fundamentally misinterprets the standard for predominance under Rule 23(b)(3). The Court's order clearly shows that Plaintiffs successfully demonstrated that common questions of law and fact predominate over individual issues. Specifically, the Court found that Plaintiffs presented evidence

indicating "that the questions of likelihood of deception and materiality can be resolved with common proof." Order Granting Class Cert., ECF 78, at 17-18. Additionally, the Court noted that "'courts routinely find that common questions predominate over individual ones as to' misrepresentation claims." *Id.* (citing *Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777 YGR, 2023 WL 2364736, at *18; *Schneider v. Chipotle Mexican Grill, Inc.*, 328 F.R.D. 520, 539-40 (N.D. Cal. 2018)). Defendant's attempt to reargue this settled point ignores both the Court's reasoned analysis and the weight of legal authority.

Fourth, Defendant's motion is an improper attempt to reargue its case while disregarding the Court's detailed class certification analysis. The Court carefully considered all presented evidence and arguments—including those now reiterated by Defendant. In fact, Defendant frequently acknowledges in its motion that its arguments are like those "*Barilla detailed in its opposition*." Mot. Recon, ECF 80, at 2, 4, 6. Such rehashing of previously rejected arguments does not meet the high standard for reconsideration; it merely showcases Defendant's disagreement with the Court's class certification order.

Lastly, Defendant improperly conflates a motion for leave with a motion for reconsideration by including extensive substantive argument in what should be a procedural motion. Defendant repeats its veiled criticisms of Plaintiffs' experts' reports, argues the merits of its own expert's opinions, and reiterates arguments about individualized issues predominating. Opp. MCC, ECF 61, at 5-6, 11, 18; Mot. for Leave to File Mot. Recon, ECF 80, at 6-8. These arguments were already thoroughly addressed and rejected by the Court in its original order. Order Granting Class Cert., ECF 78, at 17-18 ("Where, as here, plaintiffs have shown that the questions of likelihood of deception and materiality can be resolved with common proof, 'courts routinely find that common questions predominate over individual ones as to' misrepresentation claims."). Defendant's arguments fail here as they did in its opposition to class certification. If the Court finds that Defendant's Motion for Leave is proper under the Civil Local Rules and grants Defendant's Motion for Leave, then Plaintiffs will prepare an opposition that fully addresses Defendant's arguments for reconsideration.

///

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's request for leave to file a motion for reconsideration of the Court's order granting Plaintiffs' motion for class certification.

Date: June 25, 2024

**CLARKSON LAW FIRM, P.C.**

By: *<u>/s/ Alan Gudino</u>*
Ryan J. Clarkson, Esq.
Bahar Sodaify, Esq.
Kelsey J. Elling, Esq.
Alan Gudino, Esq.

*Attorneys for Plaintiffs*