UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 22-cv-03460-DMR<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 67, 73 |

Plaintiffs filed administrative motions to file under seal portions of their motion to exclude Defendant Barilla America, Inc.'s expert, Robin Cantor. Plaintiffs explain that the materials contain information designated by Defendant as confidential. [Docket Nos. 67, 73.] Defendant failed to file responsive statements and/or declarations as required by Civil Local Rules 79-5(f)(3) and 79-5(c)(1) establishing that the information is sealable. Nevertheless, the court gave Defendant the opportunity to respond to the sealing motions by August 5, 2024. [Docket No. 93.]

Defendant filed a responsive statement in which it asks the court to seal references to its "financial data and proprietary consumer research and marketing strategy" in Plaintiffs' briefs in support of the motion to exclude and supporting evidence. [Docket No. 96 at 3.] It argues that compelling reasons support sealing this information because public disclosure of the information could cause competitive harm. *Id*. at 2-3; *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). With the exception of the Cantor Deposition Transcript (discussed below), the information Defendant seeks to seal discusses Cantor's background and experience, as well as her method of analysis in this case; it does not include financial data or consumer research and marketing strategy. Accordingly, the motions to seal are denied as to the submissions filed at Docket Nos. 67-2, 67-3, 67-5, and 73-2.

With respect to the Cantor Deposition Transcript (Docket No. 67-4), Defendant asks the

1  court to grant the motion to seal the entire 290-page transcript as well as the index thereto.  Under
2  Local Rule 79-5(a), "[a] party must explore all reasonable alternatives to filing documents under
3  seal . . . and avoid wherever possible sealing entire documents (as opposed to merely redacting the
4  truly sensitive information in a document)."  *See also* L.R. 79-5(c)(3) (a motion to seal must
5  include "a proposed order that is narrowly tailored to seal only the sealable material").  Defendant
6  does not attempt to limit sealing to "only the sealable material" in the transcript and does not
7  explain why the entire transcript should be sealed.  Accordingly, the motion to seal as to the
8  Cantor Deposition Transcript is denied without prejudice to Defendant submitting proposed
9  redactions that are "narrowly tailored to seal only the sealable material" therein.  Any proposed
10 redactions must be filed by no later than August 15, 2024.  This is Defendant's third and final
11 opportunity to justify sealing.

**IT IS SO ORDERED.**

Dated: August 9, 2024



Donna M. Ryu
Chief Magistrate Judge
Judge Donna M. Ryu

2