UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 22-cv-03460-DMR<br><br>**ORDER ON MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 80 |

Plaintiffs Matthew Sinatro and Jessica Prost filed this putative class action against Defendant Barilla America, Inc. ("Barilla") alleging false, misleading, and deceptive marketing practices with respect to the labeling of Barilla-brand pastas. The court granted Plaintiffs' motion for class certification on May 28, 2024. Barilla now moves for leave to file a motion for reconsideration of the order granting class certification. [Docket No. 80.] The motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

## I.  BACKGROUND

Plaintiffs filed this action in June 2022. They allege that "[i]n an effort to increase profits and to obtain an unfair competitive advantage . . . [Barilla] falsely and misleadingly labels certain of its Barilla® brand pastas as 'ITALY'S #1 BRAND OF PASTA®,' deliberately leading reasonable consumers, including Plaintiffs, to believe that the Products are made in Italy" from ingredients "sourced in Italy," even though the products are not made in Italy and are not manufactured from Italian ingredients. [See Docket No. 11 (First Am. Compl., "FAC") ¶¶ 2, 3, 22.] Plaintiffs assert five claims under state law regarding Barilla's packaging containing the

1  "Challenged Representation" for over 50 Barilla-brand pastas. *See id*. at ¶ 4.[1]

2  Plaintiffs moved for class certification. Barilla opposed. [Docket No. 61 (Opp'n).] In relevant part, Barilla argued that "individualized issues predominate because there is no common evidence that Barilla's Challenged Representation has a common or uniform meaning and deceived reasonable consumers." *Id*. at 11. The court rejected Barilla's individualized issues argument, finding that Barilla's merits-based challenges to Plaintiffs' consumer deception evidence "do not undermine Plaintiffs' showing that common evidence can be used to demonstrate consumer deception." *Sinatro v. Barilla Am., Inc.*, No. 22-CV-03460-DMR, 2024 WL 2750018, at *7 (N.D. Cal. May 28, 2024). The court certified the following class under Federal Rule of Civil Procedure 23(b)(3):

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products, containing the Challenged Representation on the Products' front packaging, for purposes other than resale.

*Id.* at *5, 12.

Barilla now moves pursuant to Civil Local Rule 7-9 for leave to file a motion for reconsideration.[2]

## II.  DISCUSSION

Civil Local Rule 7-9 governs motions for leave to file a motion for reconsideration. That rule provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." A party seeking leave to file a motion for reconsideration must "show reasonable diligence in bringing the motion" and one of the following

---

[1] The "Challenged Representation" is the statement "Italy's #1 Brand of Pasta®" as it appears between the green, white, and red colors of Italy's flag. *See Sinatro v. Barilla Am., Inc.*, No. 22-CV-03460-DMR, 2024 WL 2750018, at *1 n.1 (N.D. Cal. May 28, 2024).

[2] The parties fully briefed this motion in violation of Local Rule 7-9(d), which provides that "[u]nless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider."

1  three grounds: (1) a material difference in fact or law exists from that which was presented to the
2  court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not
3  know at the time of the order for which reconsideration is sought; (2) the emergence of new
4  material facts or a change of law; or (3) a manifest failure by the court to consider material facts or
5  dispositive legal arguments presented before such order.  Civ. L.R. 7-9(b)(1)-(3).  The moving
6  party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-
7  9(c).  "Motions for reconsideration are generally disfavored, and are not the place for parties to
8  make new arguments not raised in their original briefs."  *Whalen v. Ford Motor Co.*, No. 13-CV-
9  03072-EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018) (citing *Northwest Acceptance*
10  *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).

11  As an initial matter, Barilla's motion largely rehashes previous arguments regarding the
12  sufficiency of Plaintiffs' evidence supporting class certification in violation of Local Rule 7-9(c).
13  *See* Mot. 4-7.  This alone is grounds for denying the motion.  The motion also fails on the merits.
14  Barilla argues that reconsideration of the May 28, 2024 order granting Plaintiffs' class certification
15  motion is warranted because the court failed to consider its dispositive legal arguments; namely,
16  the impact of *McGinity v. Procter & Gamble Co*., 69 F.4th 1093 (9th Cir. 2023), on whether
17  Plaintiffs are entitled to a presumption of class-wide reliance, "a critical aspect of the
18  predominance analysis."  Mot. 3.

19  In their motion for class certification, Plaintiffs argued that with respect to Rule 23(a)'s
20  commonality requirement, the question of "whether the Challenged Representation 'is false,
21  misleading, or deceptive' will resolve 'in one stroke' an issue that is central to the claims that the
22  Products were falsely and unlawfully labeled under California's consumer protection laws."
23  *Sinatro*, 2024 WL 2750018, at *6.  The court discussed the reasonable consumer standard that
24  governs claims under the False Advertising Law ("FAL"), California Business & Professions
25  Code section 17500 et seq., and the fraudulent prong of the Unfair Competition Law ("UCL"),
26  California Business & Professions Code section 17200 et seq., citing authority that "the reasonable
27  consumer standard requires a probability that a significant portion of the general consuming public
28  or of targeted consumers, acting reasonably in the circumstances, could be misled."  *Id*. (quoting

3

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). The court also noted that "[a] plaintiff suing under [the FAL and UCL] 'need not show actual falsity of the alleged misrepresentations or reliance by the plaintiff,'" and that this principle is "important in the class certification context, because 'concerns about [individual] reliance and causation' that a defendant may raise at the class certification stage do not defeat class certification where the members of the proposed class were exposed to the same allegedly misleading representations and there is evidence that it is probable that a significant portion of the viewing public could be misled by the alleged misrepresentations.'" *Id*. (quoting *Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777 YGR, 2023 WL 2364736, at *9 (N.D. Cal. Feb. 24, 2023) (citations omitted)).

Plaintiffs submitted evidence supporting their claim that consumers have a common understanding of the Challenged Representation in the form of survey evidence by their expert, J. Michael Dennis, Ph.D. Dr. Dennis conducted a consumer perception survey "to determine whether and to what extent the Challenged Representation causes reasonable consumers 'to perceive that the Products were made in Italy—meaning, the Products were made from ingredients sourced solely from Italy.'" *Id*. at *7. "Of the nearly 600 individuals surveyed, 57% of respondents 'perceived the Challenged Representation to mean that the Product's ingredients are solely sourced from Italy,'" while "32.3% of respondents did not perceive the Challenged Representation to have this meaning and 10.7% did not have an opinion." *Id*. Barilla challenged this survey as "unreliable" and "fatal[ly] flaw[ed]." Opp'n 12. Barilla also cited its own expert's survey, arguing that "there is no commonly understood definition" of the Challenged Representation among reasonable consumers and asserting, "the meaning of the Challenged Representation is not subject to class-wide proof . . . [t]he need for an individualized inquiry into consumers' understanding of the Challenged Representation precludes a finding a [sic] predominance." *Id*. at 12-13.

In relevant part, the court rejected Barilla's "individualized issues" argument, finding that Barilla's challenge to Dr. Dennis's survey went "to the weight to be accorded to [his] survey results and opinions when determining the merits of [Plaintiffs'] claims at trial" and holding that "Barilla's merits-based arguments do not undermine Plaintiffs' showing that common evidence

1  can be used to demonstrate consumer deception." *Sinatro*, 2024 WL 2750018, at *7. The court
2  then turned to Plaintiffs' Consumers Legal Remedies Act ("CLRA"), California Civil Code
3  section 1750 et seq. and breach of warranty claims, citing authority that "under the CLRA,
4  causation, on a classwide basis, may be established by materiality. If the trial court finds that
5  material misrepresentations have been made to the entire class, an inference of reliance arises as to
6  the class." *Id*. (quoting *Lytle v. Nutramax Lab'ys, Inc*., 99 F.4th 557, 580 (9th Cir. 2024)). The
7  court discussed Plaintiffs' evidence of materiality, including Plaintiffs' declarations and Barilla's
8  marketing campaign, and concluded that "the question of materiality of the Challenged
9  Representation may be demonstrated by common proof." *Id*. at *8.

10  Barilla argues that "[t]he Ninth Circuit's decision in *McGinity*—a case cited by Barilla but
11  not addressed in the Court's Order—makes clear that [Dr. Dennis's survey] results are not
12  sufficient to give rise to a presumption of class-wide reliance." Mot. 4. According to Barilla,
13  "Plaintiffs' survey evidence at best shows that the Challenged Representation was ambiguous,"
14  and that under *McGinity*, "the Court '*must* consider what additional information other than the
15  front label was available to consumers' and its impact on the presumption of reliance and,
16  consequently, the predominance inquiry under Fed. R. Civ. P. 23(b)(3)." *Id*. at 4-5 (emphasis in
17  original) (quoting *McGinity*, 69 F.4th at 1098). According to Barilla, "*McGinity* dictates that no
18  reasonable consumer . . . would be misled by the Challenged Representation," and as a result,
19  "Plaintiffs are not entitled to a presumption of class-wide reliance because they have not provided
20  *any* evidence of a material misrepresentation." *Id*. at 5 (emphasis in original).

21  In *McGinity*, the Ninth Circuit held that "the front label [of a product] must be
22  unambiguously deceptive for a defendant to be precluded from insisting that the back label be
23  considered together with the front label" in ruling on a motion to dismiss. 69 F.4th at 1098. The
24  Ninth Circuit later explained in *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778, 780 (9th
25  Cir. 2024), that under *McGinity*, "a product's back label may be considered at the pleadings stage
26  if the front label is ambiguous" and that "a plaintiff must *plausibly allege* that the front label
27  would be unambiguously deceptive to an ordinary consumer, such that the consumer would feel
28  no need to look at the back label." (emphasis in original). The court further held that "a front label

5

is not ambiguous simply because it is susceptible to two possible meanings; a front label is ambiguous when reasonable consumers would necessarily require more information before reasonably concluding that the label is making a particular representation." *Whiteside*, 108 F.4th at 781.

Barilla's motion lacks merit. Barilla has not identified a manifest failure by the court to consider dispositive legal arguments, namely because its argument regarding the significance of *McGinity* was confined to a single footnote in its 25-page opposition. In that footnote, Barilla asserted only that unspecified evidence "underscores the conclusion that, at worst, the Challenged Statement is ambiguous and as such a reasonable consumer would consult the rest of the packaging to clarify that ambiguity," citing *McGinity*. *See* Opp'n 13 n.11. It did not analyze or develop this bare-bones argument in any meaningful way. Nor did it explain the impact of *McGinity*, which did not address Rule 23 requirements, on class certification. The court is not required to analyze arguments that the parties fail to develop. The instant motion is simply an improper attempt to make the arguments that Barilla should have presented with its original opposition to the motion for class certification but inexplicably did not. *See Whalen*, 2018 WL 6069812, at *1 (reconsideration motions "are not the place for parties to make new arguments not raised in their original briefs); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). Barilla cannot use a motion for reconsideration to get a "second bite" at something it could and should have put before the court in the first instance. The narrow grounds for reconsideration promote fair and efficient use of party and court resources. Given Barilla's failure to show "[a] manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court before" the May 28, 2024 order, the motion for leave to file a motion for reconsideration is denied.

//

//

### III. CONCLUSION

For the foregoing reasons, Barilla's motion for leave to file a motion for reconsideration of the May 28, 2024 order is denied.

**IT IS SO ORDERED.**

Dated: August 29, 2024



Donna M. Ryu
Chief Magistrate Judge