**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
Alan Gudino (SBN 326738)
agudino@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

**FOLEY & LARDNER LLP**
Erik Swanholt (SBN 198042)
eswanholt@foley.com
John J. Atallah (SBN 294116)
jatallah@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 972-4614
Fax: (213) 972-4757

Kelsey C. Boehm (admitted *pro hac vice*)
kboehm@foley.com
1144 15th Street, Suite 2200
Denver, CO 80202
Tel: (720) 437-2013
Fax: (720) 437-2200

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 4:22-cv-03460-DMR<br>Complaint Filed: June 11, 2022<br>FAC Filed: July 20, 2022<br><br>*Assigned for all purposes to Hon. Donna M. Ryu*<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER AS TO NOTICE OF PENDENCY OF CLASS ACTION** |

WHEREAS, on May 28, 2024, the Court entered an Order (ECF No. 78) certifying the above-captioned action (the "**Action**") to proceed as a class action on behalf of a class consisting of: residents of California who purchased the Barilla® brand pastas, which include the following product lines (*Classic Blue Box*, *Collezione Artisanal*, *Gluten Free*, *Veggie*, and *Whole Grain*) containing the Challenged Representation "Italy's #1 Brand of Pasta" (the "**Products**") from Defendant Barilla America, Inc. ("**Defendant**") in the State of California, for personal use and not for resale, between June 11, 2018 through the present (collectively, the "**Class**" and individually, a "**Class Member**" or "**Class Members**"). Excluded from the Class are: (1) Defendant's officers, directors, and employees, and any individual who received remunerations from Defendant in connection with that individual's use or endorsement of the Products; (2) any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff.

WHEREAS, the Parties have met and conferred and have agreed to request that the Court, pursuant to Federal Rule of Civil Procedure 23(b)(3), enter an Order approving the proposed form and content of the proposed Notice of Pendency of Class Action ("**Notice**") and the proposed Summary Notice of Pendency of Class Action ("**Summary Notice**," and collectively, the "**Notices**"), submitted herewith as **Exhibits A** and **B**, respectively, to be disseminated to the Class, as well as the proposed method for dissemination of these notices;

WHEREAS, the Class Representatives represent that the Notices are consistent with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) because (1) the proposed Summary Notice states in clear, concise and plain language: (a) the nature of the action; (b) the definition of the certified Class; (c) the claims and issues of the Class; (d) a Class Member's right to enter an appearance by an attorney; (e) a Class Member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) the binding effect of a judgment on Class Members (*See* Fed. R. Civ. P. 23(c)(2)(B)); (2) the Summary Notice provides abbreviated information concerning, among other things, the pendency of the Action, the definition of the Class, the binding effect of a judgment, how to request exclusion, and how to obtain more information about the Action and the Parties; and (3) the Notices explains the right of Class Members to seek exclusion from the Class, as well as the procedure for requesting exclusion, which must be mailed to the Administrator

within forty-five (45) calendar days from the date the Notice is effectuated (i.e., fifty-five (55) days from the Court's order approving the proposed notice plan ("**Court's Order**")). The proposed notice plan is attached hereto as **Exhibit C.**

The Parties propose the following timeline with respect to the Notice:

| Effectuation of Notice ("Notice Date") | 10 days from the date of the Court's Order approving the proposed notice plan ("Court's Order") |
|---|---|
| Opt-Out/Exclusion Request Deadline | 45 days from the Notice Date |
| Status of the Notice Report/Declaration | 15 business days from the Opt Out deadline |

WHEREAS, the Class Representatives represent that the proposed methods of disseminating the Notices satisfy the standards of due process, which does not require "actual notice," *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017), but rather "notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig. v. Toyota Motor Corp.*, 736 F. App'x 639, 640 (9th Cir. 2018) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**Digital Campaign:**

WHEREAS, the Class Administrator will implement a digital and social media campaign to disseminate the Notices through multiple channels, including the Google Display Network (GDN), social media platforms such as Facebook and Instagram, and a press release. The Administrator will utilize geo-targeting to focus on adults 18 years and older residing in California and will refine the audience using demographic, behavioral, contextual, and interest-based targeting strategies to identify individuals likely to be Class Members. Ads will be placed on websites frequently visited by the target audience and will be integrated into social media feeds. This campaign will produce an estimated total of 18,000,000 impressions. The Administrator will publish a national press release through PR Web, which will be distributed to various media outlets, including newspapers,

magazines, national wire services, television, radio, and online media. The Administrator estimates a total combined reach of approximately 70-95% of the target audience;

**Website:**

WHEREAS, the Administrator will post the long-form Notice on the website agreed to by the Parties, www.BarillaClassAction.com.

The Administrator will create and maintain the website for the litigation.

The Website will reflect the Notice and will provide the relevant, updated information regarding litigation (including trial date), and documents (including the operative complaint, order certifying the class, the relevant Court Orders which will be issued in this matter, as they are entered). Any other information posted to the website shall be agreed upon by the Parties or approved by the Court;

WHEREAS, similar digital campaigns to effectuate notice have been found by numerous courts overseeing class actions to be the "best notice . . . practicable under the circumstances" and should be approved. Fed. R. Civ. P. 23(c)(2)(B); *see, e.g.*, *In re Google Location Hist. Litig.*, 2024 U.S. Dist. LEXIS 81673, at *16 (N.D. Cal. May 3, 2024) (affirming district court's approval of similar digital notice procedures as "the best practicable notice" under the circumstances);

WHEREAS, Plaintiffs selected Apex Class Action LLC ("**Apex**" or "**Administrator**") as the Administrator, which was chosen after a competitive bidding process. Apex is a highly reputable class administration company, with a track record of administering successful notice programs in class actions. The declaration on behalf of Apex concerning the proposed Notice of Pendency is attached hereto.

WHEREAS, based on California sales of the Products, the Parties estimate that the class target audience is approximately 6,000,000 households.[1]

**IT IS HEREBY STIPULATED AND AGREED** by the Parties, and the Parties hereby jointly request that the Court order as follows:

---

[1] The class size may be higher or lower than 6,000,000 households, but, for purposes of ensuring proper notice to the class, this is the set target audience.

1. The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) as they, collectively, clearly and concisely state in plain and easily understood language all of the following: (a) the nature of the Action; (b) the definition of the certified Class; (c) the class claims and issues; (d) a Class Member's right to enter an appearance through an attorney if the Class Member so desires; (e) a Class Member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) and the binding effect of a judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3).

2. Apex Class Action LLC be appointed as the Administrator.

3. The Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the notice program in accordance with the terms of the proposed Order.

4. The Administrator shall cause the Summary Notice, substantially in the form attached hereto as **Exhibit B**, to be made available through the digital campaign not later than ten (10) days from the Court's Order to potential Class Members.

5. The Administrator shall implement a digital and social media campaign to disseminate the Notices through multiple channels, including the Google Display Network (GDN), social media platforms such as Facebook and Instagram, and a press release. The Administrator will utilize geo-targeting to focus on adults 18 years and older residing in California and will refine the audience using demographic, behavioral, contextual, and interest-based targeting strategies to identify individuals likely to be Class Members. Ads will be placed on websites frequently visited by the target audience and will be integrated into social media feeds. This campaign will produce an estimated total of 18,000,000 impressions. The Administrator will publish a national press release through PR Web, which will be distributed to various media outlets, including newspapers, magazines, national wire services, television, radio, and online media. The Administrator estimates a total combined reach of approximately 70-95% of the target audience.

6. The Administrator shall cause a copy of the Notice of Pendency, substantially in the form attached hereto as **Exhibit A**, to be posted on the website established for this Action, from which

Class Members may download copies of the Notice, among other documents. The Administrator shall provide copies of the Notice to Class Members upon reasonable request.

7. The Administrator will post the long-form Notice on the website www.BarillaClassAction.com, created and maintained for the litigation and email the Notice upon request and the website for the litigation will also post information about the case (including trial data), including the operative complaint, order certifying the class, and future relevant Court Orders issued in this case.

8. Class Members shall be bound by all determinations, orders, and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to request exclusion shall mail the request in written form by first class mail, postmarked no later than forty-five (45) calendar days after the Notice Date, to the address designated in the Notices. The request for exclusion shall meet the following criteria:

   a. State the name, current address, telephone number, and email address of the person requesting exclusion;

   b. Express clear and unambiguous request to be excluded from this action: "I request exclusion from the Class in *Sinatro, et al. v. Barilla America, Inc.*, Case No. 4:22-cv-03460-DMR (N.D. Cal.);"

   c. Must contain the personal signature of the class member seeking to be excluded (a lawyer's signature is not permitted);

   d. Must be individualized: seek request to be excluded only on behalf of the Settlement Class Member and not someone else/others, unless the class member is a minor, and a request needs to be signed by a parent of a minor.

The request for exclusion shall not be effective unless it provides the required information and is made within forty-five (45) days after the Notice has been effectuated.

9. Within fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class.

10. The proposed Order, if granted, may be modified by the Court upon motion by any Party, for good cause shown.

11. Plaintiffs will cover the costs of the Notice and Administration.

NOW, THEREFORE, the Parties stipulate and respectfully jointly request that the Court grant the Proposed Notice to the Certified Class.

DATED: June 13, 2025              **CLARKSON LAW FIRM, P.C.**

                                  By: */s/ Bahar Sodaify*
                                      Ryan J. Clarkson
                                      Bahar Sodaify
                                      Alan Gudino

                                      *Attorneys for Plaintiffs*

DATED: June 13, 2025              **FOLEY & LARDNER**

                                  By: */s/ Kelsey C. Boehm*
                                      Erik K. Swanholt
                                      John J. Atallah
                                      Kelsey C. Boehm

                                      *Attorneys for Defendant*

# [PROPOSED] ORDER

Upon review of the Parties' stipulation regarding Class Notice and the appointment of a Notice Administrator, IT IS HEREBY ORDERED that:

1. Plaintiffs effectuate the proposed Notice program no later than ten (10) days from the date of this Order;

2. The Court appoints Apex as Notice Administrator, based on its qualifications and experience;

3. The Court approves the following URL: www.BarillaClassAction.com.

4. Class Members may exclude themselves from the action, and shall have forty-five (45) days from the date of mailing of the Notice to do so;

5. The request for exclusion shall meet the following criteria:

    a. State the name, current address, telephone number, and email address of the person requesting exclusion;

    b. Express clear and unambiguous request to be excluded from this action: "I request exclusion from the Class in *Sinatro, et al. v. Barilla America, Inc.*, Case No. 4:22-cv-03460-DMR (N.D. Cal.);"

    c. Must contain the personal signature of the class member seeking to be excluded (a lawyer's signature is not permitted);

    d. Must be individualized: seek request to be excluded only on behalf of the Settlement Class Member and not someone else/others, unless the class member is a minor, and a request needs to be signed by a parent of a minor.

6. The content of the Summary Notice and the Notice of Pendency shall be the same as the proposed Summary Notice and Notice of Pendency attached hereto as Exhibits A and B.

7. The Court [does/does not] find that the proposed notice plan, including Exhibits A and B, satisfies Rule 23, meets procedural and substantive due process requirements, and [does/does not] constitute the best notice practicable under the circumstances.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated:_____, 2025

_____
The Honorable Donna M. Ryu
United States Chief Magistrate Judge

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 13, 2025                             By: */s/ Bahar Sodaify*
                                                          Bahar Sodaify

                                                          *Attorneys for Plaintiffs*