**FAEGRE DRINKER BIDDLE & REATH LLP**
David A. Belcher (SBN 330166)
*david.belcher@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Kevin P. Wagner (*Pro Hac Vice*)
*kevin.wagner@faegredrinker.com*
Aaron D. Van Oort (*Pro Hac Vice*)
*aaron.vanoort@faegredrinker.com*
Tyler A. Young (*Pro Hac Vice*)
*tyler.young@faegredrinker.com*
Berglind Halldorsdottir Birkland *(Pro Hac Vice)*
*berglind.birkland@faegredrinker.com*
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile:   (612) 766-1600

David J.F. Gross (SBN 290951)
*david.gross@faegredrinker.com*
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
Telephone: (480) 643-1850

Attorneys for Defendant
BARILLA AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARILLA AMERICA, INC.,<br><br>Defendant. | Case No. 4:22-cv-03460-DMR<br><br>Hon. Donna M. Ryu<br>Courtroom 4<br><br>**DEFENDANT BARILLA AMERICA, INC.'S MOTION TO STRIKE THE OPINIONS OF COLIN WEIR**<br><br>[Declaration of Aaron Van Oort and Proposed Order filed concurrently herewith]<br><br>Date:    November 13, 2025<br>Time:    1:00 p.m.<br>Place:   Courtroom 4<br><br>Action Filed:        June 11, 2022<br>Trial Date:          March 9, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 13, 2025, at 1:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Donna M. Ryu, at the United States District Court for the Northern District of California, Oakland Courthouse, in Courtroom 4, 3rd Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Barilla America, Inc. ("Barilla") will and does move the Court for an order excluding the testimony and opinions offered by Mr. Colin Weir.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Aaron Van Oort and exhibits thereto, the exhibits and evidence, and such other matters and arguments as may be presented to the Court at the time of the hearing.

Dated:  October 9, 2025              FAEGRE DRINKER BIDDLE & REATH LLP


By:  */s/ David A. Belcher*
     David A. Belcher
     Kevin P. Wagner (*Pro Hac Vice*)
     Aaron D. Van Oort (*Pro Hac Vice*)
     Tyler A. Young (*Pro Hac Vice*)
     Berglind H. Birkland (*Pro Hac Vice*)
     David J.F. Gross

Attorneys for Defendant
BARILLA AMERICA, INC.

# TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 1

INTRODUCTION ........................................................................................................................... 2

BACKGROUND ............................................................................................................................. 2

LEGAL STANDARD...................................................................................................................... 5

ARGUMENT .................................................................................................................................. 7

    I.    Mr. Weir's opinions regarding consumer preferences lack a reliable basis and should be excluded. ........................................................................................................................ 7

    II.    Mr. Weir's conjoint analysis opinions should be excluded because they are derivative of and dependent on Dr. Dennis's inadmissible opinions. ................................................... 9

    III.    Mr. Weir's damages opinion does not provide specialized knowledge that is helpful to the trier of fact. Instead, it is based on simple arithmetic, which Weir got wrong. ........... 11

CONCLUSION ............................................................................................................................. 12

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW

iii

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Estate of Barabin v. AstenJohnson, Inc.*,
   740 F.3d 457 (9th Cir. 2014)................................................................................................ 6

*Base v. FCA US LLC*,
   No. 17-CV-01532-JCS, 2019 WL 1117532 (N.D. Cal. Mar. 11, 2019) .............................. 6, 9

*Boncher v. 3M Co.*,
   No. 5:24-CV-01403-JMG, 2025 WL 511116 (E.D. Pa. Feb. 14, 2025) .................................. 6

*Cisco Sys., Inc. v. Arista Networks, Inc.*,
   2016 WL 11752975 (N.D. Cal. Nov. 16, 2016)................................................................... 10

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ................................................................................................... *passim*

*Diviero v. Uniroyal Goodrich Tire Co.*,
   114 F.3d 851 (9th Cir. 1997)................................................................................................ 6

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011)................................................................................................ 5

*Guillory v. Domtar Indus.*,
   95 F.3d 1320 (5th Cir.1996).............................................................................................. 12

*Huawei Techs. Co. v. Samsung Elecs. Co.*,
   340 F. Supp. 3d 934 (N.D. Cal. 2018) ............................................................................... 10

*Jones v. United States*,
   933 F. Supp. 894 (N.D. Cal. 1996) ...................................................................................... 6

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999)......................................................................................................... 5, 6

*Lytle v. Nutramax Labs., Inc.*,
   114 F.4th 1011 (9th Cir. 2024) ............................................................................................ 7

*McClellan v. I-Flow Corp.*,
   710 F. Supp. 2d 1092 (D. Or. 2010) .................................................................................... 5

*Moussouris v. Microsoft Corp.*,
   311 F. Supp. 3d 1223 (W.D. Wash. 2018)........................................................................... 9

*Murray v. S. Route Mar. SA*,
   870 F.3d 915 (9th Cir. 2017).............................................................................................. 5

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

iv

*Nixon-Egli Equip. Co. v. John A. Alexander Co.*,
   949 F. Supp. 1435 (C.D. Cal. 1996)................................................................................. 7

*Novoa v. GEO Grp., Inc.*,
   2020 WL 8514832 (C.D. Cal. Dec. 18, 2020) ................................................................. 8

*Powell v. Anheuser-Busch Inc.*,
   2012 WL 12953439 (C.D. Cal. Sept. 24, 2012)............................................................... 9

*In re Related Asbestos Cases*,
   543 F. Supp. 1142 (N.D. Cal. 1982) ............................................................................... 9

*Scott Lumber Co. v. United States*,
   390 F.2d 388 (9th Cir. 1968).................................................................................... 12, 13

*In re Toy Asbestos*,
   No. 19-CV-00325-HSG, 2021 WL 1111226 (N.D. Cal. Mar. 23, 2021) ......................... 9

*United States v. Bacon*,
   979 F.3d 766 (9th Cir. 2020)........................................................................................... 6

*United States v. Finley*,
   301 F.3d 1000 (9th Cir. 2002)....................................................................................... 12

*United States v. Gadson*,
   763 F.3d 1189 (9th Cir. 2014)....................................................................................... 11

*United States v. Spurlock*,
   2025 WL 1224720 (D. Nev. Apr. 25, 2025) .................................................................... 6

*United States v. Wells*,
   879 F.3d 900 (9th Cir. 2018)........................................................................................... 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   500 F. Supp. 3d 940 (N.D. Cal. 2020), *aff'd sub nom. Schell v. Volkswagen
   AG*, No. 20-17480, 2022 WL 187841 (9th Cir. Jan. 20, 2022)..................................... 11

*Waine-Golston v. Time Warner Ent.-Advance/New House P'ship*,
   No. 11CV1057-GPB RBB, 2013 WL 1285535 (S.D. Cal. Mar. 27, 2013), *aff'd
   sub nom. Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d
   1069 (9th Cir. 2016)...................................................................................................... 12

*Waymo LLC v. Uber Techs., Inc.*,
   No. C 17-00939 WHA, 2017 WL 5148390 (N.D. Cal. Nov. 6, 2017) ........................... 12

*Zhu v. Li*,
   2023 WL 1111507 (N.D. Cal. Jan. 30, 2023) .................................................................. 6

**Statutes, Rules & Regulations**

Fed. R. Evid. 702 .................................................................................................................*passim*

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE WEIR OPINIONS
CASE NO. 4:22-CV-03460-DMR

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Mr. Weir's consumer preference opinions should be excluded because they are irrelevant and based not on expertise, but on summaries of cherry-picked literature?

2.      Whether Mr. Weir's conjoint analysis opinions should be excluded because they are derivative of and dependent on Dr. Dennis's inadmissible opinions?

3.      Whether Mr. Weir's damages opinions should be excluded because it does not provide specialized knowledge and is, instead, based on simple arithmetic that contains errors?

## INTRODUCTION

This case is about the statement "Italy's #1 Brand of Pasta," which Barilla made on certain pasta products it made and sold here in the United States. As discovery has now shown, the statement is completely true. Barilla is in fact Italy's #1 Brand of Pasta. No one sells more pasta in Italy than Barilla, and no pasta brand is more popular in Italy than Barilla. Plaintiffs do not dispute this. Instead, they argue that some consumers could understand the #1 Brand statement to mean that the pasta they bought in the U.S. was made exclusively with ingredients sourced from Italy. But the statement does not make that claim. To state the obvious, "Italy's #1 Brand of Pasta" says nothing about ingredients. It instead addresses only the Barilla "Brand."

In support of their claims, Plaintiffs offer the testimony of economist Mr. Colin Weir. Mr. Weir offers three opinions that the Court should exclude under Federal Rule of Evidence 702. First, his report opines that consumers prefer pasta that is manufactured in Italy. This opinion should be excluded because (a) Mr. Weir effectively disclaimed offering it in his deposition, (b) Mr. Weir has no expertise in analyzing consumer preferences, (c) Mr. Weir collected no empirical data and followed no established methodology to support the opinion, and (d) the opinion is irrelevant to Plaintiffs' only theory of liability, which is based on the sourcing of ingredients, not the location of manufacture. In short, the opinion has no reliable basis and is not relevant to Plaintiffs' theory of liability.

Second, Mr. Weir vouches for a conjoint survey conducted by another expert, Dr. Dennis, which addressed whether Barilla's use of the #1 Brand statement generated a price premium. This opinion should be excluded because it is derivative, self-serving, and redundant.

Third, Mr. Weir does simple math to multiply Dr. Dennis's 9.9% price premium by Barilla's accused revenues (which Mr. Weir miscalculates) to produce a roughly $40 million damages figure. By Mr. Weir's own admission, this opinion turns on mere arithmetic. As this kind of basic math is well within the ken of the average juror, the opinion should be excluded.

## BACKGROUND

Plaintiffs allege that Barilla's product packaging and marketing led reasonable consumers to believe, incorrectly, that certain pasta products were made with ingredients sourced only from

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW

Italy (the "Sourcing Interpretation"). (*See, e.g.*, Dkt. 11 (First Amended Complaint) ("FAC"), at 15–16; Dkt. 52-1 ("Class Cert. Opening Br."), at 2.) This alleged deception is not based on an *express* representation about ingredient origin. Instead, it turns on an *implication* that could supposedly be drawn from Barilla's statement that it is:

**ITALY'S #1 BRAND OF PASTA** ®

To support their claim, Plaintiffs offer, among other things, expert reports from Mr. Colin Weir. Mr. Weir was tasked with assessing damages on a class-wide basis and evaluating the "economic suitability of a conjoint survey" that was "designed, implemented, and analyzed by Dr. Dennis" to measure "overpayment for the Products solely attributable to the Challenged [Statement]." (*See* Decl. of Aaron Van Oort ("Van Oort Decl.") Ex. 7, ("Weir Merits Rpt.") at ¶¶ 7–8 (Feb. 7, 2025).)[1] Along the way, Mr. Weir also opined on consumer preferences. (*See* Weir Merits Rpt. ¶¶ 12–22.)

**Consumer Preference Opinions**. Mr. Weir has no meaningful training in consumer perception or consumer preferences (*see* Weir Merits Report, Ex. 1 at 1), and does not claim to be an expert in that field (*see* Van Oort Decl. Ex. 19, ("Weir First Dep.") at 30:16–31:16). He has a BS in economics from the College of Wooster and an MBA from Northeastern University, (*see* Weir Merits Report, Ex. 1 at 1 (providing Mr. Weir's "Statement of Qualifications")), and claims to be an expert "in the areas of economics and related subfields, conjoint analysis, and damages quantification," (Weir First Dep. 30:16–31:16). Yet despite his limited expertise, his report offered opinions on "consumer preferences and market outcomes for country of origin claims made on the labels of consumer products." (Weir Merits Report at ¶ 13.) For example, after describing literature he did not write and data he did not collect, Mr. Weir claimed that "pasta products made in Italy were more favorable to consumers than pasta products not made in Italy," and that "consistently

---

[1] All referenced exhibits are attached to the supporting Omnibus Declaration of Aaron Van Oort filed concurrently herewith ("Van Oort Decl.").

across the three studies, the extent to which a food product is perceived to be Italian increases consumers' [willingness to pay] for that product." (*Id.* at ¶ 16; *see also id.* ¶ 13 ("[T]he economic literature suggests that consumers do in fact pay a premium for country of origin claims for certain products.").).)

When he was deposed, however, Mr. Weir testified that he "would not offer an opinion one way or the other as to whether consumers prefer U.S.-made pasta over Italian-made pasta." (Weir First Dep. 83:24–84:10.) He also disclaimed offering any opinion on materiality. (Weir First Dep. 34:05–08 ("I don't think I have been asked to offer such an opinion in this case.").) He further conceded that he does "not have empirical evidence that suggests one way or the other whether there would be a price premium for . . . pasta that's made in Italy versus a pasta that's made in the United States." (*Id.* at 84:11–20.)

**Conjoint Analysis Opinion**. Weir describes conjoint analyses, the ways in which conjoint analyses are used, and key examples of conjoint analyses that have been used in the food and beverage industry. (Weir Merits Report ¶¶ 23–39.) He then opines that "Dr. Dennis' conjoint survey is properly designed from an economic perspective to measure the price premium paid due solely to the presence of the Challenged Representation on the Products." (*Id.* at ¶ 45.) He also opines that Dr. Dennis's conjoint survey "is especially economically suitable given Dennis' use of market-based prices, and considerations given as to the fixed quantity of the Defendant's Products sold that are part of the Class definition." (*Id.*)

**Damages Opinion**. Weir opines that "it is possible to determine class-wide damages in this case using Defendant's own available business records, third-party records, and industry resources" together with the "conjoint analysis." (*Id.* at ¶¶ 23–24.) Weir then does simple math to calculate damages by aggregating sales data and taking that total figure, $399,064,879.50, and multiplying it by the 9.9% price premium proposed by Dr. Dennis, producing a proposed damages total of $39,507,423.07. (*Id.* at ¶¶ 74–80.) Because Mr. Weir mistakenly included sales from Products without the #1 Brand statement in his aggregate data, this damages figure is inflated by $2.04 million. (*See* Van Oort Decl. Ex. 9, ("Cantor Merits Rpt.") at ¶ 60 (May 9, 2025).) When asked about those errors in his second deposition, Mr. Weir had no response. (Weir Second Dep. 98:4–

99:5 ("I can't speak to the truth or falsity of Dr. Cantor's conclusions.").)

Barilla now moves to strike Mr. Weir's opinions as unreliable and unhelpful to the trier of fact.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, an expert may testify if the proponent of expert testimony proves, by a preponderance of the evidence, that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Courts serve as "gatekeeper[s] in determining whether to admit or exclude expert evidence." *Id.* at 592–93. To fulfill this essential role, courts must ensure that an expert's conclusions meet the "trilogy of restrictions on expert testimony: qualification, reliability and fit." *McClellan v. I-Flow Corp.*, 710 F. Supp. 2d 1092, 1099 (D. Or. 2010). Put in the affirmative, the court must ensure that an expert's opinions are "not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

District courts are to "play an active and important role as gatekeepers examining the full picture of the experts' methodology and preventing shoddy expert testimony and junk science from reaching the jury." *Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017) (citing *Daubert*, 509 U.S. at 595–97). More specifically, the "reliability" inquiry "asks whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *United States v. Wells*, 879 F.3d 900, 933–34 (9th Cir. 2018) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999), with alteration omitted). "Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs." *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (citing *Daubert*, 509 U.S. at 590).

Historically, this reliability inquiry has applied to an expert's methodology, but not his conclusions. *See Zhu v. Li*, 2023 WL 1111507, at *1 (N.D. Cal. Jan. 30, 2023) ("The focus of the court's inquiry 'must be solely on principles and methodology, not on the conclusions that they generate.'" (citing *Daubert*, 509 U.S. at 594-95)). After the 2023 amendments to Rule 702, however, courts must also assess the reliability of the expert's corresponding conclusions:

> Judicial gatekeeping is essential because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, ***jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support.***

Fed. R. Evid. 702 advisory committee's note to 2023 amendment (emphasis added); *see also Boncher v. 3M Co.*, No. 5:24-CV-01403-JMG, 2025 WL 511116, at *4 (E.D. Pa. Feb. 14, 2025) ("The recent amendment to Rule 702 also 'emphasizes a court must evaluate the reliability of an expert's conclusions drawn from his or her methodology, not just the methodology itself.'") *and United States v. Spurlock*, 2025 WL 1224720, at *3 (D. Nev. Apr. 25, 2025) (same).

Expert testimony must also be excluded if it is not relevant. The Ninth Circuit has defined "relevant" evidence as evidence that "logically advance[s] a material aspect of [a] party's case." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Kumho Tire Co.*, 526 U.S. at 150), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020). Because expert testimony "can be both powerful and quite misleading," "a federal judge should exclude scientific expert testimony under the second prong … unless he is convinced that it speaks clearly and directly to an issue in dispute in the case." *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2019 WL 1117532, at *5 (N.D. Cal. Mar. 11, 2019) (quoting *Jones v. United States*, 933 F. Supp. 894, 900 (N.D. Cal. 1996) (quotations omitted)). After all, if expert testimony does not speak "clearly and directly" to an issue in dispute, there is no "fit," and the testimony should be excluded under *Daubert*'s relevance prong. *Id*. (quoting *Daubert*, 509 U.S. at 591).

Rule 702 and *Daubert* apply with full force in deciding summary judgment. *See Nixon-Egli Equip. Co. v. John A. Alexander Co.*, 949 F. Supp. 1435, 1447 (C.D. Cal. 1996) ("As the Ninth Circuit has . . . made clear, the Daubert standard can be invoked at the summary judgment stage as

well as at trial or in motions in limine."); *Daubert*, 509 U.S. at 596 (articulating Daubert standard in an appeal of grant of summary judgment).

Under Ninth Circuit law, Rule 702 and *Daubert* sometimes apply with full force in connection with class certification and sometimes apply in limited fashion. In the posture of Barilla's motion to decertify, coming at the close of discovery, they should apply with full force. In May 2024, when the Court certified a class, it applied a lesser *Daubert* standard and acknowledged that *Daubert* would apply more completely at a later stage. (*See* Dkt. 78 ("Class Cert. Order") at 5 (explaining that courts do not apply full *Daubert* standard at Rule 23 stage); *id.* at 19 (acknowledging that Barilla may challenge and seek to exclude opinions once proposed analysis is performed).) Later that same year, the Ninth Circuit recognized that "[t]he manner and extent to which the *Daubert* framework applies at the class certification stage is an unsettled question" and sought to provide some clarity. *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1030 (9th Cir. 2024) (collecting cases). The Ninth Circuit reasoned that "whether a 'full' or 'limited' *Daubert* analysis should be applied may depend on the timing of the class certification decision" and offered an example: "If discovery has closed and an expert's analysis is complete and her tests fully executed," "there may be no reason for a district court to delay its assessment of ultimate admissibility at trial." *Id.* at 1031. Here, discovery is closed, and expert models have been "fully developed." *Id*. Thus, the full *Daubert* standard should be applied in connection with both summary judgment and Barilla's motion to decertify the Class.[2]

## **ARGUMENT**

### I.    **Mr. Weir's opinions regarding consumer preferences lack a reliable basis and should be excluded.**

Mr. Weir is an economist who claims to be offering a damages opinion. (Weir Merits Report ¶ 7.) Yet his expert report contains opinions regarding consumer preferences for Italian-made products. (*Id.* ¶¶ 12–22.) These consumer preference opinions should be excluded for four reasons.

***First***, as shown above, in his deposition Mr. Weir disclaimed offering any such expert

---

[2] To the extent *Lytle* would provide otherwise, Barilla preserves for review the position that it is wrongly decided and contrary to Fed. R. Civ. P. 23 and Fed. R. Evid. 702.

opinion. (Weir First Dep. at 83:24–84:10 (explaining that Mr. Weir "would not offer an opinion one way or the other as to whether consumers prefer U.S.-made pasta over Italian-made pasta.").) He also disclaimed offering any opinion on materiality. (*Id.* at 34:05–15 (explaining that Mr. Weir has not been asked to offer opinion on materiality).) The Court should hold Mr. Weir to these admissions and bar him from offering the consumer preference opinions set forth in his report.

***Second***, Mr. Weir does not possess the expertise necessary to offer consumer preference opinions in the first place. Admissible expert opinions require relevant expert qualifications, "whether it be 'knowledge, skill, experience, training, or education.'" *Novoa v. GEO Grp., Inc.*, 2020 WL 8514832, at *2 (C.D. Cal. Dec. 18, 2020). Mr. Weir's training is in economics, not consumer perception or preference. (*See* Weir Merits Report Ex. 1 "Statement of Qualifications.") When asked to describe his role in this case, Mr. Weir said that he offered "expertise in the areas of economics and related subfields, conjoint analysis, and damages quantification." (Weir First Dep. 30:16–31:16.) He does not have specialized knowledge, training, or education regarding consumer preferences, and he should thus not be allowed to opine on that subject.

***Third***, reflecting his lack of qualifications, Mr. Weir did not use any reliable, testable methodology to produce his consumer preference opinions. He freely admits that he did not assess whether "consumers prefer USA-made pasta over Italian-made pasta." (Weir First Dep. at 14:06–14.) He likewise concedes that he has "no empirical evidence that suggests one way or the other whether there would be a price premium for [] pasta that's made in Italy versus a pasta that's made in the United States." (*Id.* at 83:24–84:20.) So where did his consumer-preference opinions come from? He cherry-picked some academic articles and a handful of studies. (*Compare* Weir Merits Report at ¶¶ 12–22 (opining that "pasta products made in Italy were more favorable to consumers than pasta products not made in Italy") *with* Cantor Merits Rpt. ¶¶ 44–47 (criticizing the articles Weir relied on for his consumer-preference opinions).) Other studies demonstrate that American consumers "clearly prefer[] and choose[] American pasta," (*see* Van Oort Decl. Ex. 25, Cembalo et al., *Beyond Agropiracy: The Case of Italian Pasta in the United States Retail Market* at BAI-CA_00009930-BAI-CA_00009941), and "base their purchasing decisions on price," (*see* Van Oort Decl. Ex. 26, Curran, J. (2023), *Dry Pasta Production in the US* at CANTOR_00000270–

CANTOR_00000314). Weir ignored those studies and did not consider them.

A limited, selective article review, like the one that Weir conducted, is not "helpful" to the trier of fact. *In re Toy Asbestos*, No. 19-CV-00325-HSG, 2021 WL 1111226, at *3 (N.D. Cal. Mar. 23, 2021) ("That a person is well-read on a specific topic does not necessarily qualify her as an expert."); *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1149 (N.D. Cal. 1982) (precluding witness from testifying as expert regarding compilation of articles about the hazards of asbestos); *see also Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1244 (W.D. Wash. 2018) ("Opinions that are derived from erroneous or incomplete data are appropriately excluded."); *Powell v. Anheuser-Busch Inc.*, 2012 WL 12953439 (C.D. Cal. Sept. 24, 2012) (excluding expert opinions that relied on evidence that did not "provide a complete picture of the relevant events.").

***Finally***, Mr. Weir's consumer preference opinions address only whether consumers prefer products that are *made* in Italy, not products from Italian ingredients. (*See* Weir Merits Rpt. ¶¶ 12–22.) As shown in Barilla's Motion for Summary Judgment, Plaintiffs have abandoned any claim that the #1 Brand statement misleads consumers into believing the pastas are manufactured in Italy; the sole theory Plaintiffs are pursuing is that the #1 Brand statement misleads consumers into believing the pastas are made exclusively from Italian ingredients. Thus, Mr. Weir's consumer preference opinions should also be excluded because they do not "fit" Plaintiffs' legal theory. *Base*, 2019 WL 1117532, at *5 (expert testimony must speak "clearly and directly to an issue in dispute in the case").

Because Mr. Weir disclaimed any opinion on consumer preferences, has no expertise on that subject, performed no methodology to arrive at his opinions, and opined on issues that do not fit Plaintiffs' liability theory, his consumer preference opinions should be excluded.

**II.    Mr. Weir's conjoint analysis opinions should be excluded because they are derivative of and dependent on Dr. Dennis's inadmissible opinions.**

Mr. Weir's opinions regarding the conjoint survey conducted by Dr. Dennis are also inadmissible.

At the outset, Mr. Weir's opinion should be excluded because it is "needlessly cumulative [and] simply bolsters" Dr. Dennis's opinion. *Huawei Techs. Co. v. Samsung Elecs. Co.*, 340 F.

Supp. 3d 934, 994 (N.D. Cal. 2018) (internal citations omitted). Mr. Weir generally describes the underlying methodology of Dr. Dennis's conjoint survey and concludes that "[a]fter reviewing the Dennis Report, the methodology underlying Dennis' conjoint survey, and the documentary evidence relied upon by Dennis and incorporated into the survey design, it is my opinion that Dr. Dennis's conjoint survey is properly designed from an economic perspective to measure the price premium[.]" (Weir Merits Rpt. ¶ 45.) This adds no original value and is a transparent attempt to bolster Dr. Dennis's credibility and opinions. *See Huawei Techs*., 340 F. Supp. 3d at 993–94 (striking paragraphs from expert report that added nothing but cumulative bolstering of another expert's opinions); *see also Cisco Sys., Inc. v. Arista Networks, Inc*., 2016 WL 11752975, at *5 (N.D. Cal. Nov. 16, 2016) (excluding expert because it is "cumulative and improper" for an expert to "merely parrot back" the opinion of another expert in the case). It is for this Court, not another expert, to determine whether Dr. Dennis's opinions are reliable. *See Daubert*, 509 U.S. at 589. The portion of Mr. Weir's testimony related to the reliability of Dr. Dennis's conjoint analysis should, therefore, be excluded. (*See* Weir Merits Rpt. ¶¶ 25–71.)

Mr. Weir's conjoint analysis opinions should also be excluded because they are unreliable. Mr. Weir simply adopts Dr. Dennis's opinions wholesale, so his opinions suffer the same flaws. Barilla addresses in detail the disqualifying flaws in Dr. Dennis's opinion in its separate Motion to Strike. Two of those flaws warrant emphasizing here.

First, Mr. Weir's price-premium damages opinions flow from a conjoint analysis that did not isolate the value of the Sourcing Interpretation at the core of Plaintiffs' case. As explained in Barilla's Motion to Strike the Opinions of Dr. Dennis, the #1 Brand statement is subject to multiple interpretations, including the true claims that Barilla is the #1 selling and most popular brand of pasta in Italy. Yet Dr. Dennis and Mr. Weir made no effort to limit their claimed damages to the value of the Sourcing Interpretation, which is the only one Plaintiffs challenge. This mismatch renders Dr. Dennis's opinions and Mr. Weir's opinions both unhelpful and unreliable.

Second, Mr. Weir's opinions rely on a conjoint analysis that did not account for how the supply of Barilla's pasta would change in the face of decreased demand. Dr. Dennis (and derivatively Mr. Weir) considered how *demand* factors (consumer willingness to pay) for Barilla's

pasta would change if the #1 Brand statement were removed, but he never considered how *supply* factors (Barilla's willingness to supply) would change if demand went down. Without any foundation, he assumed that Barilla would insist on selling the same amount of pasta no matter how much the demand or price dropped. This is economically irrational and factually baseless. (*See* Cantor Merits Rpt. ¶ 54; *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 500 F. Supp. 3d 940, 949 (N.D. Cal. 2020), *aff'd sub nom. Schell v. Volkswagen AG*, No. 20-17480, 2022 WL 187841 (9th Cir. Jan. 20, 2022) (excluding conjoint analysis for failing to account for supply-side factors).) Price premium opinions are regularly excluded for failing to account for potential reduced supply, and the same outcome is required here. (*See* Barilla's Motion to Strike the Opinions of Dr. Dennis at Arg.II.)

**III.     Mr. Weir's damages opinion does not provide specialized knowledge that is helpful to the trier of fact. Instead, it is based on simple arithmetic, which Weir got wrong.**

Under Rule 702, expert opinions must be based on an expert's "scientific, technical, or other specialized knowledge" and serve to "help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. Courts must be vigilant in excluding opinions that fall short of this bar; otherwise, expert witnesses may receive "unmerited credibility" for lay testimony because their words are "likely to carry special weight with the jury." *United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014).

By his own admission, Mr. Weir performs only simple multiplication ("% Price Premium Factor: Claim x $Units Sold = Damages") to calculate damages based on Dr. Dennis's price premium. (Weir Merits Rpt. ¶ 78.) Specifically, Weir takes the 9.9% price premium, multiplies it by the dollar amount of Barilla's product sales for the relevant period, and presents the resulting figure as classwide damages.

As courts in this district have recognized, "[s]traightforward application of grade-school arithmetic to uncomplicated numbers is well within the ken of the average juror." *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017). For that reason, expert opinions that "simply adopt the opinions of others and perform grade-school arithmetic" are not based on expert knowledge and should be excluded under Rule 702. *Id*. By that

standard, Mr. Weir's damages opinion should be excluded. It simply "adopts" the price premium proposed by Dr. Dennis and multiplies that percentage by the aggregate sales amount. "It cannot be said that [Weir's] analysis consists of a subject matter 'beyond the common knowledge of the average man.'" *See United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002); *Waine-Golston v. Time Warner Ent.-Advance/New House P'ship*, No. 11CV1057-GPB RBB, 2013 WL 1285535, at *10 (S.D. Cal. Mar. 27, 2013), *aff'd sub nom. Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069 (9th Cir. 2016).

Moreover, Mr. Weir also managed to get the math wrong. When he added up the sales data, he failed to subtract all the sales of products from which Barilla had removed the #1 Brand statement. Mr. Weir said he had done this subtraction. (Weir Merits Report ¶ 73.) But in fact he did not do so correctly. As Dr. Cantor explained, Mr. Weir "inconsistently included sales of certain products after the Label removal date." (*See* Cantor Merits Rpt. ¶ 60.) This error spanned five products and accounted for a $20.6 million overstatement in Weir's aggregate sales figure, which, in turn, inflated damage by $2.04 million. (*Id*.)

"[E]xpert opinion based on incorrect data is not admissible." *See Guillory v. Domtar Indus.*, 95 F.3d 1320, 1331 (5th Cir.1996) ("[A]n opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant."). "For an expert to base his opinion on facts as the expert chooses to interpret the facts is one thing. But for an expert to base his opinion on erroneous facts is something else." *Scott Lumber Co. v. United States*, 390 F.2d 388, 399 (9th Cir. 1968). Where an expert bases his opinion on erroneous facts—the "opinion not only becomes quite questionable as to its value, but if the assumed facts are so basic to the opinion . . . may become entirely valueless[.]" *Id*.

Just so here. Mr. Weir's "expert" price-premium damages opinions already suffer from many failings. The additional numbers error is another reason to exclude them.

## CONCLUSION

For an expert's opinions to survive *Daubert* scrutiny, the opinions need to be based on specialized knowledge, be reliable, and be helpful. Mr. Weir's opinions fail on all counts. His consumer preference opinions are unhelpful and unreliable, and he lacks the expertise to offer them.

His conjoint analysis opinions are self-serving and redundant. And his damages opinions are cumulative, rely on Dr. Dennis's inadmissible price-premium opinions, and perform only grade school math that is within the ken of the average juror. His opinions should therefore be excluded under *Daubert*.

Dated:  October 9, 2025                              FAEGRE DRINKER BIDDLE & REATH LLP


                                                     By:   */s/ David A. Belcher*
                                                           David A. Belcher
                                                           Kevin P. Wagner (*Pro Hac Vice*)
                                                           Aaron D. Van Oort (*Pro Hac Vice*)
                                                           Tyler A. Young (*Pro Hac Vice*)
                                                           Berglind H. Birkland (*Pro Hac Vice*)
                                                           David J.F. Gross

                                                     Attorneys for Defendant
                                                     BARILLA AMERICA, INC.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

13

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David A Belcher
David A. Belcher

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

14

DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE WEIR OPINIONS
CASE No. 4:22-CV-03460-DMR