**FAEGRE DRINKER BIDDLE & REATH LLP**
David A. Belcher (SBN 330166)
*david.belcher@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Kevin P. Wagner (Pro Hac Vice)
*kevin.wagner@faegredrinker.com*
Aaron D. Van Oort (Pro Hac Vice)
*aaron.vanoort@faegredrinker.com*
Tyler A. Young (Pro Hac Vice)
*tyler.young@faegredrinker.com*
Berglind Halldorsdottir Birkland *(*Pro Hac Vice)
*berglind.birkland@faegredrinker.com*
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

David J.F. Gross (SBN 290951)
*david.gross@faegredrinker.com*
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
Telephone: (480) 643-1850

Attorneys for Defendant
BARILLA AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO and JESSICA PROST, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BARILLA AMERICA, INC.,<br><br>　　　　　　　Defendant. | Case No. 4:22-cv-03460-ASK<br><br>Hon. Ajay Krishnan<br>Courtroom TBD<br><br>**DEFENDANT BARILLA AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE OPINIONS OF COLIN WEIR**<br><br>Date:  March 26, 2026<br>Time: 1:00 p.m.<br>Place: TBD |

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    Mr. Weir has no consumer preference opinions and should not be permitted to assert otherwise ........................................................................................................................ 2

    II.   Mr. Weir's conjoint analysis opinion should be excluded as both dependent on an inadmissible survey and redundant. ................................................................................ 5

    III.  Mr. Weir's damages opinion should be excluded because it does not provide specialized knowledge that is helpful to the trier of fact. ............................................ 6

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Banks v. R.C. Bigelow, Inc.*,
   No. 20-cv-06208 DDP, 2023 WL 4932894 (C.D. Cal. July 31, 2023).......................................... 4

*Bradley v. Armstrong Rubber Co.*,
   130 F.3d 168 (5th Cir. 1997) .................................................................................................... 8

*Cadena v. Am. Honda Motor Co., Inc.*,
   No. CV-18-04007-MWF, 2025 WL 3483436 (C.D. Cal. Dec. 3, 2025)................................... 4

*Cisco Sys., Inc. v. Arista Networks, Inc.*,
   No. 14-cv-05344-BLF, 2016 WL 11752975 (N.D. Cal. Nov. 16, 2016) .................................. 6

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)........................................................................................................*passim*

*De Saracho v. Custom Food Mach., Inc.*,
   206 F.3d 874 (9th Cir. 2000)................................................................................................... 7

*Ghorley v. Baxter Healthcare Corp.*,
   No. 1:17-cv-3091-TCB, 2019 WL 13240522 (N.D. Ga. Sept. 10, 2019) ................................ 3

*Huawei Techs. Co. v. Samsung Elecs. Co.*,
   340 F. Supp. 3d 934 (N.D. Cal. 2018) ..................................................................................... 6

*Jenkins v. Cnty. of Riverside*,
   398 F.3d 1093 (9th Cir. 2005).................................................................................................. 3

*Johnson v. Nissan N. Am., Inc.*,
   No. 3:17-cv-00517-WHO, 2022 WL 2869528 (N.D. Cal. July 21, 2022) ............................... 5

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
   713 F. Supp. 3d 660 (N.D. Cal. 2024) .................................................................................. 5, 6

*Moussouris v. Microsoft Corp.*,
   311 F. Supp. 3d 1223 (W.D. Wash. 2018) ............................................................................... 4

*Nimely v. City of New York*,
   414 F.3d 381 (2d Cir. 2005)..................................................................................................... 4

*Novalk, LLC v. Kinsale Ins. Co.*,
   3:21-cv-01014-BEN-RBB, 2021 WL 4134741 (S.D. Cal. Sept. 10, 2021) .............................. 3

*Pac. Dawn LLC v. Pritzker*,
   831 F.3d 1166 (9th Cir. 2016).................................................................................................. 3

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

iii

*Powell v. Anheuser-Busch Inc.*,
   2012 WL 12953439 (C.D. Cal. Sept. 24, 2012) ................................................................. 4

*Prescod v. Celsius Holdings, Inc.*,
   No. 19STCV09321, 2021 WL 5234499 (Cal. Super. Ct. Aug. 2, 2021) .................................. 5

*In re Related Asbestos Cases*,
   543 F. Supp. 1142 (N.D. Cal. 1982) .................................................................................. 4

*Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*,
   No. 2:15-CV-512-WCB, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ................................. 4

*Surgical Instrument Serv. Co., Inc. v. Intuitive Surgical, Inc.*,
   No. 21-cv-03496-AMO, 2024 WL 1975456 (N.D. Cal. Mar. 31, 2024) ................................. 2

*In re Toy Asbestos*,
   No. 19-CV-00325-HSG, 2021 WL 1111226 (N.D. Cal. Mar. 23, 2021) ................................. 4

*United States v. Finley*,
   301 F.3d 1000 (9th Cir. 2002) .......................................................................................... 7

*United States v. Gadson*,
   763 F.3d 1189 (9th Cir. 2014) .......................................................................................... 6

*Waine-Golston v. Time Warner Ent.-Advance/Newhouse P'ship*,
   No. 11CV1057-GPB (RBB), 2013 WL 1285535 (S.D. Cal. Mar. 27, 2013),
   *aff'd sub nom. Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821
   F.3d 1069 (9th Cir. 2016) ................................................................................................. 7

*Waymo LLC v. Uber Techs., Inc.*,
   No. C 17-00939 WHA, 2017 WL 5148390 (N.D. Cal. Nov. 6, 2017) ................................... 6

*Wolff v. Tomahawk Mfg.*,
   No. 3:21-cv-880-SI, 2025 WL 1513705 (D. Or. May 28, 2025) ........................................... 7

**Statutes, Rules & Regulations**

F.R.E. 702 ............................................................................................................. 4, 8

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

## INTRODUCTION

Plaintiffs' opposition brief (ECF 166 ("Weir Opp.")) makes a series of express and implicit concessions that confirm that Mr. Weir's opinions should be excluded.

*First*, Plaintiffs admit that Mr. Weir "does not purport to offer a materiality opinion," (Weir Opp. at 2) and that he was "not [retained] to assess consumer preferences." (*Id.* at 6.) Barilla's motion to exclude Mr. Weir's consumer preference opinions should therefore be granted.

*Second*, Plaintiffs concede that Mr. Weir's conjoint analysis opinions are entirely derivative of Dr. Dennis's opinions. (*Id.* at 2 (Mr. Weir "relies on the conjoint survey conducted by survey expert Dr. Michael Dennis.")) As such, Mr. Weir's opinions should be excluded for the same reasons described in the motion to strike Dr. Dennis's opinions. Specifically, Dr. Dennis's conjoint survey improperly measured the entire value of the challenged statement "Italy's #1 Brand of Pasta" (the "#1 Brand statement") and failed to isolate the value of Plaintiffs' misreading of the statement: *i.e.*, that the pasta's ingredients are sourced exclusively from Italy (the "Sourcing Interpretation"). Dr. Dennis (and thus Mr. Weir) also failed to account for supply side factors when determining a "but-for" price (or price premium).

Independently, Mr. Weir's conjoint opinions should be excluded as both redundant and unreliable. As Plaintiffs acknowledge, Dr. Dennis is the primary author of the conjoint analysis at issue. (*Id.*) Plaintiffs hope to position Mr. Weir as providing "an independent economic assessment of the conjoint survey," (*id.* at 4) thereby bolstering Dr. Dennis's opinions. But Mr. Weir is incapable of providing an "independent" assessment because, as Plaintiffs admit, he "helped shape the survey." (*Id.* at 11.)

*Third*, Plaintiffs admit that Mr. Weir's core damages opinion is just simple math. Mr. Weir takes the price premium and multiplies it by the number of accused products using the "formula: '% Price Premium Factor x Units Sold = Damages.'" (*Id.* at 5.) The jury can do this grade school math on their own, a fact Plaintiffs do not dispute. They argue that Mr. Weir also totaled up the relevant California sales. But this too is simple arithmetic. Expert testimony is unnecessary.

Plaintiffs do not dispute that the full *Daubert* standard should be applied. (*Compare* ECF 153 ("Mem.") at 5–7 (arguing for *Daubert*'s full force) *with* Weir Opp. at 6 (conceding the

applicability of the full *Daubert* standard by failing to respond).) Applying *Daubert* to the critical failures in Mr. Weir's opinions can produce only one result: exclusion.

## ARGUMENT

### I.    Mr. Weir has no consumer preference opinions and should not be permitted to assert otherwise.

As Barilla demonstrated in its opening brief, Mr. Weir's consumer preference opinions should be excluded because (1) he disclaimed any consumer preference opinions in deposition, (2) he lacks expertise on consumer preferences, (3) he did not use any reliable, testable methodology, and (4) his opinions address only whether consumers prefer products *made* in Italy, not products made from Italian ingredients. (Mem. at 7–9.) Plaintiffs explicitly concede virtually all of this.

Plaintiffs concede that Mr. Weir is no expert in consumer preferences. (Weir Opp. at 6 ("Plaintiffs retained Mr. Weir not to assess consumer preferences."); *id.* at 2 (Mr. Weir "does not present himself as a consumer psychologist").) They admit that Mr. Weir "is not offering any opinion on whether consumers prefer U.S.-made versus Italian-made pasta, nor is he offering an opinion on materiality." (*Id.* at 7; *see also id.* at 2 ("Mr. Weir does not purport to offer a materiality opinion.").) "His report likewise does not state that all or most consumers value Italian origin in any particular way." (*Id.* at 7.) The Court should take Plaintiffs at their word and exclude any opinion from Mr. Weir that consumers prefer Italian pasta or Italian ingredients. He lacks both the expertise and any reliable methodology to offer such an opinion. *Surgical Instrument Serv. Co., Inc. v. Intuitive Surgical, Inc.*, No. 21-cv-03496-AMO, 2024 WL 1975456, at *1 (N.D. Cal. Mar. 31, 2024) ("[C]ourts routinely exclude expert testimony where the expert's opinion is not within the scope of his expertise.").

Despite admitting all of this, Plaintiffs seek to have Mr. Weir testify about a handful of articles on consumer preferences for Italian-made products under the guise of "evaluat[ing] whether Barilla's Italian Origin Representation functioned as a product attribute capable of influencing market outcomes." (*Id.* at 4; *see also id.* at 7 ("[H]e cites country of origin literature to illustrate that origin claims can affect willingness to pay and price for some consumers, which is sufficient to justify treating the Italian Origin Representation as an economically relevant product

attribute.").) This argument fails on multiple levels.

*First*, summary judgment should be granted on Plaintiffs' manufactured-in-Italy theory because Plaintiffs failed to develop evidence to support it. (ECF 150 (Defendant's Notice of Motion and Motion for Summary Judgment) at 9–10).) Plaintiffs do not dispute that the articles Mr. Weir cited addressed consumer preference for products *made* in Italy, not products from Italian ingredients.[1] (*Compare* Mem. at 9 *with* Weir Opp. at 7–11.) Once Plaintiffs' manufactured-in-Italy claims are dismissed, Mr. Weir's consumer preference opinions cease to be even arguably relevant.

*Second*, none of the articles Mr. Weir discusses says anything about Barilla or the #1 Brand statement. *Cf. Ghorley v. Baxter Healthcare Corp.*, No. 1:17-cv-3091-TCB, 2019 WL 13240522, at *6 (N.D. Ga. Sept. 10, 2019) ("It simply makes no sense for an expert to base his opinions upon a document that does not apply to the product at issue."). This too is undisputed. What Plaintiffs should have done, but failed to do, is analyze whether consumers are willing to pay more for Barilla's pastas if they understand the #1 Brand statement to mean the ingredients used to make that product came from Italy. The Court should not permit Mr. Weir to attempt to fill this gap by editorializing about irrelevant articles.

*Third*, Mr. Weir failed to use any discernible, testable methodology in selecting the articles he discussed. Plaintiffs do not respond to Barilla's argument on this point (*Compare* Mem. at 8–9 *with* Weir Opp. at 7–11), and the issue is thus waived. *See Novalk, LLC v. Kinsale Ins. Co.*, 3:21-cv-01014-BEN-RBB, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021) ("[W]here the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived."); *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (same); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (same).

---

[1] Plaintiffs argue that they have "consistently alleged that Barilla's Italian Origin Representation misleads consumers into believing the Products are authentic Italian pasta made in Italy from Italian ingredients." (Weir Opp. at 8.) But as Barilla demonstrated in its summary judgment briefing, what matters at summary judgment is evidence, not allegations, and Plaintiffs failed to produce evidence to support their manufactured-in-Italy claims. (*See* ECF 150 at 9–10.)

Courts regularly exclude opinions that are based on nothing other than a haphazard collection of articles. *E.g.*, *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 1319553, at *3 (E.D. Tex. Apr. 10, 2017) (explaining that "denominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions in the case and then testify as to their contents"); *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1149 (N.D. Cal. 1982) (precluding witness from testifying as expert regarding compilation of articles about the hazards of asbestos); *Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1244 (W.D. Wash. 2018) ("Opinions that are derived from erroneous or incomplete data are appropriately excluded."); *Nimely v. City of New York*, 414 F.3d 381, 396–97 (2d Cir. 2005) ("[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.") (quotation omitted). Such exclusion is appropriate because selective article review is not helpful to the trier of fact. *See In re Toy Asbestos*, No. 19-CV-00325-HSG, 2021 WL 1111226, at *3 (N.D. Cal. Mar. 23, 2021). Indeed, just as the experts in *Moussouris*, 311 F. Supp. 3d at 1244–45 and *Powell v. Anheuser-Busch Inc.*, 2012 WL 12953439, at *6–7 (C.D. Cal. Sept. 24, 2012), Mr. Weir has merely "extrapolate[d] from a narrow or unrepresentative subset" of literature and relied on "isolated document[s]." (Weir Opp. at 10.)

Plaintiffs' efforts to distinguish Barilla's cases only serve to prove the point. Just like the challenged experts in *In re Toy Asbestos*, 2021 WL 1111226, at *2–3, and *In re Related Asbestos Cases*, 543 F. Supp. at 1149, Mr. Weir is trying to act as a "conduit[] for literature" by "summariz[ing] and relay[ing] articles," (Weir Opp. at 9) that reach far beyond his own expertise. (*See, e.g.*, ECF 54-3 (Declaration of Colin B. Weir) ¶ 16.)

Plaintiffs' other cases do not support a different conclusion. Indeed, most are plainly inapposite because they do not address Mr. Weir's efforts to offer opinions on consumer preferences. (*See, e.g.*, Weir Opp. at 9 (citing *Cadena v. Am. Honda Motor Co., Inc.*, No. CV-18-04007-MWF (MAAx), 2025 WL 3483436, at *13 (C.D. Cal. Dec. 3, 2025) (admitting Mr. Weir's conjoint analysis opinions but making no mention of ancillary consumer preference or product attribute opinions); *Banks v. R.C. Bigelow, Inc.*, No. 20-cv-06208 DDP (RAOx), 2023 WL

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

4932894, at *7–9 (C.D. Cal. July 31, 2023) (same); *Johnson v. Nissan N. Am., Inc.*, No. 3:17-cv-00517-WHO, 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022) (same)).) Others are irrelevant because they do not address the criticisms Barilla has raised here about methodology and fit. (*See, e.g.*, Weir Opp. at 9 (citing *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 713 F. Supp. 3d 660, 670 (N.D. Cal. 2024) (permitting testimony on market research and product attribute opinions that were not subject to criticisms about methodology or fit); *Prescod v. Celsius Holdings, Inc.*, No. 19STCV09321, 2021 WL 5234499, at *20, *24 (Cal. Super. Ct. Aug. 2, 2021) (same)).) None of Plaintiffs' cases suggests an expert can offer an opinion on an irrelevant subject on which he has no expertise, based on a limited review of articles selected through no methodology. (*See* Weir Opp. at 9 (citing cases).)

Because Mr. Weir disclaimed any opinion on consumer preferences, has no expertise on that subject, and followed no methodology to arrive at a consumer preference opinion, his consumer preference opinions should be excluded.

## II.    Mr. Weir's conjoint analysis opinion should be excluded as both dependent on an inadmissible survey and redundant.

Mr. Weir's opinions regarding Dr. Dennis's conjoint survey are inadmissible for two reasons: (1) they are unreliable for the same reasons Dr. Dennis's opinions are unreliable, and (2) they duplicate and inappropriately attempt to bolster those opinions. (Mem. at 9–11.)

Plaintiffs concede that Mr. Weir's damages opinion "relies on the conjoint survey conducted by survey expert Dr. Michael Dennis." (Weir Opp. at 2.) Indeed, his damages analysis simply multiplies "Dr. Dennis's percentage estimate of the price difference attributable to" the #1 Brand statement by the number of accused units sold. (*Id.* at 5.) This confirms that, if Dr. Dennis's conjoint survey analysis is excluded, Mr. Weir's derivative opinions should also be excluded. Plaintiffs do not dispute that Dr. Dennis's and Mr. Weir's conjoint opinions will rise or fall together. (*See id.* at 11–14.) Thus, Mr. Weir's conjoint analysis opinions are unreliable for the reasons set forth in Barilla's motion to strike the opinions of Dr. Dennis. (*See* Dennis Reply, Args. I & II.)

Independently, Mr. Weir should not be permitted to testify about Dr. Dennis's survey because any such testimony would add no original value and be an improper attempt to bolster Dr.

Dennis's credibility and opinions by vouching for them. *Huawei Techs. Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 993–94 (N.D. Cal. 2018) (striking paragraphs from expert report that added nothing but cumulative bolstering of another expert's opinions).(S*ee* Mem. at 9–10).

Plaintiffs respond by talking out of both sides of their mouths. They claim that Mr. Weir did not merely parrot Dr. Dennis's opinions because he participated in "shap[ing]" the conjoint analysis on the front end. (Weir Opp. at 11.) But they also assert that Mr. Weir "independent[ly]" evaluated its propriety and results on the back end. (*Id.*) This self-serving testimony adds no value and should be excluded. *See Huawei Techs.*, 340 F. Supp. 3d at 993–94 (striking paragraphs from expert report that added nothing but cumulative bolstering of another expert's opinions); *see also Cisco Sys., Inc. v. Arista Networks, Inc.*, No. 14-cv-05344-BLF, 2016 WL 11752975, at *5 (N.D. Cal. Nov. 16, 2016) (excluding expert because it is "cumulative and improper" for an expert to "merely parrot" the opinion of another expert in the case). It is for this Court, not another expert, to determine whether Dr. Dennis's opinions are reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Plaintiffs' citation to *Moore* does not show otherwise as that case did not address the self-bolstering that Plaintiffs attempt here. (*See* Weir Opp. at 11 (citing *Moore*, 713 F. Supp. 3d at 673 (addressing collaboration and "needlessly cumulative" testimony, rather than self-bolstering)).)

## III.    Mr. Weir's damages opinion should be excluded because it does not provide specialized knowledge that is helpful to the trier of fact.

Barilla demonstrated in its opening brief that Mr. Weir's damages calculation is only simple multiplication: ("% Price Premium Factor: Claim × $Units Sold = Damages"). (Mem. at 11 (quoting ECF 154-7 (Declaration of Colin B. Weir) ¶ 78).) Plaintiffs do not dispute this. (*See* Weir Opp. at 5 (describing damages calculation as "% Price Premium Factor × Units Sold = Damages.").) This opinion should thus be excluded lest it lend "unmerited credibility" to Plaintiffs' claims. *United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014) (quotation omitted); *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017) ("Straightforward application of grade-school arithmetic to uncomplicated numbers is well within the ken of the average juror.").

Plaintiffs argue that Mr. Weir also compiled and removed redundancies from sales data to determine the "Units Sold" figure that he plugged into his damages formula. (Weir Opp. at 15.) This argument fails on multiple levels.

*First*, Mr. Weir's tabulation of sales figures, like his damages calculation, is not "beyond the common knowledge of the average layman." *Waine-Golston v. Time Warner Ent.-Advance/Newhouse P'ship*, No. 11CV1057-GPB (RBB), 2013 WL 1285535, at *10 (S.D. Cal. Mar. 27, 2013), *aff'd sub nom. Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069 (9th Cir. 2016) ("As both counsel conducted the same or similar analysis as Porter, the alleged 'expert,' it cannot be said that Porter's analysis consists of a subject matter beyond the 'common knowledge of the average man.'") (quoting *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)); *see, e.g.*, *Wolff v. Tomahawk Mfg.*, No. 3:21-cv-880-SI, 2025 WL 1513705, at *5 n.4 (D. Or. May 28, 2025) ("Experts performing only basic arithmetic without any analysis, opinion, or data synthesis, however, do not provide any opinion that is helpful to the jury and are regularly excluded by courts.").

*Second*, Barilla demonstrated that Mr. Weir's "units sold" tabulation—although within the ken of ordinary jurors—nonetheless contained errors that overstated relevant sales by $20.6 million and thus inflated damages by $2.04 million. (Mem. at 12.) In response, Plaintiffs do not dispute that Mr. Weir included sales of products from which Barilla had removed the #1 Brand statement. (Weir Opp. at 16.) Instead, Plaintiffs argue that Mr. Weir did not apply a cutoff for some of those products because "Barilla never provided release dates" for them. (*Id.*) This, of course, ignores the fact that Barilla did precisely that through Dr. Cantor's report and its underlying documentation. (*See* ECF 154-9 (Rebuttal Expert Report of Robin Cantor, PH.D.) ¶ 60.) For another product, Plaintiffs appear to concede that Mr. Weir used the wrong cutoff date but argue that the error does not matter. (*See* Weir Opp. at 16 ("For the one Product that does match a provided release date, Rotini Corkscrew Regular Cut 16 oz, Mr. Weir's use of the release date was conservative …. any argument regarding inappropriate inclusion would not affect the reliability of his calculation.").) Because Mr. Weir's opinions are based on incorrect data and admittedly inconsistent methodology, they should be excluded. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 n.5 (9th

Cir. 2000) ("In other words, an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant." (quoting *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 177 (5th Cir. 1997))).

Third, Plaintiffs argue that any "inaccuracies" can be corrected through supplementation. (Weir Opp. at 17.) But Plaintiffs already supplemented Mr. Weir's report—on the last day of expert discovery—but chose not to address the errors in Mr. Weir's "units sold" tabulation. (*See* ECF 147 (Order).) Even now Plaintiffs do not ask to issue a supplemental report correcting Mr. Weir's errors.

Finally, even if Mr. Weir's tabulation of "units sold" reflected a legitimate expert opinion, his damages math does not. Barilla anticipates that the parties will stipulate to the sales volume, mooting any alleged expert work on that point. But regardless, even if Mr. Weir were needed to tabulate sales figures, he is not needed for damages. The jury can readily do the math of applying Dr. Dennis's price premium (if admitted) to the relevant sales figures. Thus, at minimum, Mr. Weir's damages opinion should be excluded.

## CONCLUSION

For an expert's opinions to survive *Daubert* and Rule 702 scrutiny, the opinions must be based on specialized knowledge, be reliable, and be helpful to the trier of fact. Mr. Weir's opinions fail on all counts. His opinions should therefore be excluded.

Dated:  February 4, 2026                    FAEGRE DRINKER BIDDLE & REATH LLP


                                            By:  */s/ David A. Belcher*
                                                 David A. Belcher
                                                 Kevin P. Wagner (Pro Hac Vice)
                                                 Aaron D. Van Oort (Pro Hac Vice)
                                                 Tyler A. Young (Pro Hac Vice)
                                                 Berglind H. Birkland (Pro Hac Vice)
                                                 David J.F. Gross

                                                 Attorneys for Defendant
                                                 BARILLA AMERICA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ David A. Belcher_
David A. Belcher